**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED

2006 MAY 25  P 2: 12

U.S. DISTRICT COURT

cv 3:06CV 476 - $\frac{m}{h}$ +

| | |
|---|---|
| ROSEMARY LEVERETT, Individually, and as Executrix of the Estate of HUGH ROBERT LEVERETT, deceased, | * <br> * <br> * <br> * |
| Plaintiff, | * <br> * |
| v. | * <br> * |
| MERCK & CO., INC., a foreign Corporation; ANNE BRANDON, an Individual; LAMONDE RUSSELL, an Individual; and fictitious defendants A, B, C & D, being those persons, firms Or Corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to Plaintiff, but will be substituted by amendment when ascertained. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## <u>DEFENDANT MERCK & CO., INC.'s  NOTICE OF REMOVAL</u>

TO:    The United States District Court for the Middle District of Alabama:

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes

this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Tallapoosa

County, Alabama, to the United States District Court for the Middle District of

Alabama, and respectfully states to this Court as follows:

## I.    PROCEDURAL BACKGROUND

1.    On January 5, 2006, Plaintiff Rosemary Leverett, individually

and as Executrix of the Estate of Hugh Robert Leverett, deceased  ("Plaintiff")

commenced a civil action against Merck, Merck employees Anne Brandon and Lamonde Russell (collectively, the "Sales Representatives"), and fictitious defendants by filing a complaint (the "Complaint") in the Circuit Court of Tallapoosa County, Alabama, bearing Civil Action No. 2006-04. In her Complaint, Plaintiff alleges that Plaintiff's deceased spouse, Hugh Robert Leverett, was caused to suffer a heart attack and die suddenly as a result of his ingestion of Vioxx. [Compl., ¶ 10]. The Complaint includes claims for strict liability (Count I), negligence (Count II), breach of express warranty (Count III), breach of implied warranty (Count IV), fraud (Count V), fraudulent misrepresentation (Count VI), wrongful death (Count VII), and loss of consortium (Count VIII). As to the Employee Defendants, the Complaint alleges that they falsely "misrepresented the safety and efficacy of its drug and concealed or understated its dangerous side effects." [Compl., ¶ 13].

2. Merck previously removed this action to federal court on or about February 9, 2006, arguing that the Sales Representatives were fraudulently joined.[1]

3. This action was remanded to state court.

4. After remand to state court, Merck was provided, by discovery from Plaintiff's counsel dated April 28, 2006, the name of the Plaintiff's prescribing physician. [*See* Discovery, **Exhibit A** hereto]. This information was not provided in the Complaint, nor disclosed to Merck prior to the April 28, 2006 discovery.

---

[1] This action was previously assigned Case No. 06cv128-MHT.

5.    Using this information, Merck thereafter investigated whether either of the named defendant Sales Representatives ever made any representations to the Plaintiff's prescribing physician, as alleged by the Plaintiff in her Complaint. This investigation showed that, contrary to the allegations in Plaintiff's Complaint, neither of the named Sales Representatives called on the Plaintiff's prescribing physician and therefore neither of the named Sales Representatives could have made misrepresentations to the Plaintiff's prescribing physician.

6.    Based on Plaintiff's disclosure of this new and previously withheld information, Merck can conclusively show that there is no basis for the allegations in Plaintiff's Complaint as asserted against the individual Sales Representatives. Therefore, these individual defendants have been fraudulently joined in this action.

## II.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441(b), because it is filed within thirty days of  disclosure by Plaintiff via discovery dated April 28, 2006 of the name of his prescribing physician, Dr. Robert Schuster of Lake Martin Family Medicine.  Merck could not have learned of the individual defendants' complete lack of connection with the claims made in the Complaint until Plaintiff disclosed the name of the prescribing physician. Therefore, the April 28, 2006 discovery constitutes "other paper" for purposes of removal. *See* 28 U.S.C. § 1446(b).

8.    The United States District Court for the Middle District of Alabama (Eastern Division) embraces the county in which the state court action is now pending.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81 & 1441(a).

9.    All of the properly joined and served defendants consent to this removal.[2]

10.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendants is attached as **Exhibit B**.  Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the State Court in which the action is currently pending.  A copy of Merck's filing in state court is attached hereto as **Exhibit C**.

## III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A.    The Amount in Controversy Requirement Is Satisfied.

11.    It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.  Since the Complaint seeks an unspecified amount of damages, Merck must only show

---

[2] 28 U.S.C. § 1441(b) does not bar removal.  It is well-settled that co-defendants who are fraudulently joined or not served need not join in the removal.  *See Getty Oil Corp. v. Ins. Co. of N. Amer.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1222 n. 3 (M.D. Ala. 1999); *Williams v. Atl. Coast Line R.R. Co.*, 294 F. Supp. 815, 816 (S.D. Ga. 1968). The individual Defendants are fraudulently joined, *see infra*, and therefore need not consent to removal.

that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) (*quoting Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

12.     In this case, Plaintiff alleges that Hugh Robert Leverett, the Husband of Plaintiff Rosemary Leverett, suffered a heart attack and died as a result of his ingestion of Vioxx over a period of 14 months. [Compl., ¶ 10]. Based on these and other allegations, the Complaint seeks unspecified compensatory and punitive damages for the injuries allegedly caused by Vioxx. [*See, e.g., id.,* pp. 14-16].

13.     Alabama juries in product liability cases routinely render verdicts in excess of $75,000 exclusive of interest and costs. *See* **Exhibit D**. Further, Alabama appellate courts have upheld verdicts in excess of $75,000 in such cases. *Id.*

14.     In circumstances similar to this case, federal courts around the country have ruled that actions alleging personal injuries caused by VIOXX® meet the amount-in-controversy threshold. *See, e.g., Morgan v. Merck & Co.*, No. 3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*, No. L-03-134, slip op. at 1 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*, Civ. No. H-02-3139, slip op. at 1 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*, No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*, No. 02-0196, slip op. at 2 n.2 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*,

Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5, 2002). These courts all were presented with complaints seeking damages for injuries caused by VIOXX®, and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

15.    Finally, when Merck previously removed this action, in Plaintiff's Motion to Remand, she did not dispute the fact that the amount in controversy requirements of 28 U.S.C. § 1332 were satisfied.

## B.        There is Complete Diversity of Citizenship.

16.    There is complete diversity as between Plaintiff and Merck, the only properly joined defendant.

17.    Plaintiff is alleged to be a resident of Tallapoosa County, Alabama. [Compl., ¶ 2].    Plaintiff does not allege any alternative state of residence. Accordingly, upon information and belief, Alabama is the state in which Plaintiff is domiciled and, therefore, the state of which Plaintiff is a citizen for purposes of determining diversity.

18.    Merck is, and was at the time this suit was commenced, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

6

19.    The Complaint includes a number of fictitious defendants, whose citizenship is ignored for removal purposes.  28 U.S.C. § 1441(a).

20.    Plaintiff names two Merck Employees as Defendants.  [Compl., ¶ 5]. However, these defendants are fraudulently joined, and, therefore, their citizenship must be ignored for removal purposes.  *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

21.    Unfortunately, the fraudulent joinder of sales representatives has become a common tactic in pharmaceutical litigation to attempt to defeat diversity and thwart defendants' right to defend claims against them in Federal Courts. Nevertheless, two separate MDL courts have found, applying Alabama law in the context of claims based on prescription medications, that plaintiffs cannot pursue claims against sales representatives and that their joinder does not defeat diversity. *See, e.g., In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D. N.Y. 2001) ("*Rezulin I*"); *In re Baycol Products Litigation*, MDL 1431, Order dated March 26, 2004, attached hereto as **Exhibit E**.  *See also Fowler v. Pharmacia & Upjohn et al.,* CV-04-PT-712-M, Order dated June 24, 2004, attached hereto as **Exhibit F** (denying motion to remand, citing *In re Rezulin* and *In re Baycol* opinions discussed herein).

22.    A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant.

*Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (recognizing that a "reasonable" basis to predict that plaintiff could prevail on the claims against an in-state defendant requires more than a "theoretical" possibility). Such a "reasonable basis" must be based on facts in evidence and cannot be "merely theoretical." *Legg v. Wyeth*, __ F.3d __, 2005 WL 2756717, at *6 and n.5 (11th Cir. Oct. 25, 2005). *See also Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *4 (M.D. Ala. Dec. 19, 2005)(discussing *Legg*). When the defendant presents affidavits that are not disputed by the plaintiff, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Legg*, 2005 WL 2756717, at *4. The Court must not, *"in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.* at *5 (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000)) (emphasis in original).

23.    Where, as here, summary judgment evidence demonstrates that the Employee Defendants had no contact with the treating physicians identified by Plaintiff, there is no reasonable basis on which Plaintiff could prevail against those individuals. *Stern v. Wyeth*, Case No. 02-80620-CIV-MARRA (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where affidavit of employee defendant demonstrated that there was no factual basis for liability); *In re Rezulin Products Liab. Litig.*, 133 F. Supp. 2d 272, 282 (S.D.N.Y. 2001) (denying motion

8

to remand where affidavit of pharmaceutical representative established that the named employee did not have contact with plaintiff or physicians).

24.    Here, the attached declarations of Anne Brandon and Lamonde Russell demonstrate that the Employee Defendants, like the employee defendants in *Stern* and *Rezulin*, have had no contact with Plaintiff or Plaintiff's physician regarding Vioxx and are, therefore, fraudulently joined. (*See* Composite **Exhibit G**).

25.    Anne Brandon and Lamonde Russell have no connection whatsoever to Plaintiff's claims.    The only medical provider identified by Plaintiff is Dr. Robert Schuster of Lake Martin Family Medicine.    As set forth in the attached declarations, the Employee Defendants never had any contact with Dr. Schuster or any physician at Lake Martin Family Medicine.    The attached declarations similarly deny any communications concerning VIOXX® between the Employee Defendants and the Plaintiff.

26.    In the face of the evidence put forth in the attached declarations, the allegations in Plaintiff's Complaint cannot defeat removal.    *See Sierminski v. Transouth Financial Corp.*, 216 F. 3d 945, 948 (11th Cir. 2000) (holding that federal court's considering propriety of removal on diversity grounds are not limited to reviewing the allegations of the complaint and affirming denial of motion to remand); *TKI Inc.*, 191 F. Supp. 2d al 1307 (relying on deposition testimony to find in-state defendants fraudulently joined); *Goins v. Merck & Co.*,

Case No. 4:03 CV-70-1 (M.D. Ga. Sept. 9, 2003) (relying on affidavits to find in-state pharmaceutical representatives fraudulently joined).

    27.    Aside from the Plaintiff's inability to present countervailing evidence, there is no reasonable basis for predicting that a state court might impose liability on the Employee Defendants because the Complaint on its face fails to state a claim against the Employee Defendants upon which relief can be granted. Most of these allegations made against these Employee Defendants are broad, collective, and conclusory claims against "the defendants" and lump each of the individual Employee Defendants together and with Merck. For example, in Count III, Plaintiff alleges that "Defendants, jointly and severally, made express representations to Hugh Robert Leverett relative to its product, VIOXX, (Rofecoxib), directly and/or through his prescribing physician." In Count V, Plaintiff alleges that "Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX (Rofecoxib) was safe and effective." None of these allegations, or any other allegations in the Complaint, specify any alleged specific, individual misconduct or tortious acts committed by the Employee Defendants. Indeed, Plaintiff seems uncertain as to whether the Employee Defendants are even responsible for the alleged fraudulent or intentional misrepresentations as shown by the Plaintiff's generalized statement that "the Defendants" made false representations without making any attempt to distinguish or specify what one Employee Defendant did or represented compared

to another. The fact that no attempt is made to distinguish or separate the alleged conduct between the Employee Defendants in this case underscores the point that they are named solely for the purpose of defeating diversity jurisdiction.

28.    Such vague, uncertain and boiler-plate assertions are not sufficient to state a factual basis for any claim against any of the Employee Defendants. *See, e.g., Tillman v. RJ Reynolds Tobacco,* 253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulently joined "where plaintiff failed to tie these defendants to the underlying allegations of the complaint"); *Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.,* 234 F. Supp. 2d 633, 637-38 (S.D. Miss. 2002) (collective, conclusory and generic allegations of wrongdoing on the part of all defendants are insufficient to show that individual defendant was not fraudulently joined) (citing *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392-93 (5th Cir. 2000)); *In re Rezulin Prods. Liab. Litig.,* 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("*Rezulin II*") (pharmaceutical representatives fraudulently joined due to general collective allegations regarding "defendants"); *Lyons v. American Tobacco Co.,* No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

29.    Furthermore, there is no reasonable basis to predict that Plaintiff will prevail on any of her claims against the Employee Defendants because Plaintiff has

not and cannot allege that the individual Employee Defendants actually personally participated in any wrongdoing. *See, e.g., Stern v. Wyeth*, No. 02-80620-CIV-MARRA, at 6 (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where plaintiff failed to allege "personal involvement" by an employee defendant in the alleged tortious conduct of the corporate defendant employer); *Kimmons*, 844 F. Supp. at 740 (defendant fraudulently joined were no allegations of personal participation were made); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *11 (M.D. Ala. Dec. 19, 2005)(discussing *In re Rezulin* and the necessity of showing personal participation by the sales representative in the alleged fraud).

30.    Plaintiff's fraud and fraudulent misrepresentation counts (Counts V and VI) are deficient because Plaintiff has not specifically alleged that the Employee Defendants, independently from Merck, made a misrepresentation to Plaintiff's decedent or his prescribing physicians.  A claim for misrepresentation and fraud requires, at a minimum, the identification of a particular misstatement by each Defendant. *See, e.g., Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *10 to *11 (M.D. Ala. Dec. 19, 2005);  *Atlantic Nat. Bank of Florida v. Vest*, 480 So. 2d 1328, 1331 (Fla. 2d DCA 1985) (holding that in order to allege a viable cause of action for negligent misrepresentation, plaintiff must allege, among other things, that there was a misrepresentation of a material fact).

31.    Plaintiff's fraud and fraudulent misrepresentation claims are also deficient because Plaintiff has failed to plead the claims with the particularity

required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b); *see also Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against defendants violated Rule 9(b) and resulted in finding of fraudulent joinder); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *10 to *11 (M.D. Ala. Dec. 19, 2005); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1512 (11th Cir. 1988); *Rezulin I*, 133 F. Supp. 2d at 183-84 (finding in-state defendants fraudulently joined due to plaintiff's failure to plead fraud claims with particularity). An order denying remand in another Vioxx® case explains why Plaintiffs' claims in this case fail. *See Hernandez v. Merck & Co., Inc., et. al*, Case No. 6:05-CV-00221-ORL-31-KRS (Order dated May 3, 2005, denying plaintiffs' motion to remand and dismissing two Merck sales representatives as defendants) (attached as **Exhibit H**). Judge Presnell of the Middle District of Florida held that the claims against the sales representatives in the *Hernandez* case were totally lacking in merit. According to the Court:

> Plaintiff has failed to allege what specific misrepresentations either Ortega or Kilkelly made to Dr. Lou or to the Plaintiff; the allegation that certain statements referred to in a warning letter to Merck were made to 'the plaintiff and/or plaintiff's prescribing physician' is clearly deficient. Nor does the Plaintiff allege who made particular misrepresentations, when and where those misrepresentations were made, or how each misrepresentation was false or misleading.

*Id.* at 10 n.12; *see also Merced-Torres v. Merck & Co., Inc.*, Case No. 6:05-CV-449-ORL-19DAB (Judge Fawsett's order denying plaintiffs' motion to remand) (*See* **Exhibit I**). Because Plaintiffs' claims against the Employee Defendants suffer from the same deficiencies as those in *Hernandez* and *Merced-Torres*, these claims must be rejected as meritless by this Court.

32.     Plaintiff's allegations in Count VI of her Complaint, although at some points naming the Employee Defendants by name, do not meet the specificity requirements of the Federal Rules of Civil Procedure, nor do they even approach the level where they would prevent this from being an obvious case of fraudulent joinder. The allegations in Count VI make reference to literature drafted by and provided by Merck, but do not state any specifics as to whom the Employee Defendants allegedly made misrepresentations, what specifically was stated or passed on, when and where such misrepresentations were allegedly made or any other details. Plaintiff attaches specimen literature and letters as exhibits to his Complaint, but does not allege that any such literature or letters were provided by the Employee Defendants to either Plaintiff's decedent or any of his physicians.

33.     Counts III and IV (breach of express and implied warranty) fail against the Employee Defendants because Alabama's adoption of the U.C.C. requires that the accused party be a "seller" to be liable for breach of warranty. *See Ala. Code* §7-2-103(1)(d) (defining "seller" as "a person who sells or contracts to sell goods"); *see also Ala. Code* §§7-2-313, 7-2-314 & 7-2-315 (both express and

implied warranty claims refer to the creation of warranties by the "seller"); *Wellcraft Marine v. Zarzour*, 577 So. 2d 414 (Ala. 1990) (noting that Alabama statutes defining the warranties of merchantability and fitness for a particular purpose both apply to the "seller"); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *7 (M.D. Ala. Dec. 19, 2005)(concluding that there can be no breach of warranty claims against a sales representative because sales representatives are not "sellers" of goods).

34.   Count VII (wrongful death) does not make any new allegations of alleged wrongful conduct, but merely makes reference to the allegations contained in the previous six counts of the Complaint. Thus, Plaintiff's allegations in this wrongful death count are deficient as to the Employee Defendants for the same reasons discussed above, *e.g.*, Plaintiff's allegations against the Employee Defendants are vague and conclusory and fail to identify any specific misconduct on the part of the Employee Defendants. *See supra* ¶¶ 21-23.

35.   Count VIII (Loss of Consortium) also fails to state a claim because it is a derivative claim that is dependent upon a separate viable claim. *See, e.g., Davis v. Wal-Mart Stores, Inc.*, 64 F.Supp.2d 1176, 1181 (M.D. Ala. 1999). Therefore, since there are no viable claims by the Plaintiff as representative of the consumer, Hugh Robert Leverett, of Vioxx against the Employee Defendants, there can be no viable loss of consortium claim against such defendants.

15

36.    In short, because there is no reasonable basis for predicting that Plaintiff could prevail on any of her claims against the Employee Defendants, their citizenship should be ignored for the purpose of determining the propriety of removal, and this Court therefore has diversity jurisdiction over this matter.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of Tallapoosa County, Alabama, bearing civil action number CV-2006-04, to this Court, pursuant to 28 U.S.C. § 1441.

DATED this 25th day of May, 2006.

_____
Alan T. Hargrove, Jr.
One of the Attorneys for Defendant,
Merck & Co., Inc.


OF COUNSEL:
Robert C. "Mike" Brock
F. Chadwick Morriss
Alan T. Hargrove, Jr.
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:  (334) 206-3100
Facsimile: (334) 263-4157

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 25th day of May 2006, as follows:

> Andy D. Birchfield, Jr., Esquire
> J. Paul Sizemore, Esquire
> Beasley, Allen, Crow, Methvin,
>      Portis & Miles, P. C.
> P. O. Box 4160
> Montgomery, Alabama 36103-4160

OF COUNSEL