## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

| | |
|---|---|
| ROSEMARY LEVERETT, Individually, and as Executrix of the Estate of HUGH ROBERT LEVERETT, deceased, <br><br> Plaintiff, <br><br> v. <br><br> MERCK & CO., INC., a foreign Corporation; ANNE BRANDON, an Individual; LAMONDE RUSSELL, an Individual; and fictitious Defendants A, B, C & D, being those persons, firms or Corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to Plaintiff, but will be substituted by amendment when ascertained, <br><br> Defendants. | CASE NO.: CV-06-0004 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT MERCK

Plaintiff, Rosemary Leverett, by and through her undersigned counsel, hereby demands that Defendant, Merck & Co., Inc., ("Merck") answer the following interrogatories within thirty (30) days in compliance with the Alabama Rules of Civil Procedure 33.

1. State the names and titles of all persons answering or participating in formulating answers to Plaintiff's First Set of Interrogatories directed to Defendant Merck

2. State the names and titles of all persons who participated in answering Plaintiff's First Request for Production of Documents to Defendant Merck, including



1

formulating responses, collecting documents, reviewing documents, determining which documents are privileged, etc.

3. Identify each employee, representative, or independent contractor of Merck who had any responsibility for sales, detailing or marketing of VIOXX® (Refocoxib) in Alabama, including their name, current address, telephone number, employer, title, geographical territory that they covered in their employment as a Detail person for VIOXX®, and dates of employment in this capacity.

4. Identify any and all Detail persons who detailed VIOXX® to Robert Schuster, M.D. or other physicians or health care providers at Lake Martin Family Medicine, stating their name, current address, telephone number, employer, title, geographical territory that they covered in their employment as a Detail person for VIOXX®, and dates of employment in this capacity.

5. Identify all dates on which the individual(s) identified in Interrogatory No. 4 above detailed VIOXX® to Robert Schuster, M.D. or any other physicians or health care providers at Lake Martin Family Medicine, and set forth the nature of each such visit or contact and the substance of such communications with the physician or physicians.

6. Please state what instructions were given to your sales representatives about providing information to physicians or responding to physician inquiries about the risks or potential risks associated with VIOXX® from the time of FDA approval of Merck's new drug application to the present, and set forth how these instructions changed, when these instructions changed and the reasons for such changes. Your response should reflect specific dates and references to documents by Bates stamped numbers, to the extent applicable.

7. Identify all documents that were provided by you to the individual(s) identified in Interrogatory No. 4, in connection with his/her/their effort(s) to detail VIOXX® to Robert Schuster, M.D. or any other physicians or health care providers at Lake Martin Family Medicine.

8. Identify any and all documents that were transmitted to you by the individual(s) identified in Interrogatory No. 4 that relate to his/her/their effort(s) to detail VIOXX® to Robert Schuster, M.D. or any other physicians or health care providers at Lake Martin Family Medicine.

9. Identify all dates on which a "Dear Doctor" and/or "Dear Healthcare Provider" letter was/were transmitted to Robert Schuster, M.D. and/or any other physician(s) or health care provider(s) at Lake Martin Family Medicine by you relating to VIOXX®.

10. Identify whether or not Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine has ever received a grant, honorarium, or any other types of funds from you or any entity with whom you are affiliated, within the past ten (10) years. If you have provided Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine with any grant, honorarium, or other types of funds, please state the amount(s) and date(s) of the grants, honorarium or other funds, and the purpose for any of the grants, honorarium or other funds.

11. Identify the name, place and date of any and all VIOXX®-related educational seminars, symposia, society meetings, association meetings, or other such functions which were in any way funded or sponsored by you or an entity which you are

affiliated, and that were attended by Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine within the past ten (10) years.

12. Identify and all publications, journal articles, scholarly writings, studies, medical articles or other documents or items that were discussed and/or transmitted by you or any entity with which you are affiliated to Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine, or Hugh Robert Leverett, deceased, and include with your response(s) the date(s) and purpose of these disseminations.

13. Identify whether samples of VIOXX® were ever provided by you and/or any detail person to Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine, including the details of:

    a. How many samples of each strength of VIOXX® and when such samples were provided;

    b. Identify the date(s) on which each strength of VIOXX® samples were provided to Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine by you and/or any Detail person.

14. Identify whether you ever received any communication and/or document, including an adverse event report to Robert Hugh Leverett, as well as the date of receipt of said information.

15. Identify whether Robert Hugh Leverett was ever a participant in any clinical study relating to VIOXX® and identify the name and dates of commencement and conclusion of said clinical study and whether Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine were a clinical investigator in said study. Also identify the names and dates of any and all clinical

4

studies relating to VIOXX® in which Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine served as a clinical investigator.

16.     For each Detail person identified in response to Interrogatory No. 4, please state whether such Detail person utilized a personal computer or laptop in connections with his/her/their detailing activities, both in general, and with respect to communications to Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine with respect to VIOXX®. Identify by name and address the current custodian of such personal computer or laptop and any data downloaded therefrom, and state whether the data relating to detailing activities has been altered or deleted since January 1, 1999, describing any such alterations or deletions, the dates thereof, and the person or persons so involved.

17.     Please identify all managerial employees and others who supervise the sales force detailing VIOXX® to physicians in the State of Alabama, including their full name, current address, title, whether such person is currently an employee of Defendant Merck, and their job responsibilities with respect to the Alabama sales force.

18.     Please identify gifts, meals, trips, or other promotional items provided to Robert Schuster, M.D. and/or any other physicians or health care providers at Lake Martin Family Medicine, including description, date given, and approximate value of such benefits.

19.     Please state whether you have sought to accumulate any prescribing history, data or information on Robert Schuster, M.D. or any other physician at Lake Martin Family Medicine. If so, state in detail the source of said information, the nature of such information, and the results of your efforts.

20. For each "Dear Doctor" or " Dear Health Care Provider" letter that you contend was *actually* sent to plaintiff's prescribing health care provider, please: a.) identify by Bates range the letter sent; b.) state, when available, the approximate date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent; d.) state the address where it was sent; e.) identify the database or documents that demonstrate these facts; and f.) identify the persons with ultimate responsibility for providing information responsive to this request.

21. Identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider during the time that VIOXX® was on the market and available for prescription. Further, identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

22. For each prescribing health care provider identified, produce the following information: a.) The identity and last known address and telephone number of each Merck representative; b.) The current relationship, if any, between Merck and the sales representative who contacted the prescribing health care provider; and c.) the dates of contact between the Merck representative(s) and the physician(s).

23. For each prescribing health care provider, please state whether Merck or its representatives ever provided him with VIOXX® samples. If the answer is "yes", please state: a.) The number or sample packets provided and the dosage provided; b.) The dates that they were shipped and/or provided; c.) The lot numbers for the samples provided on each date identified; and d.) The identity of the persons who provided the samples.

24. If you have ever retained plaintiff's prescribing health care provider, or any member of his medical practice, as a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medication (including VIOXX®, Celebrex, Bextra, or any other NSAID) or cardiovascular risk, please state: a.) The identity of the health care provider consultant; b.) The dates he was affiliated with Merck; c.) The amount of money Merck paid to the physician in expenses, honoraria and fees, per calendar year; d.) Whether consulting agreements and contracts were executed; and e.) Whether the physician has been designated by Merck as a "thought leader".

25. For plaintiff's prescribing healthcare provider, or any member in his medical practice, please state whether he/they did in fact attend any Merck-sponsored conferences or events. If your answer is "yes," please state: a.) The identity of the health care provider consultant; b.) The title, location and date of the speaker's program attended; c.) The topic of the speaker's program; and d.) the name of all speakers at the speaker's program.

26. Please state whether plaintiff's Prescribing healthcare provider has ever contacted you to request information concerning VIOXX®, its indications, its effects and/or its risks? If your answer is "yes," please identify, when available, by Bates range or attach any document with references to your communication with the Prescribing healthcare provider, and set forth in detail the dates of such contacts, the substance and nature of such contact, and the substance of your reply or response.

27. Do you have or have you had access to any database or information which purports to track the Prescribing healthcare provider's prescribing practices with respect

to VIOXX®, the number or prescriptions written, the number of refills, and the time frame when these products were prescribed or filled. If your answer is "yes", please produce or identify the database or document which captures that information, and set forth the nature, substance and summary of such information as collected.

28. Have you ever been contacted by Hugh Robert Leverett, any of his physicians, or anyone on behalf of Hugh Robert Leverett concerning him? If your answer "yes", please: a.) state the name of the person(s) who contacted you; b.) state the person(s) who were contacted including their name, address and telephone number; and c.) produce or identify any and all documents which reflect any communication between any person and you concerning the Leveretts.

29. Please state whether you advertised VIOXX® in Alabama between January 1, 1999 and September 30, 2004? If your answer is "yes", please: a.) state the identity of the Advertisement and intended media marketplace; b.) state the nature of the media (print, radio, or television); c.) state the identity of the media outlet; and d.) list the dates that said advertisements ran.

Respectfully submitted this 25th day of April, 2006.

ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ 004)
BENJAMIN L. LOCKLAR (LOC009)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 – Fax

L. LEE SIMS, P.C.
126 North Broadnax Street
Dadeville, Alabama 36853
(256) 825-9310
(256) 825-8657 – Fax

E. DAINE SHARPE, P.C.
134 N. Broadnax Street
Dadeville, Alabama 36853
(256) 825-4631
(256) 825-8825 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 28th day of April, 2006.

Alan T. Hargrove, Jr.
Mike Brock
F. Chadwick Morriss
**RUSHTON, STAKELY, JOHNSTON
   & GARRETT, P.A.**
Post Office Box 270
Montgomery, Alabama 36101-0270

_____
OF COUNSEL