IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY LEVERETT, Individually, and as Executrix of the Estate of HUGH ROBERT LEVERETT, deceased, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | 3:60-CV-476-MHT |
| MERCK & CO., INC., a foreign Corporation; ANNE BRANDON, an Individual; LAMONDE RUSSELL, an Individual; and fictitious defendants A, B, C & D, being those persons, firms Or Corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to Plaintiff, but will be substituted by amendment when ascertained. | * * * * * * * * * * * * * * | Removed from Circuit Court of Tallapoosa County, AL CV-06-04 |

### MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

#### INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re Vioxx Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 1657, the multidistrict litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all federal product liability cases involving Vioxx® (the "Vioxx product liability actions"). *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

1

Merck will shortly provide notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") of the pendency of this "tag-along" action. Merck expects a conditional transfer order to be issued shortly thereafter.

## BACKGROUND

### A. MDL-1657

On February 16, 2005, the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1657, titled, *In re VIOXX Products Liability Litigation.* The Transfer Order directed that the 148 cases that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. *In Re Vioxx Products Liability Litigation*, 360 F. Supp. 2d at 1352.[1] In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[1]. In its December 6, 2005 Order Denying Motion for Reconsideration, the Panel changed the caption of MDL-1657 to *In re Vioxx Marketing, Sales Practices and Products Liability Litigation* in order to "more accurately reflect the scope of this litigation." *See id*. at 2.

360 F. Supp. 2d at 1353-54. The MDL Panel also held that the "nearly 300 potentially related actions [then] pending in multiple federal districts . . . will be treated as potential tag-along actions." 360 F. Supp. 2d at 1353 n. 1.

There is currently a process in place for effecting the transfer to Judge Fallon's court of related Vioxx product liability actions quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel twice a week of newly-filed related actions and developments in actions still under Panel consideration. The Panel has been issuing conditional transfer orders transferring actions to Judge Fallon's court based on the information contained in these tag-along letters. Since the first Transfer Order was issued on February 16, 2005, more than 5,200 cases have been transferred to or filed directly in the MDL proceedings

### B.   The Instant Action

On or about January 5, 2006, Plaintiffs commenced this action against Merck by filing a Complaint in the Circuit Court of Tallapoosa County bearing Case Number CV-06-04. On or about January 10, 2006, Merck was served with a copy of Plaintiffs' Complaint. On May 25, 2006, Merck removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. There is no dispute that this case involves the same factual inquiries that the Panel notes were present in the Vioxx cases generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana. Specifically, it is clear from the face of the Complaint that this case, like the other Vioxx cases, focuses on the alleged increased health risks (including heart attack and stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and

consumers.  For example, Plaintiffs allege that "Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX (Rofecoxib) was safe and effective.  Defendants represented VIOXX (Rofecoxib) as safe so that the general consuming public, including Plaintiff, Felix Arrington, would rely upon said representations when purchasing said product." [Compl., ¶ 37].

Merck will shortly provide notice to the MDL Panel of this related action.  Merck expects a conditional transfer order to be issued by the MDL Panel in this action within the next few weeks.  Once the conditional transfer order is issued, Plaintiffs have fifteen days to object to transfer in accordance with R.P.J.P.M.L. 7.4(c).[2]  Assuming that Plaintiffs do not object to the transfer order within this fifteen-day period, the transfer order will be filed in Judge Fallon's court shortly thereafter and jurisdiction over the case will be transferred to Judge Fallon's Court.

---

[2] In the event Plaintiffs choose to object to transfer to MDL-1657, there is a separate procedure for filing objections to the transfer with the MDL Panel.  The issue of whether the case should be transferred would be set for the next available Panel hearing session.  Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile.  In fact, to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration.  The Panel, in three separate Transfer Orders since the inception of MDL-1657, has considered and rejected a wide range of arguments made by plaintiffs who opposed Conditional Transfer Orders No. 1, 2, 5, 6, 8 and 9 and rejected them all. (*See* June 20, 2005 Transfer Order (attached hereto as Exhibit A)) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 1 and 2); (August 11, 2005 Transfer Order (attached hereto as Exhibit B)) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 5, 6, and 9); (September 13, 2005 Transfer Order (attached hereto as Exhibit C)) (rejecting the argument of plaintiff who opposed Conditional Transfer Order No. 8); (October 21, 2005 Transfer Order (attached hereto as Exhibit D) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders 11, 14, 15, 17 and 19); December 2, 2005 Transfer Order (attached hereto as Exhibit E) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 19, 20, 21, 22, and 23); February 14, 2006 Transfer Order (attached hereto as Exhibit F)(rejecting the arguments of plaintiffs who opposed Conditional Transfer Order Nos. 24, 25, 26, 28, 29, and 30); April 11, 2006 Transfer Order (attached hereto as Exhibit G)(rejecting the arguments of plaintiffs who opposed Conditional Transfer Order Nos. 32, 33, 34, 36 and 37); April 13, 2006 Transfer Order (attached hereto as Exhibit H)(rejecting the arguments of plaintiffs who opposed Conditional Transfer Order Nos. 31 and 35).

## **ARGUMENT**

The Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to MDL-1657. The authority of a federal court to stay proceedings is well-established. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("The power to stay all proceedings is well established."). Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Federal courts throughout the country with pending Vioxx product liability actions have analyzed the above-referenced factors in determining whether a stay of proceedings pending the MDL Panel's decision as to transfer is appropriate. To date, an overwhelming majority of these courts have issued stays. *See, e.g., North v. Merck & Co., Inc.,* No. 05 Civ. 6475, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005) ("Entering a stay will . . . preserve judicial resources, one of the fundamental goals of multidistrict litigation practice."); *Beal v. Merck & Co., Inc.,* No. 05 Civ. 1344, 2005 WL 3279285, at *2 (W.D. Tenn. Dec. 1, 2005) (granting Merck's stay holding that "having the . . . issues decided in one proceeding will promote judicial economy and conserve judicial resources");*Hatch v. Merck & Co., Inc.,* No. 05 Civ. 1252, 2005 WL 2436716, at *2 (W.D. Tenn. Oct. 3, 2005) (same); *see also Euell v. Merck & Co., Inc.*, 05

Civ. 1497, 2005 WL 2348487, at * 1 (E.D. Mo. Sept. 26, 2005) ("The Court finds Defendant Merck's judicial economy argument persuasive and concludes that . . . Merck's Motion will be granted."); *Falick v. Merck & Co., Inc.*, No. 04 Civ. 3006, (E.D. La. Jan. 3, 2005), slip op. at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying proceedings will serve the interests of judicial economy."); *Gaffney v. Merck & Co., Inc,*, No. 05 Civ. 1183, 2005 WL 1700772, at *1 (W.D. Tenn. July 19, 2005) (same); *Walker v. Merck & Co., Inc.*, 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same). Judges of this district and state have granted stays in numerous other Vioxx cases. *See, e. g.*, *Cassel v. Merck & Co., Inc.,* No. 05-CV-626-D (S.D. Ala., November 17, 2005); *Hadley v. Merck & Co., Inc.,* No. 1:05-CV-469 (S.D. Ala., August 23, 2005); *James v. Merck & Co., Inc.,* No. 3:05-CV-366 (M.D. Ala., June 3, 2005; *King v. Merck & Co., Inc.,* No. 2:05-CV-165 (M.D. Ala. April 26, 2005); *Stevens v. Merck & Co., Inc.,* No. 2:05-CV-138 (M.D. Ala. February 26, 2005).

## I. **JUDICIAL ECONOMY MANDATES A STAY.**

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. § 1407(a). Where, as here, the MDL Panel has already coordinated Vioxx product liability actions before Judge Fallon in the Eastern District of Louisiana, there is no question that a stay of these proceedings will promote judicial economy. *See Euell*, 2005 WL 2348487, at * 1 ("This case involves the same factual inquiries that are present in the other hundreds of VIOXX cases . . . the Court . . . concludes that judicial economy weighs in favor of granting the requested stay."); *see also Mathern v. Wyeth*, No. 04

Civ. 2116, 2004 WL 1922028, at *1 (E.D. La. August 25, 2004); *Knearem v. Bayer Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002).

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers*, 980 F. Supp. at 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."). Granting a stay of this action pending its inevitable transfer to MDL-1657 will conserve the resources of this court and prevent duplicative discovery and pretrial management efforts. *See Board of Trustees of Teachers' Retirement System v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources."); *see also*, *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("[I]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

## II.  MERCK WILL BE PREJUDICED ABSENT A STAY.

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to Plaintiff(s) if a stay is granted. *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). There are currently over 5,200 Vioxx actions being coordinated in MDL-1657. If individual district courts allowed cases to proceed in the short

window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Fallon, Merck would face death by a thousand cuts. Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, hundreds of individual cases for the period of weeks it takes for cases that inarguably meet the §1407 transfer standard to be transferred to Judge Fallon's court. Judge Fallon has established detailed protocols to manage the litigation through the disposition motion phase. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also North,* 2005 WL 2921638, at *2 ("[T]he risk of hardship to Merck of engaging in duplicative motion practice and discovery . . . outweighs any prejudice that could potentially inure to [plaintiff]."); *Gorea*, 2005 WL 2372440, at * 1 ("[W]hereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

### III.     PLAINTIFFS WILL NOT BE PREJUDICED BY A STAY.

The potential prejudice to Plaintiffs if the action is stayed is non-existent. Plaintiffs have expended limited resources to date; this action is still in its infancy. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL. Thus, Plaintiffs will not suffer prejudice as a result of a stay**.**

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

          s/Alan T. Hargrove, Jr.
          Alan T. Hargrove, Jr.
          One of the Attorneys for Defendant,
          Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock
F. Chadwick Morriss
Alan T. Hargrove, Jr.
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 263-4157

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2006, I electronically filed the foregoing with the Clerk of the court using CM/ECF system which will send notification of such filing to the following:

    J. Paul Sizemore, Esq.
    Andy D. Birchfield, Jr., Esq.
    Benjamin Lee Locklar, Esq.
    E. Daine Sharpe, Esq.
    L. Lee Sims, Esq.
    W. Roger Smith, III, Esq.

          s/Alan T. Hargrove, Jr.
          COUNSEL