IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY LEVERETT, Individually and as Executrix of the Estate of HUGH ROBERT LEVERETT, deceased, | * * * * | |
| Plaintiff, | * | |
| v. | * * | |
| MERCK & CO., Inc.; a foreign Corporation; ANNE BRANDON, an Individual; LAMONDE RUSSELL, an Individual; and fictitious defendants A, B, C, & D, being those persons, firms or Corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries or damages, and whose true names and identities are presently unknown to Plaintiff, but will be substituted by amendment when ascertained, | * * * * * * * * * * * * * * * | CASE NO. 3:06cv476-MHT |
| Defendants. | * | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT MERCK & CO., INC.'s (SECOND) NOTICE OF REMOVAL
-- AND --
PLAINTIFF'S REQUEST FOR IMPOSITION OF SANCTIONS**

COMES NOW THE PLAINTIFF, Rosemary Leverett, as personal representative of the estate of her deceased husband, Reverend Hugh Robert Leverett,[1] and **for the second time** respectfully requests this Court to **again** remand this cause back to the Circuit Court of Tallapoosa County, Alabama. In further support hereof, the Plaintiff states as follows:

---

[1] Rev. Hugh Robert Leverett was senior minister of the Dadeville United Methodist Church in Dadeville, Alabama at the time of his Vioxx-related death.

## I. SUPPORTIVE MATERIALS OFFERED HEREWITH

Inasmuch as the Plaintiff has previously briefed the issues of removal and remand, she submits herewith the following attachments:

**Exhibit "A"** – This Court's Order, dated March 15, 2006, remanding this cause back to the Circuit Court of Tallapoosa County, Alabama.

**Exhibit "B"** – Plaintiff's Brief in Support of Remand (with attachments), previously filed with this Court in response to Merck & Co., Inc.'s first removal notice. Plaintiff adopts and reasserts all of the arguments set forth therein.

**Exhibit "C"** – Plaintiff's Supplemental Brief in Support of Motion to Remand (with attachments), previously filed with this Court in response to Merck & Co., Inc.'s first removal notice. Plaintiff adopts and reasserts all of the arguments set forth therein.

**Exhibit "D"** – The Order Directing Remand & Closing File, issued by the Honorable Daniel T.K. Hurley, United States District Judge for Southern District of Florida, dated February 14, 2005, a proceeding in which Merck & Co., Inc., as in the present cause, sought to remove <u>a second time</u> a properly filed Vioxx case naming the corporate defendant and Merck sales representatives and in which <u>the trial judge *sua sponte* imposed sanctions</u> in the form of attorney's fees and costs against the defendant for the same or substantially similar conduct as in the cause *sub judice*.

**Exhibit "E"** – The recent opinion of the United States Court of Appeals for the Eleventh Circuit in *Miedema v. Maytag Corporation*, ___ F.3d ___, ___ (11th Cir. 2006), reaffirming that the party seeking to remove a case to federal court bears the burden of proof to establish federal court jurisdiction.

**Exhibit "F"** – The recent orders and well-reasoned memorandum issued by the Honorable William H. Steele, United States District Judge for the Southern District of Alabama, denying the drug company's motions to stay and remanding the Zyprexa-litigation cases back to state court in the following cases: *Donna Betts v. Eli Lilly & Co.* (06-0259-WS-B, June 5, 2006); *Kimberly A. Bailey v. Eli Lilly & Co.* (06-0262-WS-C); *Sharlene Etheridge v. Eli Lilly & Co.* (06-0260-WS-M); *Janet Beck v. Eli Lilly & Co.* (06-0263-WS-C); *Orderick Vincent v. Eli Lilly & Co.* (06-0264-WS-B). Judge Steele remanded the cases, despite the fact that there is an established multidistrict litigation for Zyprexa, as with Vioxx. The Defendant, Eli Lilly, raised many of the same arguments raised by the Defendant, Merck & Co., Inc., in this litigation.

**Exhibit "G"** – The Certifications of the Defendants, Anne Brandon and Lamonde Russell, submitted by Merck & Co., Inc. with its first notice of removal, wherein both Russell and Brandon affirmatively stated that they had no contact with any physician in Tallapoosa County, Alabama which would naturally include the prescribing physician, Dr. Robert Schuster, whose office and residence is in Tallapoosa County.

**Exhibit "H"** – Plaintiff's Complaint filed in this cause, setting forth material allegations referenced herein, primarily that Hugh Robert Leverett was prescribed and took Vioxx in Tallapoosa County, Alabama.

## II. FACTUAL BACKGROUND

On, January 5 2006, Plaintiff, by and through her legal counsel, filed a lawsuit against Merck & Co., Inc. (hereinafter "Defendant Merck"), Anne Brandon and Lamonde Russell (hereinafter "Individual Resident Defendants"), and certain fictitiously named parties. (See Exhibit "H".) On or about February 9, 2006, Defendant Merck filed a

3

notice of removal and sought to have this cause removed to the United States District Court for the Middle District of Alabama. Defendant Merck contended that the Individual Resident Defendants were fraudulently joined as a means for the Plaintiff to defeat federal diversity jurisdiction, and Defendant Merck sought a stay of the proceedings and transfer of this cause to the Vioxx Multidistrict Litigation proceedings pending in the United States District Court for the Eastern District of Louisiana. On February 16, 2006, Plaintiff filed a motion to remand, which she later supplemented, arguing that the Individual Resident Defendants were not fraudulently joined, and submitted additional factual and legal authority to support that the Individual Resident Defendants and/or the fictitiously named defendants participated in the fraudulent scheme to deprive prescribing physicians and the general public of the full information available to Merck and its sales staff about the drug's dangerous propensities. (See Exhibits "B" and "C".)

On March 15, 2006, this Court agreed with the Plaintiff and **remanded this cause back to the state court.** (See Exhibit "A".)

On May 25, 2006, Defendant Merck filed a second notice of removal, seeking again to have this cause removed to federal court. In its newly filed notice of removal, **Defendant Merck has failed to assert any new issues not presented in its first notice of removal.** Defendant Merck's current notice of removal is brought in bad faith and warrants this court imposing sanctions against Defendant Merck for its willful attempts to delay this cause.

## III. ARGUMENTS AND SUPPORTIVE LEGAL AUTHORITY

**A.     Defendant Merck presents nothing new for this Court's consideration. The Court's prior decision to remand this cause to state court is, thus, controlling, and this cause is due to be REMANDED back to state court again.**

Defendant Merck's <u>second</u> notice of removal is based upon its claim that it was not aware of the prescribing physician's name, Dr. Robert Schuster, until Plaintiff submitted discovery requests in the state-court action. As a result, Defendant Merck argues that the named sales representatives, the Individual Resident Defendants, were unable to affirmatively state that they did not detail or make sales calls upon Dr. Schuster until his name was disclosed by the Plaintiff. This argument is baseless for two principal reasons: (1) The Individual Resident Defendants specifically stated in their Certifications attached to the first filed notice of removal that they had no involvement or contact with the prescribing physician (See Exhibit "G", ¶ 7); and (2) whether the Individual Resident Defendants were the actual sales representatives to make sales calls upon Dr. Schuster or his medical group is not dispositive of the issues before this Court because the Plaintiff has named fictitious parties and Defendant could, but has chosen not to, identify the sales representatives who did make sales calls upon Dr. Schuster.

**1.     Defendant Merck knew at the time it presented its first notice of removal that the Individual Resident Defendants had not made sales calls or detailed Dr. Schuster.**

Defendant Merck contends it can now establish that the Individual Resident Defendants were fraudulently joined because it now knows the name of the physician who prescribed Vioxx for Hugh Robert Leverett. Merck further claims that it could not

5

have "learned of the individual defendants' complete lack of connection with the claims made in the Complaint until Plaintiff disclosed the name of the prescribing physician." See Defendant Merck & Co., Inc.'s Notice of Removal at 2-3.

Defendant Merck's allegations are baseless and misleading to this Court. The Plaintiff very clearly and specifically stated in numerous places in her state-court Complaint that her husband received and was prescribed Vioxx by a physician in Tallapoosa County, Alabama. In paragraph 15 of the state-court complaint, for example, the Plaintiff averred:

> "Hugh Robert Leverett was prescribed and used the prescription medication VIOXX (Rofecoxib) for approximately 14 months before suffering a fatal heart attack on January 7, 2004. Hugh Robert Leverett ingested the prescription medication VIOXX (Rofecoxib) in Tallapoosa County, Alabama and the damages and injuries resulting from his use of the prescription medication VIOXX (Rofecoxib) occurred in Tallapoosa County, Alabama. Hugh Robert Leverett was 57 years old at the time of his death."

(See Exhibit "H".) Both Individual Resident Defendants unequivocally stated in their prior Declarations, "I have never promoted or detailed Vioxx in Tallapoosa County, Alabama." As such, the identification of the actual prescribing physician does not alter, change or vary the evidence presented by Defendant Merck in its first attempt at fraudulent removal. As such, Defendant Merck's "new paper" argument, premised upon 28 U.S.C. § 1446(b), is baseless and unsupported by the facts and circumstances of this cause.

Furthermore, Defendant Anne Brandon, it is reasonably believed, is a district or statewide sales manager. Plaintiff reasonably believes that discovery will bear out that she was an active participant in those fraudulent and wrongful activities set forth in the

6

Complaint and remand briefs previously submitted in this matter and may have participated in the training of her Alabama sales staff to lie, mislead, and suppress the dangers of Vioxx from prescribing physicians and the general public.

This cause is thus due to be **REMANDED** a second time to the Circuit Court of Tallapoosa County, Alabama.

**2.     Defendant Merck is the sole party currently in possession of who the actual sales representatives were that detailed Dr. Schuster.  Instead of identifying those persons, which is information requested in Plaintiff's discovery requests upon which Defendant Merck relies for its second removal attempt, Defendant Merck willfully elected instead to waste judicial resources and the time and efforts of Plaintiff's counsel to seek a second removal.**

The bad faith of Defendant Merck is borne out by the fact that, rather than simply notifying the Plaintiff and this Court which sales representatives actually called upon Dr. Robert Schuster, it has chosen instead to waste the resources and time of this Court, the state court, and the Plaintiff's counsel.  Through litigation in other Vioxx cases, Defendant Merck has conceded that it keeps a database of its sales representatives and can easily identify which sales representatives have called upon prescribing physicians. It no doubt keeps and maintains the same information relative to Dr. Schuster and his medical group.

In fact, the Plaintiff has asked Defendant Merck to identify the sales representative in her discovery requests.[2]  The Plaintiff has named fictitious parties in this

---

[2] Plaintiff's counsel is particularly disturbed by the fact that Merck's counsel asked for an extension of time to respond to the outstanding discovery requests, a matter which Plaintiff's counsel consented to out of civility and cooperation.  Instead, it is obvious and apparent that Merck's counsel never intended to respond

cause in full anticipation that the names of the sales representatives who called upon Dr. Schuster and who were involved in the suppression and misrepresentations charged in Plaintiff's Complaint will likely have to be included as named Defendants, once their identities are ascertained and known.

Defendant Merck should not be permitted to benefit where it holds the information properly requested by Plaintiff, namely, the identity of the sales representatives who actually called upon Dr. Robert Schuster. As a result, this cause is due to be **REMANDED** back to state court.

**B.    Defendant Merck's <u>second</u> notice of removal is brought in bad faith and as a delay tactic to avoid having this matter proceed in state court. As a result, this Court is asked to impose sanctions against Defendant Merck for its bad faith actions.**

In the case of *Evelyn Irvin, as Personal Representative of Richard Irvin, Jr. v. Merck & Co., et al.*, Defendant Merck filed a second notice of removal, following the prescribing physician testifying in deposition that the named sales representatives did not detail him on the drug Vioxx. Judge Hurley in his February 14, 2005 Order (See Exhibit "D") addressed 28 U.S.C. § 1446(b), specifically the portion which provides that a defendant may seek removal of a cause of action "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable...." (Emphasis added.) Judge Hurley observed that this section must be read in harmony with 28 U.S.C. § 1447(d), which forecloses appellate review of a district court's remand order

---

to the discovery requests; rather, it needed more time prepare its second removal notice. Such gamesmanship has no place among attorneys who are working diligently on complex litigation such as this.

and "bars reconsideration by the district court of its own remand order based on lack of subject matter jurisdiction or defects in the removal procedure." *Id.*, citing *First Union National Bank v.Hall*, 123 F.3d 1374 (11th Cir. 1997), cert. dism'd, 523 U.S. 1135 (1998), and *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.3d 325, 330 (11th Cir. 1992). Judge Hurley further wrote:

> A party may not circumvent the § 1447(d) prohibition on motions for reconsideration by filing a second notice of removal which simply supplies additional support in an effort to demonstrate the inaccuracy of the previous remand order. Thus, in this case the newly acquired deposition testimony of [the prescribing physician] is not a legitimate basis upon which the court may reassess its subject matter jurisdiction. *See, e.g., Roughton v. Warner-Lambert*, 2001 WL 910408 (M.D. Ala. 2001); *Nicholson v. National Accounts, Inc.*, 106 F. Supp. 2d 1269 (S.D. Ala. 2000).
>
> Having previously remanded this case for lack of subject matter jurisdiction pursuant to § 1447(c), the court is now powerless under § 1447(d) to reconsider that order and reevaluate the accuracy of its initial decision to remand. *See generally Whittley v. Burlington Northern & Santa Fe R.R. Co.*, 2005 WL 221467 (8th Cir. 2005).

See Exhibit "D" (Judge Hurley's remand order) at 3.

Judge Hurley concluded by ordering that the plaintiff was entitled to recover "all 'just costs and any actual expenses, including attorney's fees, incurred as a result of the removal' pursuant to 28 U.S.C. § 1447(c)," subject to plaintiff's counsel submitting a petition for costs and fees. *Id.* at 4.

Plaintiff is entitled to attorney's fees and costs for the wrongful removal attempt by Defendant Merck.

## IV. CONCLUSION

This Court should follow the lead of Judge Hurley and (1) determine the second notice of removal is moot, (2) determine that the case should be closed for

removal purposes, (3) impose sanctions against Defendant Merck for its wrongful removal of this cause, (4) **DENY** the motion to stay of Defendant Merck, and (5) **REMAND** this cause a second time to the Circuit Court of Tallapoosa County.

**RESPECTFULLY** submitted this the 14th day of June, 2006.

/s/ Benjamin L. Locklar
**ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ 004)
BENJAMIN L. LOCKLAR (LOC009)
W. ROGER SMITH, III (SMI257)
Attorneys for Plaintiff**

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 223-1236

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 14th day of June, 2006.

Alan T. Hargrove
Richard Garrett
Mike Brock
F. Chadwick Morriss
**RUSHTON, STAKELY, JOHNSTON
 & GARRETT, P.A.**
Post Office Box 270
Montgomery, Alabama 36101-0270

/s/ Benjamin L. Locklar
**OF COUNSEL**