IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSEMARY LEVERETT, Individually,         )
and as Executrix of the Estate of HUGH   )
ROBERT LEVERETT, deceased,               )
                                          )
        Plaintiff.                        )
                                          )
v.                                        )     CASE NO. 3:06-CV-000128-DRB
                                          )
MERCK & CO., INC., a foreign             )
Corporation; ANNE BRANDON, an            )
Individual; LAMONDE RUSSELL, an          )
Individual; and fictitious Defendants    )
A, B, C & D, being those persons, firms  )
or Corporations whose fraud, scheme to   )
defraud, and/or other wrongful conduct   )
caused or contributed to the Plaintiff's )
injuries and damages, and whose true     )
names and identities are presently       )
unknown to Plaintiff, but will be        )
substituted by amendment when            )
ascertained,                             )
                                          )
        Defendants.                       )

<u>PLAINTIFF'S SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION TO REMAND</u>

COMES NOW the Plaintiff, Rosemary Leverett, and submits her supplemental

brief in support of her Motion to Remand, as required by this Court's Order, dated March

2, 2006. For the following reasons, set forth more fully below, Plaintiff requests this

Court enter an order remanding this case to the Circuit Court of Tallapoosa County,

Alabama:



1

**A.**    **Plaintiff withdraws part IV.B. of her Brief in Support of Motion to Remand.**

In her initial remand brief, the Plaintiff argued that Defendant Merck failed to obtain the consent of all of the named defendants prior to seeking removal. This appears to be an inaccurate statement. Declarations were filed by the individual named Defendants, Anne Brandon and Lamonde Russell. As such, it appears that all served Defendants joined in the removal action.

**B.**    **Legg v. Wyeth is Not Controlling or Dispositive of the Issues in this Matter.**

This Court has requested that the parties submit supplemental briefs to address the impact of the recent decision of the United States Court of Appeals for the Eleventh Circuit, Legg v. Wyeth, 428 F.3d 1317 (11th Cir. 2005), a case cited and relied upon by Defendant Merck in its removal petition. Legg v. Wyeth does not alter the remand proceedings, as indicated below, and Defendant Merck's argument to the contrary must fail.

**1.    Legg v. Wyeth is not controlling on the issue of subject matter jurisdiction and any language in Legg relative to the remand proceedings is dictum.**

In Legg, the issue before the appellate court was whether the district court abused its discretion by awarding attorney's fees and costs to the plaintiffs as a result of the removal petition filed by the defendant, a drug company manufacturer, Wyeth. Contrary to the position urged by Defendant Merck in the present cause, the issue was not whether the district court abused its discretion by remanding the case, after finding that the defendant failed to meet its burden of establishing fraudulent joinder. Indeed, the

Eleventh Circuit noted that "28 U.S.C. § 1447 (d) bars our review of a remand such as this one based upon the lack of subject matter jurisdiction," but "the statute does not 'exclude the district court's assessment of costs from appellate review.'" Legg, 428 F.3d at 1319-20 (quoting Fowler v. Safeco Ins. Co., 915 F.2d 616, 617 (11th Cir. 1990)). The Court in Legg did not state that the trial court's remand order was in error, nor did the Court rule that the standard of review in such cases should be changed.

Since the language of Legg relied upon by Defendant Merck is not essential to the issue in that case, it is merely dictum and should not be given *stare decisis* effect by this Court. Nevertheless, assuming *arguendo* that this Court should defer to Legg on this issue, the Legg court's holding is in contravention of well-settled Alabama law, which provides that misrepresentations of material fact, even if made by mistake or innocently, constitute legal fraud. See Ala. Code § 6-5-101 (1975). See also Thomas v. Halstead, 605 So.2d 1181 (Ala. 1993). As discussed above, Alabama law is well-established that individual employees can be held liable for torts in which they participate.

The Court in Legg cites Fisher v. Comer Plantation, 772 So. 2d 455, 463 (Ala. 2000), for the proposition that "mere conduits" cannot be held liable for participating in a tort unless bad faith can be shown. Fisher, however, dealt with independent contractors. The sales representatives here were not "mere conduits" of information, but were instead an integral part of the false and fraudulent marketing and selling of Vioxx.

Since the Eleventh Circuit did not have within its jurisdiction the ability to address the merits of the remand order in Legg, any discussion of the merits of the district court's order remanding the case back to state court is dictum and has no legal,

precedential value.  As a result, this Court should disregard that aspect of the <u>Legg</u> decision.

  **2.  Even if the Eleventh Circuit's substantive discussion of removal and remand proceedings in <u>Legg v. Wyeth</u> should be considered, the "evidence" before the Court in this cause is more than sufficient to establish that there is a "possibility" of recovery against the Resident Defendants.**

  In reaching its decision that the district court erred by awarding attorney's fees and costs to the plaintiff in <u>Legg</u>, the Eleventh Circuit considered the fact before it that the defendant submitted uncontested affidavits of the sales representatives to establish that they were not active participants in the alleged wrongdoing as set forth in the complaint.  The defendant, Wyeth, in arguing that it had wrongfully been ordered to pay attorney's fees, argued that the sales representatives were named in the plaintiff's complaint as a means of fraudulent joinder to defeat federal diversity jurisdiction.  Wyeth submitted affidavits of the three named sales representatives to establish that they did not have prior knowledge of the subject drug's propensity to increase the risk of valvular heart disease.  The plaintiffs responded to this contention by pointing to sales materials and other documents to support its claims.  The appellate court observed, however, that the sales training materials did "not contain any warning to the sales representatives that Redux may cause valvular heart disease."  <u>Legg</u> at 1322.  As the court noted, the absence of such warnings reinforced the claims of the sales representatives made by them in their affidavits.

  The Eleventh Circuit, in determining that Wyeth's removal efforts were "reasonable," a basis to determine whether the attorney's fees were wrongfully awarded,

appeared to be critical of the lower court's remand order, because there did not appear to be any refutation of the affidavits of the sales representatives, other than the allegations in the complaint. Such is not the case here.

In the Declarations of Lamonde Russell and Anne Brandon, submitted by Defendant Merck in this case, the Merck sales representatives contend in conclusory fashion that they were not active participants in the wrongdoing to the extent they would be subject to liability under Alabama law for the claims asserted by the Plaintiff in her complaint. However, it is not their contentions in the Declarations that bear the most attention; rather, it is the absence of a critical contention that neither Russell nor Brandon makes, which should be the focus of this Court's attention. Nowhere in the Declarations does either party assert that they lacked specific knowledge about the dangerous propensities of Vioxx, particularly with respect to the increased risk of cardiovascular and cerebrovascular events, prior to the time the drug was prescribed by Hugh Robert Leverett's physician. The reason why they do not make such a claim is because, if they had done so, they would have clearly perjured themselves, based upon the known evidence in this case, some of which was averred and submitted with the Complaint and restated in Plaintiff's initial remand brief.

As set forth in the Complaint, Defendant Merck went through great lengths to hide the increased cardiovascular risks associated with Vioxx. These efforts were accomplished primarily by the company teaching its sales representatives to suppress material facts and information about the dangerous aspects of the drug from physicians who commonly prescribed the drug to others, including Hugh Robert Leverett. Part of that process involved the infamous "Dodge Ball" training, where sales representatives

were told to dodge or avoid the questions of suspecting physicians. Questions from physicians became known as "Obstacles" to the sales of the drug, Vioxx -- sales which were used to determine sales representatives' commissions. Some of the "Obstacles" specifically identified the cardiovascular risk issues to the sales representatives. One such "Obstacle" provided: "'I am concerned about the cardiovascular effects of Vioxx?'" Another provided: "The competition has been in my office telling me that the incidence of heart attacks is greater with Vioxx than Celebrex."[1]

In response to these perceived "Obstacles," or questions from physicians, the sales representatives were trained to respond in a fashion to downplay or suppress the seriousness of the cardiovascular risks associated with Defendant Merck's blockbuster drug, Vioxx. For example, Defendant Merck designed "Obstacle Responses" to be used by its sales representatives in responding to these very important inquiries.[2] In response to an inquiry that a physician might make about the potential for Vioxx increasing the risk of cardiovascular events, the sales representatives were taught to respond:

> "Doctor, once daily VIOXX has no effect on platelet aggregation, and therefore would not be expected to demonstrate reductions in MI or other CV events. Agents such as low-dose aspirin are routinely prescribed for CV patients for their effect on the inhibition of platelet aggregation. Therefore, once daily VIOXX® is not a substitute for aspirin for cardiovascular prophylaxis...."

The training materials then direct the sales representatives to "[t]ransition back" to other benefits of the drug, no doubt as a way to avoid further questions. This response, as clearly indicated, in no wise addresses the cardiovascular risks associated with Vioxx.

---

[1] Though part of Exhibit "A" to the Complaint, these specific "Obstacles" are reattached to this brief as Exhibit "E."

[2] These Obstacle Responses are attached as Exhibits "B" and "C" to the Complaint. The specific responses noted herein are reattached to this brief as "Exhibit "F."

More compelling, if a physician inquired about the comparison of the safety profile between Vioxx and Celebrex, a competing COX-2 drug, the sales representatives were taught to respond:

> "Doctor, there are no head-to-head studies comparing the cardiovascular profile of the two drugs. As a result, you cannot compare the drugs and conclude that one drug had fewer events than the other. What you may be referring to is press reports of the incidence rates in two separate studies. In the VIOXX GI Outcomes Trial (VIGOR), the incidence of MI was 0.4% with VIOXX and 0.1% with naproxen. Upon further analysis, four percent of patients in the VIOXX GI Outcomes Study had experienced a cardiac event such as a heart attack or stroke before entering the study and thus met the established criteria for the use of aspirin for secondary CV prophylaxis. In the remaining 96% of patients for whom aspirin was not indicated for secondary CV prophylaxis, the incidence of MI was lower – 0.2% for VIOXX and 0.1% for naproxen. The difference was not statistically significant.
>
> "…..
>
> "If needed, continue to address the physicians concerns with the cardiovascular effects of VIOXX by guiding them through the Cardiovascular Card[3] …."

The training materials went on to again encourage the sales representative to "[t]ransition back" to the benefits of the drug, while downplaying the cardiovascular risks. Most disconcerting, however, is that the information about VIGOR was totally and completely false. Instead of being a 4 to 1 ratio of heart attacks, comparing Vioxx to naproxen, the rate in VIGOR was actually 5 to 1, a significant fact that was suppressed by Defendant Merck from physicians. Had the full truth been told to doctors, i.e., that there is a 500 times increased risk of heart attacks and strokes for patients on Vioxx as compared to

---

[3] The Cardiovascular Card itself was filled with omissions and inaccurate information, and was designed not to disclose the cardiovascular risks, but to address the gastrointestinal benefits of the drug. The sales representatives were also not told to inform the physicians that the aspirin-indicated patients were excluded from VIGOR as a way to skew the results of that study. If at-risk patients, such as were in the 4% aspirin-indicated group, were included in the study, it is widely agreed the severity of the cardiovascular risks borne out of VIGOR would have been much more pronounced.

naproxen, doctors would have been much less likely to accept the lie told by Defendant Merck that the explanation for the VIGOR results was that naproxen is cardioprotective.

Moreover, sales representatives were instructed by Defendant Merck to avoid discussing VIGOR with physicians. Routinely, Defendant Merck would submit Bulletins to its sales force, telling them what they could and could not discuss with physicians. In one such "Bulletin for VIOXX®", the sales representatives were directed: **"DO NOT INITIATE DISCUSSIONS ON THE FDA ARTHRITIS ADVISORY COMMITTEE (ADIVSORY COMMITTEE) REVIEW OR THE RESULTS OF THE VIOXX® GI OUTCOMES RESEARCH (VIGOR) STUDY. YOU MAY RESPOND TO CUSTOMER INQUIRIES ONLY AS OUTLINED BELOW."** The Bulletin goes on to direct the sales representatives to "Stay Focused on Efficacy," and encourages the sales representatives to direct the physician's attentions away from the dangers of the drug and get them focused back on the drug's efficacy.[4] This document establishes that there is more than a mere possibility that the sales representatives were active participants in providing misinformation to physicians, in suppressing the known dangers of the drug, and in encouraging physicians to sell a dangerous and deadly product, namely, Vioxx. This document also debunks a concern of the Legg court -- the sales representatives in the present case were clearly knowledgeable of the known dangers and had greater knowledge than the physicians who were prescribing the drug.

To cover all of the examples of the sales representatives being part of the scheme would take hundreds of pages of briefing. Suffice it to say, as it relates to the issue

---

[4] Though part of Exhibit "E" to the Complaint, this specific Bulletin is reattached to this Brief as Exhibit "G".

before the Court, the focus is whether the sales representatives, such as Lamonde Russell and Anne Brandon, knew or had reason to know of the cardiovascular risks associated with Vioxx and whether there is a reasonable "possibility" that the Plaintiff can prove her claims that they are liable under Alabama law. As set forth in the remand brief filed with this Court, Lamonde Russell and Anne Brandon are liable for their active roles in promoting, selling, and distributing a dangerous product, Vioxx. As a result, they were not fraudulently joined, and this cause is due to be remanded back to state court.

<div align="center">

**V.    CONCLUSION**

</div>

In all of its efforts, Defendant Merck has failed to cite any directly applicable or controlling authority and consequently it has failed in its burden of proving that there is no possibility that Plaintiff can establish a cause of action against the Resident Defendants, Anne Brandon and Lamonde Russell. For the reasons outlined above, this Court lacks subject matter jurisdiction. Therefore, Plaintiff respectfully urges the Court to remand this action in its entirety to the Circuit Court of Tallapoosa County, Alabama.

Respectfully submitted this 7th day of March, 2006.

/s/ J. Paul Sizemore
**ANDY D. BIRCHFIELD, JR. (BIR006)**
**J. PAUL SIZEMORE (SIZ 004)**
**BENJAMIN L. LOCKLAR (LOC009)**
**W. ROGER SMITH, III (SMI257)**
**Attorneys for Plaintiff**

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,**
   **PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 223-1236

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the

parties as listed below by placing a copy of same in the United States Mail, first class,

postage prepaid on this the 7th day of March, 2006.

Richard Garrett
Mike Brock
F. Chadwick Morriss
**RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.**
Post Office Box 270
Montgomery, Alabama  36101-0270

       /s/ J. Paul Sizemore
       **OF COUNSEL**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


GLENDORA TURNER, individ- )
ually and as Administratrix )
of the Estate of )
William Lee Turner, )
                            )
      Plaintiff, )
                            )          CIVIL ACTION NO.
      v. )                             2:05cv702-T
                            )
MERCK & CO., INC., a )
foreign corporation, )
et al., )
                            )
      Defendants. )

ORDER

     This lawsuit, which was removed from state to federal

court based on diversity-of-citizenship jurisdiction, 28

U.S.C.A. §§ 1332, 1441, is now before the court on

plaintiff's motion to remand.    The court agrees with

plaintiff that this case should be remanded to state court.

The court agrees with plaintiff that there has been neither

fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433,

1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883



F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder,

Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360

(11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of

the court that plaintiff's motion to remand (Doc. no. 11)

is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this

cause is remanded to the Circuit Court of Bullock County,

Alabama.

It is further ORDERED that the motion to stay (Doc. No.

5) is denied and the motion to dismiss (Doc. No. 3) is left

for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate

steps to effect the remand.

DONE, this the 21st day of September, 2005.

        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80012-C.V.-HURLEY

EVELYN IRVIN, as Personal Representative of the
Estate of RICHARD IRVIN, JR.,
     plaintiff,
vs.

MERCK & CO., INC., JOE GHEZZI, and
CHRIS METROPULOS,
     defendants.
_____/



ORDER DIRECTING REMAND & CLOSING FILE

THIS CAUSE is before the court *sua sponte* for review of its subject matter jurisdiction for the second time on the successive notice of removal filed by defendant Merck & Co., Inc. For reasons discussed below, the court shall again remand the case, this time with taxation of attorney's fees and costs.

### I. INTRODUCTION

Plaintiff originally filed this suit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on May 14, 2003, asserting state law claims arising out of the wrongful death of plaintiff's decedent in consequence of his ingestion of the prescription drug Vioxx, a pharmaceutical product manufactured and marketed by defendant Merck & Co.

On June 6, 2003, defendant Merck filed its first notice of removal, asserting the diversity jurisdiction of this court under 28 U.S.C. §1332. On October 7, 2003, the court remanded the case to state court for lack of subject matter jurisdiction due to defendant's failure to sustain its burden of establishing the claimed fraudulent joinder of defendants Joe Ghezzi and Chris

1

Metropulos.

On January 7, 2005, Merck filed its second notice of removal in this court. The sole basis for its renewed removal effort is that discovery in the state court proceedings has now proven that defendants Ghezzi and Metropulos are not the correct individuals involved in marketing the Vioxx product at issue in this case. According to Merck, the non-involvement of these individuals was conclusively established at the December 7, 2004 deposition of Dr. Christopher Schirmer, the prescribing physician. Thus, defendant does not assert a new basis for removal, but rather, argues that discovery in the state court proceeding has revealed additional facts which buttress its original contention regarding the fraudulent joinder of defendants Ghezzi and Metropulos.

## II. DISCUSSION

28 U.S.C. § 1446(b), provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or procedure is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This section, which allows a defendant to remove a previously remanded case where subsequent pleadings or events reveal a new and different basis for removal, *see e.g.*

2

*Browning v Navarro,* 743 F.2d 1069, 1079 n. 29 (5th Cir. 1984), must be read in harmony with 28 U.S C §1447(d), which provides that a remand order is "not reviewable on appeal or otherwise." Section 1447 (d) thus not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order based on lack of subject matter jurisdiction or defects in the removal procedure. *See First Union National Bank v Hall,* 123 F.3d 1374 (11th Cir. 1997), *cert. dism'd,* 523 U.S.1135 (1998); *Harris v Blue Cross/Blue Shield of Ala., Inc.,* 951 F.2d 325, 330 (11th Cir 1992).

A party may not circumvent the §1447(d) prohibition on motions for reconsideration by filing a second notice of removal which simply supplies additional evidentiary support in an effort to demonstrate the inaccuracy of the previous remand order. Thus, in this case the newly acquired deposition testimony of Dr. Schirmer is not a legitimate basis upon which the court may reassess its subject matter jurisdiction. *See e.g. Roughton v Warner-Lambert,* 2001 WL 910408 (M.D. Ala. 2001); *Nicholson v National Accounts. Inc.* 106 F. Supp.2d 1269 (S.D. Ala. 2000).

Having previously remanded this case for lack of subject matter jurisdiction pursuant to §1447(c), the court is now powerless under §1447(d) to reconsider that order and reevaluate the accuracy of its initial decision to remand. *See generally Whittley v Burlington Northern & Santa Fe R.R. Co.,* 2005 WL 221467 (8th Cir. 2005).

Accordingly, it is **ORDERED AND ADJUDGED:**

1. This case is **REMANDED** for lack of subject matter jurisdiction to the Circuit Court of Palm Beach County, State of Florida, pursuant to 28 U.S.C. §1447(c).

2. It is further ordered that plaintiff shall recover from defendant Merck all "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal" pursuant to 28

3

U.S.C. 1447(c).  *See e.g. Moates v Cargill*, 2001 WL 910410 (M.D. Ala. 2001).  Plaintiff shall

submit her duly supported petition for fees and costs within **TEN (10) DAYS** from the date of this

order.

      3.  The court shall retain jurisdiction only for the limited purpose of assessing the attorney

fee and cost award made pursuant to 28 U.S.C. §1447(c).

      4.  The clerk is directed to **CLOSE** this file, **DENY** any pending motions as **MOOT**, and

send a certified copy of this order to the Clerk of the Fifteenth Judicial  Circuit in and for Palm

Beach County pursuant to 28 U.S.C. §1447.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Florida this ___ day of

February, 2005.

                         Daniel T. K. Hurley
                       United States District Judge

copies to:

Angelo Patacca, Esq..
Phillip L. Valente, Jr.
Patricia Lowry, Esq.
Sharon Kegerreis, Esq.

4

FROM:305-523-5226 USDC-FLS    9-1-904-632-0549    PAGE: 1 OF 5    CONTROL: #885646-CV



# United States District Court
## Southern District of Florida

> **NOTICE:** Only certain Judges are E-NOTICING, so continue to provide envelopes for cases before non-participating Judges. Visit the court's website: www.flsd.uscourts.gov or call the Help Line (305) 523-5212 for an updated listing of participating Judges

### Notice of Orders or Judgments

**Date:**    02/16/05

**To:**    Angelo Patacca (aty)
233 East Bay Street
Suite 604 Blackstone Bldg
Jacksonville, FL 32202

**Re: Case Number:**    9:05-cv-80012    **Document Number:**    9

NOTE: If you are no longer an attorney in this case, please disregard this notice.
Be sure to promptly notify the Clerk of Court in writing of any changes to your name, address, law firm, or fax number. This notification should be sent for each of your active cases.
If this facsimile cannot be delivered as addressed, or you have ANY problems with this fax transmission, please call the Help Line (305) 523-5212 and the problem will be rectified. Since this transmission originated from the Clerk's Office, JUDGES CHAMBERS SHOULD NOT BE CONTACTED.

### Number of pages including cover sheet:

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80514-CIV-HURLEY

EVELYN IRVIN, as personal representative of
the Estate of RICHARD IRVIN, JR.,
    plaintiff,

vs.

MERCK & CO., INC. , JOE GHEZZI and
CHRIS METROPULOS,
    defendants.

_____/

FILED by _____ D.C.

OCT   9 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER REMANDING CASE TO FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA and CLOSING FILE

THIS CAUSE is before the court upon plaintiff's motion for remand for lack of subject matter jurisdiction [DE# 6], the defendants' response in opposition [DE#17] and the plaintiff's reply [DE#19]. For reasons stated below, the court will grant the motion and remand this case to the state court in which it was originally filed.

### I. BACKGROUND

Plaintiff originally filed suit against defendants in state court on May 14, 2003 in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, alleging state common law tort claims arising out of the wrongful death of plaintiff's decedent in consequence of his ingestion of the prescription drug Vioxx, a product manufactured and marketed by defendant Merck & Co., Inc. According to the complaint, Joe Ghezzi and Chris Metropulos, both Florida residents, were sales representatives or sales managers employed by

1



PLAINTIFF'S EXHIBIT "B"

Merck to promote, distribute and sell this prescription drug to physicians in the State of Florida, including the plaintiff's decedent's physician

The defendant Merck filed a notice of removal in this court on June 6, 2003 [DE#1] asserting diversity jurisdiction under 28 U.S.C. §1332 on theory that the two non-diverse individual defendants, Ghezzi and Metropulos, were fraudulently joined to defeat the jurisdiction of this court that would otherwise exist

## II. DISCUSSION

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity in three instances: (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant *Triggs v John Crump Toyota, Inc* , 154 F.3d 1284, 1287 (11th Cir 1998)

The burden of establishing fraudulent joinder is a heavy one. The determination must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavit and deposition transcripts submitted by the parties, with all factual allegations construed in the light most favorable to the plaintiff, with any uncertainties about the applicable law resolved in the plaintiff's favor. *Pacheco de Perez v AT & T Co* , 139 F.3d 1368 (11th Cir. 1998). If even a colorable claim against a non-diverse defendant is stated, joinder is proper and the case should be remanded to state court *Id*.

2

In this case, plaintiff has asserted facts which state potential causes of action against the individual Florida defendants, having specifically alleged that these defendants were personally involved in the marketing of the prescription drug Vioxx to Florida physicians, including the plaintiff's decedent's physician. In opposing remand, defendants have filed affidavits of the individual defendants who both aver that their sales territory encompasses Broward and Palm Beach County, Florida, but not St. John's County. "Presuming" that plaintiff's decedent and relevant treating physician resided and worked in St. John's County-- the alleged county of the plaintiff's residence-- from here the defendant urges the inference that there can be no causal connection between the marketing activities of these defendants and the alleged injury to plaintiff's decedent; thus, defendants contends that plaintiff can state no viable cause of action against the non-diverse defendants, and that they are therefore fraudulently joined.

It is not appropriate for the court, in passing on a motion for remand, to make a fact finding on causation drawn from an inference upon an inference. Reminded that the court is "not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law, *Crowe v Coleman*, 113 F.3d 1536, 1538 (11th Cir 1997), the court concludes that the defendants in this case have failed to carry their burden of establishing that plaintiff can state no colorable claim against the non-diverse defendants who are therefore not fraudulently joined. Because their presence as party defendants defeats complete diversity among the parties, this court does not have subject matter jurisdiction to hear this case

3

It is accordingly ORDERED and ADJUDGED :

1.    Because the court lacks subject matter jurisdiction over this case, this action is REMANDED to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2.    The clerk of the court shall CLOSE this case. DENY any pending motions as MOOT and send a certified copy of this order to the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida pursuant to 28 U.S.C §1447.

DONE and SIGNED in Chambers in West Palm Beach, Florida this _____ day of October, 2003.

Daniel T K Hurley
United States District Judge

copies to:

Philip L Valente, Jr., Esq.
Angelo Patacca, Jr., Esq.
David Miceli. Esq
Sharon Kegerreis, Esq.

4

FILED
2005 May-25 PM 03:07
U S DISTRICT COURT
N.D OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

BRENDA SUE LANDRUM,          ]
                             ]
        Plaintiff(s),        ]
                             ]
vs.                          ] CV05-CO-01055-J
                             ]
MERCK & COMPANY, INC.,       ]
                             ]
        Defendant(s).        ]

ORDER

In   accordance   with   the   Memorandum   of   opinion   entered

contemporaneously herewith, this action is hereby REMANDED to the Circuit

Court of Walker County, Alabama.

Done this 25th day of May 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
130122



PLAINTIFF'S
EXHIBIT
"C"

FILED
2005 May-25 PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION



BRENDA SUE LANDRUM,       ]
                          ]
   Plaintiff(s),       ]
                          ]
   vs.                 ] CV05-CO-01055-J
                          ]
MERCK & COMPANY, INC.,    ]
                          ]
   Defendant(s).       ]

OPIONION

On May 23, 2005, defendant Merck & Co., Inc., removed this action

from the Circuit Court of Walker County, Alabama. Merck contends this

court has diversity jurisdiction because the amount in controversy exceeds

$75,000 ,exclusive of costs and interest, and the alleged Alabama citizenship

of the remaining defendants, former Merck sales representatives, must be

ignored for removal purposes since these defendants are fraudulently

joined. [Doc. 1]. Merck included affidavits from three sales representatives

denying the allegations of the complaint. Id. The sales representative

defendants, Robert Wall, Gary Harlan, Angela Finch, Matthew King, Patricia

Aiken, and Sonya Coley, filed motions to dismiss the claims against them

simultaneously with Merck's removal. [Doc. 3-8]. Merck also filed a motion to stay all proceedings in this action pending transfer by the Judicial Panel on Multidistrict Litigation to In re Vioxx Products Liability Litigation (MDL-1657). [Doc. 10].

The plaintiff, Brendan Sue Landrum, responded with an "Emergency Motion to Remand" on May 24, 2005, arguing that federal courts in this district and elsewhere in Alabama have repeatedly held that in-state pharmaceutical sales representatives are not fraudulently joined. [Doc. 12]. In her complaint filed in the Circuit Court of Walker County, Alabama, Plaintiff alleged that the sales representative defendants negligently, recklessly, intentionally and fraudulently made material representations that Vioxx was safe and effective. [Doc. 1, Ex. A]. In Count 1 of her complaint, Plaintiff alleged a claim under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). In remaining counts, she claims failure to warn (Count 2), breach of the warranty of merchantability (Count 3), negligence (Count 4), wantonness (Count 5), fraudulent misrepresentation (Count 6), and fraudulent suppression (Count 7). The claims, facts, and arguments asserted in this case are nearly identical to

those in *Marshand v. Wyeth, et al.*, CV-03-CO-319 5-W (N.D. Ala. 2004). The differences are not material to the consideration of the pending motions in this case. The court by reference adopts the analysis set forth in that opinion.

The court is of the opinion that it does not have diversity jurisdiction in this action. This case will be remanded to the Circuit Court of Walker County, Alabama. A separate order will be entered.

Done this 25th day of May 2005.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
130122



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY·SEND

CIVIL MINUTES — GENERAL

Case No.    SACV 05-177-JFW (MANx)                     Date: April 22, 2005

Title:    THEODORE M. SOKARDA, et al. -v- MERCK & COMPANY, INC., et al.

DOCKET ENTRY

PRESENT:

    HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    Shannon Reilly                      None Present
    Courtroom Deputy                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
    None                                     None

PROCEEDINGS (IN CHAMBERS):     ORDER GRANTING DEFENDANT'S *EX PARTE*
                               APPLICATION TO VACATE ORDER TO REMAND OR,
                               ALTERNATIVELY, TO GRANT LEAVE TO AMEND
                               NOTICE OF REMOVAL [filed 3/31/05; Docket No. 15];

                               ORDER VACATING MARCH 24, 2005 ORDER
                               REMANDING ACTION [Docket No. 7];

                               ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE
                               TO AMEND COMPLAINT [filed 3/25/05; Docket No. 8];

                               ORDER GRANTING PLAINTIFFS' MOTION TO
                               REMAND TO STATE COURT PURSUANT TO 28 U.S.C.
                               § 1447(e); 28 U.S.C. § 1447(c) [filed 3/25/05;
                               Docket No. 10]

                               ORDER REMANDING ACTION TO ORANGE COUNTY
                               SUPERIOR COURT;

                               ORDER DENYING DEFENDANT'S MOTION TO STAY
                               ALL PROCEEDINGS PENDING TRANSFER DECISION
                               BY THE JUDICIAL PANEL ON MULTIDISTRICT
                               LITIGATION AS MOOT [filed 3/29/05; Docket No. 20]

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

Page 1 of 8

DOCKETED ON CM

APR 25 2005

BY _____ 010

Initials of Deputy Clerk ____

On January 14, 2005, Plaintiffs Theodore M. Sokarda and Patricia A. Sokarda (collectively "Plaintiffs") filed this action in Orange County Superior Court against Merck & Company, Inc. ("Defendant"). On February 23, 2005, Defendant filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) ("Notice of Removal") based on diversity of citizenship pursuant to 28 U.S.C. § 1332. On March 24, 2005, this Court issued an Order remanding this case to Orange County Superior Court based on a procedural defect and stayed the Remand Order until April 4, 2005 to give Plaintiffs an opportunity to waive the procedural defect and elect to remain in federal court.

On March 25, 2005, Plaintiffs filed a Motion for Leave to Amend Complaint and a Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(e); 28 U.S.C. § 1447(c) and set the hearing on the Motions for April 25, 2005. On April 4, 2005, in light of the Motions filed by Plaintiffs, the Court continued its Order staying the remand of this action from April 4, 2005 to April 25, 2005. On April 11, 2005, Defendant filed its Oppositions to Plaintiffs' Motions. On April 19, 2005, Plaintiffs filed their Replies.

On March 29, 2005, Defendant filed a Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. Plaintiffs did not file an Opposition to Defendant's Motion. On March 31, 2005, Defendant filed an *ex parte* Application to Vacate Order to Remand or, Alternatively, to Grant Leave to Amend Notice of Removal. On April 1, 2005, Plaintiffs filed their Opposition to the *ex parte* Application. On April 5, 2005, Defendant filed a Reply in support of its *ex parte* Application.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that the foregoing matters are appropriate for decision without oral argument. The hearing calendared for April 25, 2005 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

I.     **Defendant's *ex parte* Application to Vacate March 24, 2005 Remand Order**

On March 24, 2005, this Court issued an Order remanding this case to Orange County Superior Court on the grounds that Defendant had failed to provide the Court with the date that Defendant was served with a copy of the summons and Complaint and therefore had failed to carry its burden in demonstrating that its Notice of Removal was timely filed. Recognizing that this was a procedural defect which could be waived by Plaintiffs, the Court stayed the Remand Order to give Plaintiffs an opportunity to waive the procedural defect and elect to remain in federal court.

Defendant argues that the record before this Court at the time the Court issued its Remand Order demonstrated that Defendant had not yet been served with Plaintiffs' Complaint and that the action had been timely removed. In support of its argument, Defendant relies on a statement made to the Court by Plaintiffs in a declaration filed on March 25, 2005. However, the Court issued its Remand Order on March 24, 2005 - one day prior to the date the declaration relied upon by Defendant was filed.[1]

---

[1] Defendant claims that because the Court's Remand Order was not entered until March 29, 2005, the Court was aware of Plaintiffs' filing on March 25, 2005. However, the entry date for a

Notwithstanding the fact that Defendant's removal papers contained a procedural defect, in light of Plaintiffs' failure to object to this defect within the thirty day time period set forth in 28 U.S.C. § 1447(c), the Court GRANTS Defendant's *ex parte* Application to Vacate Order to Remand or, Alternatively, to Grant Leave to Amend Notice of Removal. The Court's March 24, 2005 Order remanding this action is hereby VACATED.

II.    **Plaintiffs' Motion for Leave to Amend Complaint and Motion to Remand to State Court**

Plaintiff Theodore M. Sokarda had a stroke on or about January 16, 2002 and to date, remains in a vegetative state. At the time Mr. Sokarda suffered the stroke, he was using a prescribed dosage of the drug Vioxx. According to Plaintiffs, they filed their Complaint against Defendant, the manufacturer of Vioxx, in state court on January 14, 2005 without serving the Complaint on Defendant, "to preserve their statutory claim." Plaintiffs' Motion to Amend at 3. Plaintiffs claim that after the Complaint was filed, counsel for Plaintiffs continued to investigate the companies which sold, distributed and marketed Vioxx with the intent of amending the Complaint to add additional parties once the investigation had been completed. Despite the fact that Defendant had not yet been served with the Complaint, Defendant removed the action to this Court on February 23, 2005 before Plaintiffs had the opportunity to amend their Complaint to add additional defendants.

In their current Motion for Leave to Amend Complaint, Plaintiffs seek leave to add McKesson Corporation and Amerisourcebergen Drug Corporation (the "Distributor Defendants") as defendants in this action. Plaintiffs are both citizens of California, McKesson Corporation is a Delaware Corporation with its principal place of business in California, and is therefore a citizen of both Delaware and California for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c). As a result, the joinder of McKesson Corporation as a defendant in this action would destroy diversity and this Court would no longer have subject matter jurisdiction over this action. *See, e.g., Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "When deciding whether to permit joinder under § 1447(e), a court should consider: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Clinco v. Roberts,* 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999) (citing Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 2:1078 (TRG 1998)).

---

minute order merely signifies when that order is entered on the docket. The Remand Order was actually issued and filed by the Court on March 24, 2005.

A.   The extent the new defendants are required for just adjudication

Rule 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082; Fed. R. Civ. P. 19(a); *see also CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (A necessary party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."). "Although courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard that for joinder under [Rule] 19." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). The standard "is met when failure to join will lead to separate and redundant actions." *Id.* at 1011 (citing *CP Nat'l Corp.*, 928 F.2d at 910).

In their proposed Amended Complaint, Plaintiffs allege that the Distributor Defendants are "wholesale distributors of all Merck & Company, Inc. products, including Vioxx, and, as such, marketed, sold and distributed Vioxx which was ingested by Plaintiff Theodore M. Sokarda." Proposed Amended Complaint at ¶¶ 3-4. Upon review of Plaintiffs' proposed Amended Complaint, the Court finds that failure to join the Distributor Defendants would "lead to separate and redundant actions." Accordingly, this factor weighs in favor of allowing Plaintiffs' amendment under Section 1447(e).

B.   The extent to which a statute of limitations would affect Plaintiffs' ability to bring a separate suit

Plaintiffs do not argue that a new action against the Distributor Defendants would be time-barred. Accordingly, this factor does not support amendment under Section 1447(e).

C.   The timeliness of the proposed amendment

In their Motion to Amend, Plaintiffs represent that they chose not to serve Defendant Merck with the Complaint immediately after filing this action in state court because they were continuing to research potential claims against additional defendants, and that they only filed their Complaint when they did to "to preserve their statutory claim." Plaintiffs' Motion to Amend at 3. Defendant Merck learned of the action and removed the action to this Court prior to service of the Complaint and before Plaintiffs had the opportunity to make those intended amendments to their Complaint. Once Defendant Merck removed the case, Plaintiffs did not delay in bringing their Motion to Amend, which was filed one month after the date of removal. Accordingly, there was no unexplained delay in seeking to add the additional defendants, and this factor weighs in favor of allowing Plaintiffs' amendment under Section 1447(e).

**D.    Motive for joinder**

Defendant claims that Plaintiffs' only motivation for attempting to join the Distributor Defendants is to "destroy diversity and force remand." Defendant's Opposition to Motion to Amend at 3.  In support of its claim, Defendant cites to the fact that Plaintiffs did not attempt to join the Distributor Defendants until one month after Defendant removed this action to this Court. Defendant's argument is entirely disingenuous in light of the actions taken thus far by Defendant in this case.  Defendant learned of this action prior to service of the Complaint, and then removed the case and immediately filed an answer, essentially stripping Plaintiffs of the right to amend as a matter of course before a responsive pleading was filed.  Moreover, Defendant's argument fails to account for Plaintiffs' explanation that they were continuing to investigate potential defendants after filing of the Complaint, and intended to amend and serve their Complaint on all defendants at the conclusion of their investigation.  It appears to the Court that Plaintiffs attempted to amend their Complaint to add the Distributor Defendants at the first available opportunity, and that it has in fact been Defendant's, and not Plaintiffs' motives which are questionable.  Accordingly, this factor weighs in favor of allowing Plaintiffs' amendment under Section 1447(e).

**E.    The validity of Plaintiffs' claims against the new defendants**

Defendant argues that the Court should not permit Plaintiffs to amend their Complaint because their proposed claims against the Distributor Defendants are legally insufficient.  In their proposed Amended Complaint, Plaintiffs allege the following ten claims against all defendants: (1) Negligence; (2) Strict liability (failure to warn); (3) Strict liability (design defect); (4) Negligent failure to warn; (5) Negligence *per se*; (6) Misrepresentation and suppression; (7) Breach of warranty; (8) Breach of express warranty; (9) Fraud; and (10) Loss of consortium.  Defendant Merck contends that all of the foregoing claims against the Distributor Defendants are based on "an alleged failure to warn about the purported risks of Vioxx," and that "under settled California law, a distributor of prescription pharmaceuticals does not have a duty to warn."  Defendant's Opposition to Motion to Amend at 4-5.

The Court does not agree with Defendant that the law in California on this issue is "settled." To the contrary, although California courts have ruled that pharmacists cannot be held strictly liable for failure to warn, they have not addressed whether distributors of prescription drugs can be held liable for failure to warn.  Accordingly, the Court finds that Plaintiffs have alleged valid claims for relief against the Distributor Defendants in their proposed Amended Complaint and this factor therefore weighs in favor of allowing Plaintiffs' amendment under Section 1447(e)

Based on the Court's analysis of the foregoing factors, Plaintiffs' Motion to for Leave to Amend Complaint is GRANTED.  Plaintiffs' Amended Complaint, which was lodged on April 22, 2005, shall be filed as of the date of this Order.

Since the joinder of Defendant McKesson Corporation destroys diversity, this Court no longer has subject matter jurisdiction over this action and Plaintiffs' Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(e); 28 U.S.C. § 1447(c) is GRANTED.[2]  This action is hereby REMANDED to Orange County Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

In light of the Court's Order remanding this action to Orange County Superior Court, Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation is DENIED as moot.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

_____

[2] In light of the Court's finding that Plaintiffs state potentially viable claims against Distributor Defendants, the Court need not separately address Defendant's argument regarding fraudulent joinder as set forth in its Opposition to Plaintiffs' Motion to Remand.

Initials of Deputy Clerk _sr_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MYRNA AMISCH, Individually
and on behalf of all others
similarly situated,

Plaintiff,

v.

MERCK & CO., INC., and
EDWARDS MEDICAL SUPPLY, INC.,

Defendants.                                    No. 04-CV-847-DRH

## ORDER

HERNDON, District Judge:

Now before the Court is Defendant Merck & Co., Inc.'s ("Merck) Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. (Doc. 7).[1]  The motion requests that the Court stay all the proceedings until the Judicial Panel on Multidistrict Litigation hears and rules on Merck's motion to transfer this case, along with some 150-plus other cases involving VIOXX®, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407.  Merck's motion states that the MDL is expected to hear Merck's motion sometime in late January 2005.[2]

---

[1]The Court notes that Merck's reply violates the **Local Rule 7.1(d)** of this judicial district. Merck's reply is 7 pages and under **Local Rule 7.1(d)** reply briefs shall not exceed 5 pages.

[2]It is worth mentioning that Schedule A attached to the Letter from Michael J. Beck, Clerk of Panel, United States of America Judicial Panel on Multidistrict Litigation, to All Counsel Involved in the Vioxx Products Liability Litigation (Nov. 22, 2004), does not identify this case as one of the

If the Court were to grant Merck's motion and stay this proceeding pending the hearing on whether to form a MDL on the VIOXX® cases, this Court would not be able to address its subject matter jurisdiction over the matter. A review of the complaint indicates that Plaintiff specifically disclaims federal jurisdiction (Doc. 2, pp. 2-3). Further, both counts of Plaintiff's complaint are based on state law– the Illinois Consumer Fraud Act. The United States Court of Appeals for the Seventh Circuit has explicitly held that district courts have the power to decide whether they have subject matter jurisdiction over a matter prior to transfer to the MDL as ruling on its jurisdiction "is a fundamental obligation of all courts of limited jurisdiction." *Illinois Municipal Retirement Fund v. Citigroup, Inc.,* -- F.3d --, 2004 WL 2749864, \*7 (7th Cir. Dec. 2, 2004)(affirming United States Chief District Court Judge G. Patrick Murphy of the Southern District of Illinois' remand of a matter for lack of subject matter jurisdiction after the MDL had issued a conditional transfer order but before transmittal of a final transfer order). In *Illinois Municipal Retirement Fund*, the Seventh Circuit stated:

> Though some district courts stay proceedings during the interim following a conditional transfer order, *see, e.g., Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc.,* 244 F. Supp.2d 900 (N.D. Ill. 2002), this is not required where the court concludes that it lacks subject matter jurisdiction. We will not require a district court that believes that it lacks subject matter jurisdiction over a case to

---

158 actions set for the next Panel Hearing Session in late January 2005. (Doc. 7, Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation, Ex. A).

> facilitate a transfer under § 1407, a statute that does
> not itself confer jurisdiction.

*Illinois Municipal Retirement Fund*, 2004 WL 2749864, *7. In the case at bar,

the Court notes that a conditional transfer order has not even been entered in this

matter – the MDL has yet to hear the motion to *form* a panel to which this matter

may or may not be conditionally transferred. Consequently, as this Court has not

determined whether it enjoys proper subject matter jurisdiction over this matter, in

addition to the fact that the MDL has not even heard Merck's Section 1407 motion,

the Court finds it is not prudent or judicially economical for the Court to stay the

proceedings herein. *See also, Walson v. Merck & Co.*, No. 04-CV-27-GPM (Chief

Judge Murphy denied motion to stay); *Caruso v. Merck & Co.*, NO. 04-CV-759-

GPM (Chief Judge Murphy denied motion to stay and granted motion to

remand); *Bilbrey v. Merck & Co.*, No. 04-CV-836-MJR (Judge Reagan denied

motion to stay); *Sumner v. Merck & Co.*, 04-864-MJR (Judge Reagan denied

motion to stay).

Accordingly, the Court **DENIES** Merck's motion to stay. (**Doc. 7**).

**IT IS SO ORDERED.**

Signed this 22nd day of December, 2004.


/s/  David RHerndon
DAVID R. HERNDON
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MYRNA AMISCH, Individually and
on behalf of all others similarly situated,

Plaintiff,

vs.

MERCK & CO., INC. and
EDWARDS MEDICAL SUPPLY, INC.,

Defendants.                                    No. 04-CV-00847-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

I. Introduction

On October 5, 2004, Plaintiff Myrna Amisch ("Amisch") initiated this class action suit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, against Merck & Co., Inc. ("Merck") and Edwards Medical Supply, Inc. ("Edwards Medical") seeking economic damages arising out of the marketing, distribution, and sale of the prescription drug VIOXX®. (Doc. 2). Plaintiff asserts claims against Merck and Edwards Medical under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. Merck timely removed the case to federal court based on this Court's diversity jurisdiction, 28 U.S.C. §§ 1332, 1441. (Doc. 1).

Now before the Court is Plaintiff's motion to remand. (Doc. 11). For the reasons set forth below, the Court grants Plaintiff's motion to remand.

## II.  The Complaint's Allegations

The Complaint alleges that Plaintiff is a resident of Illinois[1], Merck is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey, and Edwards Medical[2] is a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois. Regarding the amount in controversy, the Complaint expressly states as follows:

> Plaintiff stipulates that she is not seeking and will neither demand nor accept on behalf of any Class member, any recovery in excess of $75,000.00, exclusive of costs and interest.  No claim is asserted here for equitable or injunctive relief. . . .  Plaintiff and each member of the class have individually incurred damages under the laws of Illinois in an amount less than $75,000.  Neither the Plaintiff, nor any member of the class, seek damages exceeding $75,000, nor do their damages individually exceed $75,000, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder.  Neither Plaintiff, nor any of the class members, seek any form of 'common' recover [sic], but rather individual recoveries not to exceed $75,000 for any class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder.  Plaintiff and the class members voluntarily limit their claims to less than $75,000 each.

---

[1]To determine an individual's citizenship for diversity purposes, courts look to the state of the individual's domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir.2002). Domicile has two elements: (1) physical presence or residence in a state and (2) an intent to remain in the state. *Id.* Based on the allegations in the Complaint, it appears Plaintiff is domiciled in Illinois and therefore is a citizen of Illinois for diversity purposes.

[2]Plaintiff alleges Edwards Medical is a licensed distributor of VIOXX®. (Compl. at ¶ 4). Merck submits the Declaration of David Layton, Senior Director of Order Management Center for Merck, stating Edwards Medical is a distributor of record of Merck products, but has never ordered any VIOXX® from Merck. (Doc. 1, Notice of Removal ¶ 18 & Nov. 17, 2004 Decl. of David Layton ["Layton Decl."] ¶ 2, attached thereto as Exhibit 2; Doc. 15, Merck's Opp. To Pl.'s Mot. To Remand, Ex. 5). Because the Court finds that the amount in controversy requirement has not been satisfied as explained below, this issue is not determinative.

(Compl. at ¶ 9).

According to the Complaint, in order to obtain a consumer market share of VIOXX®, Merck requested the Food and Drug Administration ("FDA") allow Merck to use a fast track, 6-month approval process for scientific testing on VIOXX®. (Compl. at ¶12). Plaintiff alleges that the fast track, 6-month approval process was inadequate and that Merck knew or should have known that the drug caused an increased risk of clotting, hypertension, stroke and myocardial infarction, but that this information was intentionally suppressed by Defendants in order for Merck to gain significant profits from VIOXX® sales. (Compl. at ¶¶ 16, 18). Plaintiff alleges she and members of the Class would not have purchased VIOXX® had they known of the increased risks of hypertension, stroke, and/or myocardial infarcts. (Compl. at ¶ 22).

With respect to Plaintiff's VIOXX® purchase, Plaintiff alleges she was prescribed VIOXX® and purchased the drug at the Schnucks Pharmacy in Granite City, Illinois, from April 2003 until July 2004. (Compl. at ¶ 24). Plaintiff purchased VIOXX® without knowledge of the facts misrepresented or concealed by Defendants. (Id.) Plaintiff asks to certify a class as follows: "All persons who purchased VIOXX® for personal, family or household purposes in Illinois from May 1, 1999 until it was withdrawn on September 30, 2004." (Compl. at ¶ 25). Plaintiff believes that the class includes hundreds of thousands of members. (Compl. at ¶ 27).

Counts I and II are brought under the ICFA against Merck and Edwards Medical, respectively. Plaintiff alleges as a direct and proximate result of Defendants'

unfair acts and/or practice, Plaintiff and Class Members have suffered damages in an amount equal to the purchase price of VIOXX®. **(Compl. at ¶¶ 48, 63)**. Plaintiff requests "damages, attorneys' fees, their cost of suit, and pre-judgment interest, in an amount less than $75,000.00, per Plaintiff or Class Member." **(Compl., Prayer for Relief, Counts I & II)** Plaintiff also "seeks to disgorge profits made by Defendants for its [sic] failure to inform consumers of the increased risks associated with the use of VIOXX®."[3] **(Compl. at ¶ 22)**

### III. Analysis

Merck removed the case to this Court based on the federal diversity statute, **28 U.S.C. § 1332**. Under **28 U.S.C. § 1441**, removal is proper over any action that could have been filed originally in federal court. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**. Courts presume a plaintiff's choice of forum is proper and valid and resolve all doubts regarding jurisdiction in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The diversity statute requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v.*

---

[3] Plaintiff makes this request in the introductory section of her Complaint. In the same section, Plaintiff also alleges Merck's VIOXX® campaign resulted in more than $2 billion in sales of VIOXX® to consumers in the year 2000 alone. **(Compl. at ¶ 19)**.

*Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). If either requirement of diversity jurisdiction is lacking, the court must remand the case to state court.

As the party seeking to invoke federal diversity jurisdiction, Merck bears the burden of demonstrating diversity jurisdiction exits. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). A defendant meets this burden by supporting its allegations of jurisdiction with "competent proof," which in the Seventh Circuit requires the defendant to offer evidence which proves "to a reasonable probability that jurisdiction exists." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted).

The status of the case as disclosed by plaintiff's complaint is controlling on the issue as to whether the case is removable. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). If the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. *Id.* at 291-92. "Accepted wisdom" provides that the plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997) (citing *St. Paul Mercury*, 303 U.S. at 289). Here, the Complaint contains language that limits the value of Plaintiff's claim and that of each member of the putative class to less than $75,000. (Compl. at ¶ 9). Notwithstanding Plaintiff's disclaimer, Merck argues that

-5-

Plaintiff's claim meets the $75,000 threshold.

        Merck argues that Plaintiff's request "to disgorge profits made by Defendants", when considered in the aggregate, independently satisfies the amount in controversy requirement. The Court disagrees. First, while our circuit has adopted the "either viewpoint" approach (that is, the amount in controversy can be determined from either the plaintiff's or defendant's viewpoint), it has nevertheless maintained that "'[w]hatever the form of relief sought, each plaintiff's claim must be held separate from each other plaintiff's claim from both the plaintiff's and defendant's standpoint.'" *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977-78 (7th Cir. 2000)(citing *In re Brand Name Prescription Drugs*, 123 F.3d 599, 610 (7th Cir. 1997)). Merck's request for the Court to consider Plaintiff's claim in the aggregate violates this rule, particularly when Plaintiff provides an express disclaimer for damages in excess of $75,000 and states she does not seek any form of common recovery or equitable relief. *See Hahn v. PepsiCo, Inc.*, 350 F. Supp.2d 758, 764 (N.D. Ill. 2004)(Moran, J.)("**Though disgorged profits may exceed $75,000 in the aggregate, defendant cannot base diversity jurisdiction on aggregate damages in a class action.**") Second, even if the Court were to find aggregation appropriate as Merck suggests, Merck has not attempted to quantify the losses which disgorgement would expose it. *See Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1018 (7th Cir. 2004). Put simply, the Court finds that Plaintiff's request for disgorgement does not meet the $75,000 jurisdictional threshold.

        Merck also contends that Plaintiff's unspecified request for "damages"

is clearly intended to encompass punitive damages. Merck reasons that punitive damages together with attorneys' fees would take Plaintiff's claims over the $75,000 jurisdictional threshold. The problem with Merck's hypothetical is that it is, just that, a hypothetical. It assumes $6,000 in compensatory damages for each Class Member with no evidence to support its assertion. It also assumes punitive damages are available in this case even without evidence to show its conduct was "outrageous" (a requirement for punitive awards under the Consumer Fraud Act, *see Ekl v. Knecht*, **585 N.E.2d 156, 164 (Ill. App. Ct. 1991)**). The theoretical availability of damages is not enough to establish jurisdiction. *See Am. Bankers Life Assur. Co. v. Evans*, **319 F.3d 907, 909 (7th Cir. 2003)**. Merck bears the burden of coming forward with competent proof to establish the amount of such damages. *See id.* Additionally, the measure of attorneys' fees included in the calculation of the jurisdictional amount is the amount of fees incurred as of the time the complaint is filed. *See Gardynski-Leschuck v. Ford Motor Co.*, **142 F.3d 955, 959 (7th Cir. 1998)**("legal expenses yet to be incurred on the date a suit begins do not create a 'case or controversy' within the meaning of Article III"). Merck points to nothing to suggest that the fees incurred at the time the suit was filed would carry the amount in controversy over the jurisdictional hurdle.

Finally, Merck argues that Plaintiff's "purported limitation" on damages does not deprive the Court of jurisdiction. Merck is incorrect. A party who seeks only monetary relief and wants to avoid litigating in federal court can avoid this fate by stipulating at the time the suit is filed "that [s]he is not seeking and will neither

demand nor accept any recovery in excess of $75,000 exclusive of costs and interests." *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *see also ANR Pipeline Co. v. 62.026 Acres of Land*, 389 F.3d 716, 718 (7th Cir. 2004)("if the plaintiff commits himself to see no more than $75,000, the petition to remove must be denied."); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)(per curiam)("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.").

While it is true that Illinois does not have a law limiting the plaintiff's recovery to that asked for in the *ad damnum* clause, **735 ILCS § 5/2-604**, Plaintiff here expressly stated in her Complaint "that she is not seeking and will neither demand nor accept on behalf of any Class member any recovery in excess of $75,000, exclusive of costs and interest." **(Compl. at ¶ 9)**. Merck has not persuaded the Court that this stipulation should be treated as anything other than a binding judicial admission. *See Soo Line R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see also Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1014 (7th Cir. 2000)(stating that an allegation in a party's pleading may be treated by the court as a binding judicial admission); *Taylor v. Monsanto Co.*, 150 F.3d 806, 809 (7th Cir. 1998)(same). The mere theoretical possibility that Plaintiff could later amend her Complaint to seek relief in excess of $75,000 is an insufficient reason to find jurisdiction exists now, when it does not. *See* 28 U.S.C. § 1446(b)(permitting Merck to remove the case from state court

-8-

within one year of the commencement of the action upon an amendment by Plaintiff which establishes diversity jurisdiction). In short, Merck has not demonstrated by competent proof that Plaintiff's complaint meets the $75,000 threshold, therefore this Court lacks subject matter jurisdiction.

### IV.  Conclusion

In sum, the Court **GRANTS** Plaintiff's motion to remand for lack of subject matter jurisdiction (**Doc. 11**), but declines to award Plaintiff costs and expenses, including attorneys' fees, incurred as a result of removal. This case is **REMANDED** to the Circuit Court, Third Judicial Circuit, Madison County Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 11th day of March, 2005.

/s/   David RHerndon
**United States District Judge**

-9-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALFRED BRAME,                          )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )    CIVIL NO. 05-034-GPM
                                       )
MERCK & COMPANY, INC., and             )
WALGREENS HOME CARE, INC.,             )
                                       )
            Defendants.                )

## MEMORANDUM AND ORDER

MURPHY, Chief District Judge:

Plaintiff filed this action on December 28, 2004, in state court seeking damages for personal injuries and economic losses suffered as a result of taking the prescription drug Vioxx, which was manufactured, marketed, distributed and/or sold by Defendants to the general public. On January 20, 2005, Merck & Company, Inc. (Merck), removed this action from state court based upon the diversity of citizenship statute, 28 U.S.C. § 1332, arguing that Walgreens Home Care, Inc., is fraudulently joined and, therefore, its Illinois citizenship should be disregarded. Plaintiff filed a motion to remand, in which he points out that before the case was removed, he filed an amended complaint to substitute the proper defendant Walgreen Company, d/b/a Walgreens, for the improperly named Walgreens Home Care, Inc. Both Walgreen Company and Walgreens Home Care, Inc., are Illinois citizens, and there is no substantive difference regarding the allegations made against them. Therefore, for purposes of this Memorandum and Order, the Court will refer to the Illinois corporate Defendant as "Walgreens."

Page 1 of 3

In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of § 1332 have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936). In deciding whether a defendant has been fraudulently joined, a federal court "must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). As recognized by the Seventh Circuit Court of Appeals in *Poulos*, "[a]n out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder." *Id.*

Generally, Merck argues that Walgreens has been fraudulently joined because Plaintiff has not alleged a valid cause of action against this Defendant. Specifically, in its notice of removal, Merck summarily states that "Plaintiff alleges that 'Walgreens sold [VIOXX] to plaintiff … in the regular course of its business' (Compl. ¶ 35) and that Walgreens should be liable for strict products liability, failure to warn, and breach of warranty. (Counts 3, 6, and 11). There is no reasonable basis for predicting that Plaintiff could prevail on her [sic] asserted claims against Walgreens. … Accordingly, Walgreens is fraudulently joined." (Doc. 1, ¶ 14 (string citation to cases denying remand omitted).)

Before filing his motion to remand, Plaintiff attempted to resolve this issue by drawing Merck's attention to this Court's order in a similar case, *Gallaher, et al. v. Bayer Corporation, et al*, civil number 01-641-GPM, in which the undersigned decided that Walgreen Company was not

Page 2 of 3

fraudulently joined in a case involving the prescription drug Baycol. The Court would also draw Merck's attention to its more recent decision in *Elliott v. Wyeth, Inc., et al*, civil number 03-037-GPM; another case in which the undersigned decided that Walgreen Company was not fraudulently joined after carefully considering Illinois's so-called "innocent seller" statute and the "learned intermediary doctrine."

After carefully reviewing the papers filed in this case, the Court finds a response to the motion to remand unnecessary. Merck has failed to meet its burden in its notice of removal. The Court is not persuaded by conclusory allegations and citations to opinions that lack precedential value. Moreover, the Court will not allow a case over which it lacks jurisdiction to sit on its docket until a decision is reached by the Judicial Panel on Multidistrict Litigation, especially after the Court of Appeals' decision in *Illinois Municipal Retirement Fund v. CitiGroup, Inc.*, 391 F.3d 844, 851 (7th Cir. 2004) ("We find nothing absurd in district courts individually evaluating their own jurisdiction "). In light of this Court's previous rulings in nearly identical cases, to which Plaintiff alerted Merck, and Merck's utter failure in its notice of removal to satisfy its burden to establish federal jurisdiction, this is not a close case. Plaintiff's motion (Doc. 8) is GRANTED, and this action is REMANDED to the Twentieth Judicial Circuit Court, St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Plaintiff's request for fees and costs is granted, and he shall file his application on or before March 14, 2005.

IT IS SO ORDERED.

DATED: 2/17/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

Page 3 of 3

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 OCT 20 PM 3: 49

U.S. DISTRICT COURT
HD OF ALABAMA

PAMELA FLOYD, STACIE H. RICHARDS, and     )
ANN RUTLEDGE,                             )
                                          )
                        Plaintiffs,       )
                                          )
vs.                                  :    )     Civil Action Number
                                          )     03-C-2564-M
WYETH, a corporation; STACY STUBBLEFIELD, )
an individual; MICHAEL T. SULLIVAN, an    )
individual; and BETSY R. WEAVER, an individual, )
                                          )
                        Defendants.       )

ENTERED

OCT 2 0 2003

REMAND ORDER

Because the removing Defendant has failed to carry its heavy burden of proof of fraudulent

joinder, and the attendant lack of complete diversity of the parties, this case is hereby REMANDED

to the Circuit Court of Marshall County, Alabama, from whence it was improvidently removed.

The costs of this action are hereby taxed against the removing Defendant.

Done this _____ day of October, 2003.

_____
Chief United States District Judge
U.W. Clemon



PLAINTIFF'S EXHIBIT
D

10

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NOV 21 2003

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SHARON C. CRITTENDEN,          )
et al.,                        )
                               )
        Plaintiffs,            )
                               )
        v.                     )        CIVIL ACTION NO.
                               )        03-T-920-N
WYETH, a corporation,          )
et al.,                        )
                               )
        Defendants.            )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).

EOD  11/21/03

20

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motions to remand, filed on September 30 and October 15, 2003 (doc. nos. 9, 13, and 14), are granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of November, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 DEC 12 PM 2: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

STEPHANIE TERRELL, et al.,          ]
                                    ]
        Plaintiffs,                 ]
                                    ]
v.                                  ]        CV-03-BE-2876-S
                                    ]
WYETH, et al.,                      ]
                                    ]
        Defendants.                 ]
                                    ]
                                    ]
                                    ]
                                    ]

ENTERED
DEC 1 2 2003

MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on Plaintiff's Motion to Remand (Doc. 10). Having

reviewed the pleadings and briefs of counsel, the court is not persuaded that the plaintiffs failed

to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was

fraudulently joined, and, therefore, the court is not persuaded that the case was properly removed

for the reasons stated below.

The defendants removed this case to federal court on October 23, 2003 from the Circuit

Court of Jefferson County, Alabama. Although the complaint purports to state claims against

corporate defendants who admittedly are not Alabama residents, it also names as a defendant

Pam Parker, admittedly a resident of Alabama, whose presence precludes removal under 28

U.S.C. § 1441. Defendants argue, however, that Ms. Parker is fraudulently joined.

1

The standard for successfully removing a case from state to federal court is a high one, and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility to establish a cause of action against non-diverse defendants in state court, or (b) that the plaintiff's pleading of jurisdictional facts have been made fraudulently. Cabelceta, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." See Coker, 709 F.2d at 1440-41; see also Pacheco de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

2

Although the plaintiffs' claims against defendant Parker appear to raise novel questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility of establishing a cause of action against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, it would be premature for this court to make rash decisions regarding the nature and timing of the injuries sustained by the plaintiffs, or the employment history of defendant Parker. Nor can the court conclusively determine that the plaintiffs would not be successful in urging its various theories under Alabama law.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve *all* doubts in favor of remand, the Plaintiffs' Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Jefferson County, Alabama.

DONE and ORDERED this ___ day of December, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

3

01/23/2004 14:55 FAX 2052820536          K Stephen Jackson PC          @002
SENT BY: MORRIS & MCANNALLY L.L.C.;      384 589 1824;    JAN-23-04  2:26PM;    PAGE 2/3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

FILED

JAN 23 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

SARA BLAIR, et al.,                )
                                   )
        Plaintiffs,          :     )
                                   )
        v.                         )     CIVIL ACTION NO. 03-T-1251-S
                                   )
WYETH, et al.,                     )
                                   )
        Defendants.                )

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§
1332, 1441, is now before the court on plaintiffs' motion to
remand. The court agrees with plaintiffs that this case should be
remanded to state court. First, there has not been fraudulent
joinder of any resident defendant (that is, plaintiffs have
colorable claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard
Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any
resident defendant (that is, plaintiffs have reasonably joined such
a defendant with other defendants pursuant to Rule 20 of the
Federal Rules of Civil Procedure), see Tapscott v. MS Dealer
Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD  January 23, 2004

01/23/2004 14:55 FAX 2052520505          K Stephen Jackson PC                    ☑003
SENT BY: MORRIS & MCANNALLY L.L.C.;    334 589 1821;        JAN-23-04 2:26PM;    PAGE 2/3

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on December 30, 2003 (Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 23ᵈ day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

01/23 2004 14:55 FAX 2052523538          H Stephen Jackson PC                    ☒004

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION 2 3 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RITA BRUNSON,                    )
                                 )
        Plaintiff,               )
                                 )
    v.                        :  )   CIVIL ACTION NO. 03-T-1167-S
                                 )
WYETH, et al.,                   )
                                 )
        Defendants.              )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD 1/23/04

01/23/2004 14:55 FAX 2052523636          K Stephen Jackson PC                          ☑006

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on December 16, 2003 (Doc. No. 11), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 28ᵈ day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

01/23/2004 14:55 FAX 2052523506        K Stephen Jackson PC                    ☒006

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION FILED

·JAN 2 3 2004

CLERK VM
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

VALERIE BALLARD, et al.,          )
                                  )
        Plaintiffs,               )
                            :     )   CIVIL ACTION NO. 03-T-1255-N
        v.                        )
                                  )
WYETH, et al.,                    )
                                  )
        Defendants.               )

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§
1332, 1441, is now before the court on plaintiffs' motion to
remand. The court agrees with plaintiffs that this case should be
remanded to state court. First, there has not been fraudulent
joinder of any resident defendant (that is, plaintiffs have
colorable claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard
Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any
resident defendant (that is, plaintiffs have reasonably joined such
a defendant with other defendants pursuant to Rule 20 of the
Federal Rules of Civil Procedure), see Tapscott v. MS Dealer
Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

12

EOD 1/23/04

01/23/2004 14:55 FAX 2052523636          K Stephen Jackson PC                    ☐007

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 6, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 23rd day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04 JAN 30 PH 3:46

U.S. DISTRICT COURT
N.D. OF ALABAMA

SANDRA STOREY,                         )
                                       )
        Plaintiff,                     )
                                       )
v.                                   : )    CV-04-BE-27-E
                                       )
WYETH, INC., WYETH                     )
PHARMACEUTICAL, and                    )
ANTHONY CHERRY,                        )
                                       )
        Defendants.                    )
                                       )
                                       )
                                       )

**ENTERED**

JAN 3 0 2004

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on the plaintiff's "Motion to Remand" (Doc. 5). Having reviewed the entirety of the pleadings and briefs of counsel, the court hereby GRANTS the motion to remand. The court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, thus, is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on January 7, 2004, from the Circuit Court of Calhoun County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Anthony Cherry, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Mr. Cherry is fraudulently joined.

The standard for successfully removing a case from state to federal court is a high one,

and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheco de Perez v. A.T.&T. Company, 139 F.3d 1368, 1381 (11th Cir 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility of establishing a cause of action against a non-diverse defendant in state court, or (b) that the plaintiff's pleading of jurisdictional facts has been made fraudulently. Cabalceta, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41; see also Pacheco de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although whether the plaintiff will be able to successfully prove Mr. Cherry's liability is unclear, this court will not speculate that the plaintiff has *no* possibility of establishing its claims

of negligence and fraud against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, this court cannot make rash decisions regarding actions made by the defendants and their resulting consequences. Nor can the court conclusively determine that the plaintiff would not be successful in urging her various theories under Alabama law.

Similarly, the court is not prepared to conclude that the plaintiff's fraud claims should be struck for lack of specificity. While the complaint is indicative of a "form" pleading, it adequately informs the defendants of the nature of the fraud.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Calhoun County, Alabama.

DONE and ORDERED this 30th day of January, 2004.

KAREN OWEN BOWDRE
UNITED STATES DISTRICT COURT

FILED

04 FEB -3  AH 10: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

SANDRA CASH,                      )
                                  )
        Plaintiff,                )
                                  )
                                  )
                                  )
                         :        )    CIVIL ACTION NO. 03-RRA-3378-E
                                  )
vs.                               )
                                  )
WYETH, et al.,                    )
                                  )                      ENTERED
        Defendants.               )                    FEB -3 2004

## MEMORANDUM OF DECISION

This action was removed from the Circuit Court of Calhoun County, Alabama. The

plaintiff has filed a motion to remand. The complaint alleges that she suffered valvular heart

disease as a result of taking the drug Pondimin or Redux. (The defendants state that the

plaintiff took Pondimin only.) The question before the court is whether defendant Anthony

Cherry, Wyeth's sales representative, was fraudulently joined as a defendant in order to defeat

diversity jurisdiction.

Remand must be granted if there is a possibility that the state court would find that the

plaintiff has stated a claim against the defendant in question. *Cabalceta v. Standard Fruit Co.*,

883 F.2d 1553, 1561 (11th Cir. 1989). Evidence may be considered as well as the allegations

in the complaint:

> To determine whether the case should be remanded, the district court must
> evaluate the factual allegations in the light most favorable to the plaintiff and must
> resolve any uncertainties about state substantive law in favor of the plaintiff. *Id.* at 549.
> The federal court makes these determinations based on the plaintiff's pleadings at the

time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), *quoting B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). Along with other submissions, the defendants have submitted the affidavit of Cherry, and the plaintiff has presented the affidavit of her doctor, Omar Khalaf. The parties have not conducted discovery.

The complaint alleges the following against Cherry:

22. Upon information and belief the positive tortious acts which were committed by the Sales Rep Defendant in his individual and/or corporate capacity, include, but are not limited to, the following:

    a.    Sales Rep Defendant <u>failed to convey adequate warnings to the Plaintiff through the prescribing physician</u> set forth above regarding the risks of prescribing fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

    b.    Sales <u>Rep Defendant was in the business of marketing</u>, promoting, selling and/or distributing the unreasonably dangerous pharmaceutical drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™) which has caused harm to the Plaintiff SANDRA CASH;

    c.    Sales Rep Defendant <u>negligently distributed, marketed, advertised and/or promoted</u> the drugs fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

    d.    Sales Rep Defendant made <u>fraudulent and reckless misrepresentations regarding the character, safety and efficacy</u> of the drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), and;

    e.    Sales Rep Defendant, <u>with knowledge of unreasonable risks</u> associated with the ingestion of fenfluramine (Pondimin®) and dexfenfluramine (Redux™), alone and/or in combination with phentermine <u>continued to make misrepresentations regarding the character, safety and efficacy</u> of drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), while providing and/or offering incentives, rebates, reimbursements, perks, and/or other consideration to Plaintiff's prescribing physician

2

in furtherance of attempting to influence the prescribing of said diet drugs.

23.   Defendant Anthony Cherry is a citizen of Calhoun County and is over nineteen years of age.  At all times material hereto, this Defendant was in the business of promoting, marketing , developing, selling and/or distributing the pharmaceutical drugs fenfluramine and/or dexfenfluramine in the State of Alabama and did market, develop, sell, detail and/or distribute said drugs to Plaintiff, Sandra Cash's prescribing physician, Omar Khalaf, M.D.  This defendant was also involved in a conspiracy to conceal certain information relating to the dangers associated with the subject drug products from the consuming public, including but not limited to Plaintiff.

*Complaint*, ¶¶22-23 (emphasis added). Thus, the complaint alleges that Cherry failed to warn of the dangers of Pondimin, negligently marketed and distributed this dangerous drug, recklessly and intentionally misrepresented its dangers, and conspired to conceal its dangers.

The defendants state that under Alabama law the plaintiff clearly cannot state a claim against Cherry.  They cite law holding that, absent personal participation, an employee is not liable for the negligence of his employer, that the fraud and conspiracy claims are not pled with particularity, and that a conspiracy claim fails when the claims underlying the conspiracy fail. Moreover, they factually contend that Cherry said nothing about Pondimin whatsoever. Relying on Cherry's affidavit, the defendants state that Cherry did not even promote Pondimin, that Wyeth composed warnings and other information concerning Pondimin for Cherry, who was not a part of that process, and that Cherry did not have the expertise to question the accuracy of any information supplied by Wyeth.  Cherry further states in his affidavit that he was unaware of any association between Pondimin and the heart disease of which the plaintiff complains, and he made no representation whatsoever concerning this

3

drug. The defendants assert in their written opposition to remand that this evidence is uncontroverted. However, Dr. Khalaf states that Cherry visited his office and "promoted and marketed" Pondimin, *Khalaf Affidavit*, ¶3, and that Cherry "continuously represented that [Pondimin and Redux] were safe and effective. Also, [Cherry] represented to [him] that the drugs were safe and effective for long term use," *id.* at ¶6.[1]  Khalaf additionally states:

> The reliance I placed on Mr. Cherry and Mr. Lavender regarding safety issues for Pondimin and Redux was made even more critical by the fact that warnings to physicians prescribing Pondimin and Redux that these drugs could cause valvular heart disease were not contained in the Physicians' Desk Reference ("PDR") until the 1998 edition, which was after Pondimin and Redux were withdrawn from the market.

*Id.* at ¶7.

### Whether to Defer to MDL Judge

The defendants want the court to allow this remand issue to go to the MDL court. In her motion to remand, the plaintiff responds that in an MDL hearing the judge "indicated a preference" for all remand motions to be handled by the various district courts. In their written opposition to remand, the defendants respond that a copy of the transcript of the 1998 hearing stating such "sentiments" has not been supplied by the plaintiff. The defendants, however, do not deny that the judge did, in fact, indicate such a preference.

The defendants refer to statements in an August, 2003 memorandum written by the MDL judge:

---

[1] Materials presented to the court by the defendants included information sent to Wyeth's sales force. In "Questions and Answers About Pondimin" and in the Pondimin "Fact Sheet" it is stated that Pondimin is for short-term use.

4

[R]ecurrent issues have continued to emerge in connection with motions to remand to state courts cases removed by Wyeth on the basis of diversity of citizenship. We have now developed a broader perspective than is usually available to individual transferor courts in dealing with widespread efforts fraudulently to join Phentermine manufacturers as a tactic to thwart removal of cases to the federal courts. Likewise, we are continuing to address the fraudulent joinder of individual physicians and pharmacies as defendants as a means to prevent removal. Many of these issues have common patterns as well as ramifications far beyond any specific case. Again, we believe these issues are best resolved in a uniform manner through the coordinated proceedings of MDL 1203.    :

This memorandum was addressing motions to remand all pending *cases* to the various transferor courts on the ground that the MDL had done its work. The court gave several reasons why the cases should not be remanded to the transferor courts, one of which was that, after all its work, the MDL had developed a "broader perspective than is usually available" to the transferor courts in dealing with motions to remand to state courts based on fraudulent joinder.

Also, the defendants cite *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990):

Agent Orange cases are particularly well-suited for multidistrict transfer, even where their presence in federal court is subject to a pending jurisdictional objection. The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. That issue, however, involves common questions of law and fact, some or all of which relate to the Agent Orange class action and settlement, *see In re "Agent Orange" Prod. Liab. Litig.*, 611 F.Supp. 1396 (E.D.N.Y.1985), *aff'd in part, rev'd in part*, 818 F.2d 179 (2d Cir.1987), *cert. denied*, 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988), and there are real economies in transferring such cases to Judge Weinstein, who has been handling the Agent Orange litigation for several years, *see In re "Agent Orange" Prod. Liab. Litig.*, MDL No. 381, 818 F.2d 145, 154-59 (2d Cir.1987) (describing history of proceedings before Judge Weinstein), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 647 (1988). Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served. We hold, therefore, that the MDL

5

Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, *cf. United States v. United Mine Workers*, 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884 (1947) (district court has authority to issue injunction while jurisdictional questions are pending), that objection to be resolved by the transferee court.

*Id.* at 9. This language points out what lies at the heart of MDL litigation: common questions of law or fact.

The question of whether Cherry was negligent or made fraudulent statements is specific to this case. The MDL court would not be in a better position to decide remand than this court. Also, this court has heard oral argument and considered the parties' contentions. Wherefore, the court will exercise its discretion to decide the question of fraudulent joinder.

### Whether There Is Fraudulent Joinder

The defendants' argument against remand is premised upon the evidence being uncontroverted that Cherry did not promote or market or make any representation to Dr. Khalaf about Pondimin. If that were true, the motion to remand might be due to be denied. But there is clearly a factual dispute about what Cherry did and said, as Dr. Khalaf states that Cherry visited his office, promoted and marketed Pondimin, and represented that Pondimin was safe and effective for long-term use. Wherefore, there is at least a possibility that the plaintiff has a claim against Cherry.

### Decision

For the reasons stated above, the court has decided to exercise its discretion to decide

6

the remand issue, this is not a case of fraudulent joinder, and the motion to remand is due to be granted for lack of subject matter jurisdiction. An appropriate order will be entered.

DONE this _2nd_ day of February, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



ENTERED

FEB 18 2004

JEVENARI MARSHAL, DIANE POLITO,     )
and MAXINE SMITHEY,                 )
                                    )
          Plaintiffs,               )
                                    )
vs.                                 )          Case No. CV-04-TMP-179-S
                                    )
WYETH, INC., WYETH                  )
PHARMACEUTICALS, INC.,              )
BEN LAVENDER, and WILLIAM OWEN,     )
                                    )
          Defendants.               )

## ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed January 30, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

### Procedure History

Plaintiffs Marshal, Polito, and Smithey filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Lavender and Owen, in the Circuit Court of Jefferson County, Alabama, on December 30, 2003. It alleges claims for "strict liability (defective product)," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs,

Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and heart valve defects. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendants Lavender and Owen, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on January 29, 2004, contending that the court has original diversity jurisdiction because Lavender and Owen, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Owen are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

### Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Owen are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper,

2

and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Owens were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Owen did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Owen, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E.

Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ P. 56(b),' [B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548-49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco

4

Oil Co., 709 F 2d 1433, 1440-41 (11ᵗʰ Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11ᵗʰ Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F 3d at 1287 (emphasis in original).

See also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11ᵗʰ Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.") Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Owen, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Owens misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Owen did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent

---

[1] Lavender and Owen have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. They reason from this and the fact that plaintiff Smithey took only Pondimin that there is no possibility that, at the very least, Smithey has any claim against them. They nonetheless admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

5

misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App 2001).

Even if the court assumes that Lavender and Owen did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Owen. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and

Owen is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Owen are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

## Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ___ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 23 PH 3: 34

U S DISTRICT COURT
ND OF ALABAMA

JUANITA JOHNSON, LORETTA SUE      )
KERCE, MYRTICE D. MILLS,           )
VICKI N. PARSONS, DEENA L. PHILLIPS, )
LINDA J. PIPER, BRENDA J. ROTH,   )
ALLISON L. WEST,                    )
                                    )
          Plaintiffs,              )
                                    )
vs.                                 )
                                    )
WYETH, a corporation; DAVID WURM, an )
individual, et al.,                )
                                    )
          Defendants.              )

ENTERED

FEB 2 3 2004

Case No. CV-04-TMP-224-S

## MEMORANDUM OPINION AND REMAND ORDER

This cause is before the court on the plaintiffs' motion to remand and for sanctions (Doc. 8)

filed February 10, 2004, as well as defendant Wyeth's motion to stay pending transfer to the Multi-

District Litigation court (Doc. 10), filed February 17, 2004. For the reasons expressed below, the

court finds that the motion for remand is due to be granted, the motion for sanctions denied, and the

motion for a stay denied.

## Procedure History

Plaintiffs filed their joint complaint against defendants Wyeth and one of Wyeth's

pharmaceutical salesmen, David Wurm, in the Circuit Court of Jefferson County, Alabama, on

January 5, 2004. They allege claims under the Alabama Extended Manufacturers Liability Doctrine

("AEMLD") and for product liability–failure to warn, breach of the implied warranty of

merchantability, negligence, wantonness, fraud, misrepresentation, and suppression, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendant Wurm, plaintiffs contend that this salesmen was one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that he either innocently, negligently, or recklessly failed to reveal to plaintiffs' physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on February 4, 2004, contending that the court has original diversity jurisdiction because Wurm is fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their motion to remand that Wurm is not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

2

### Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Wurm, a pharmaceutical representative employed by Wyeth and its predecessor, American Home Products, Inc., is an Alabama resident and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Wurm was fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, his presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Wurm did not sell or promote the drug Pondimin at all and that he knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against Wurm, making his joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of

his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A. 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendant, Wurm, in the form of a negligent fraud claim. To state such a possible claim, the plaintiffs need only allege that Wurm misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians,

---

[1] Wurm has filed an affidavit in which he states that he never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Wurm's liability. Wurm admits that when questioned by physicians about Pondimin, he attempted to provide answers based on the information he received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that he made misstatements about the risks of using Pondimin, as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

5

reasonably relied upon such misrepresentations. It is unimportant that Wurm did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Wurm did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *he* knew, his innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Wurm. There is a possibility that the plaintiffs can state a claim against him,

6

as a sales representative who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Wurm is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Wurm, a non-diverse defendant, is not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

7

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this _25th_ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 24  AM 10: 15

U.S. ......... .....
N.D. ...........

**ENTERED**

FEB 24 2004

ANN McGOWAN, BECKY PARTINGTON,        )
and LAURA STANFIELD,                  )
                                      )
        Plaintiffs,                   )
                                      )
vs.                                   )    Case No. CV-04-TMP-298-S
                                      )
WYETH, INC., WYETH                    )
PHARMACEUTICALS, INC.,                )
BEN LAVENDER, and ANTHONY             )
CHERRY,                               )
                                      )
        Defendants.                   )

MEMORANDUM OPINION AND ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed February 17, 2004, to which defendants responded with a motion to stay pending transfer to the MDL proceedings on February 19, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

Procedure History

Plaintiffs McGowan, Partington, and Stanfield filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Ben Lavender and Anthony Cherry, in the Circuit Court of Jefferson County, Alabama, on January 16, 2004. The complaint alleges claims for "strict liability–defective product," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet

medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, they have suffered medical injuries due to that use. With respect to defendants Lavender and Cherry, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with the use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court[1] on February 13, 2004, contending that the court has original diversity jurisdiction because Lavender and Cherry, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Cherry are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

---

[1] There has been a spate of these removals in the last few weeks. The undersigned himself has dealt with two earlier removals in Marshal, et al., v. Wyeth, Inc., et al., CV-04-TMP-179-S, and Johnson, et al., v. Wyeth, et al., CV-04-TMP-224-S. Consequently, the court is thoroughly familiar with the positions and arguments of the parties

<u>Fraudulent Joinder</u>

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Cherry are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Cherry were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Cherry did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Cherry, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in <u>Crowe v. Coleman</u>, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' <u>B. Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

<u>Id.</u> at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

3

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n 9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), superceded by statute on other grounds as stated in Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Cherry misrepresented certain material facts about the risks associated with use of Pondimin[2] and Redux and that plaintiffs,

_____

[2] Lavender and Cherry have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Lavender's and Cherry's liability. They admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must

5

through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Cherry did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Cherry did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

---

undertake.

6

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Cherry. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and Cherry is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Uncertainties must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Cherry are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

## Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to

7

the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775

(2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this 23 day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8

02/25/2004 16:12 FAX 2052523536          K Stephen Jackson PC                    ☒002/002

IN THE UNITED STATES DISTRICT COURT  FILED
FOR THE NORTHERN DISTRICT OF ALABAMA  04 FEB 25 PM 1:51
JASPER DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARTHA M. DAVIS,

    PLAINTIFF,

vs.                                    CASE NO. CV 03-J-3167-J

WYETH, et al.,                         **ENTERED**  asl

    DEFENDANTS.                    FEB 25 2004

### ORDER

In accordance with the accompanying memorandum opinion entered this day,

It is ORDERED by the court that the plaintiff's motion to remand (doc.10) is GRANTED, the court finding that this action was improvidently removed. The plaintiff's motion for sanctions is DENIED. This case is hereby REMANDED to the Circuit Court of Walker County, Alabama.

DONE and ORDERED this the ___25___ day of February, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED

04 FEB 25 PM 1:5

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARTHA M. DAVIS,

    PLAINTIFF,

vs.

WYETH, et al.,

    DEFENDANTS.

CASE NO. CV 03-J-3167-J

ENTERED

FEB 25 2004

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion to remand and motion for sanctions (doc. 10) and the defendant's opposition to remand (doc. 13). The court having previously stayed this matter pending decision on conditional transfer by the Judicial Panel on Multidistrict Litigation, said stay is hereby LIFTED.[1] Having considered the motion to remand and the opposition thereto, the court finds as follows:

Plaintiff filed suit in the Circuit Court of Walker County against defendant Wyeth, Inc. ("Wyeth"), and three of defendant Wyeth's pharmaceutical sales representatives, Mary Lou Carnaggio, Nikki N. Windham and David Wurm. The parties do not dispute that the sales representatives are Alabama residents. The plaintiff asserts claims under the Alabama Extended Manufaturer's Liability Doctrine

---

[1] The court has received notice from the Judicial Panel on Multidistrict Litigation concerning opposition to the conditional transfer order. Said notice further states that said conditional transfer order "does not in any way limit the pretrial jurisdiction of [this] court." The letter further encourages the court to rule on "a motion pending before you in the action – particularly a motion to remand to state court ..." Given this stance by the Judicial Panel, this court has revisited its prior stay of this litigation and the motion to remand pending before it.



(AEMLD), failure to warn, breach of warranty of merchantability, negligence, wantoness and fraud, misrepresentation and suppression arising from her use of the diet drugs fenfluramine (Pondimin) and dexfenfluramine (Redux). These diet drugs were removed from the market in 1997 due to their association with medical problems such as primary pulmonary hypertension and heart valve defects. Complaint, ¶¶ 14, 25-49. Defendant Wyeth removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendants were fraudulently joined as the plaintiff has no reasonable possibility of prevailing on any of her claims against them. Notice of Removal, ¶¶ 4, 7.

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder

of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendant, as the party removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must

resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).[3]

Plaintiff alleges in her complaint that each of the defendants promoted, detailed, distributed, sold, and/or marketed and made representations to Dr. Jerry V. Mosely, the plaintiff's physician, concerning these drugs. Complaint, ¶ 8. Based on these representations, the plaintiff was prescribed these drugs by her physician, *Id*. Defendant Wyeth argues that the individual defendants never promoted Pondimin and hence, said individual defendants can not be liable for the plaintiffs' injuries from Pondimin. Defendant's opposition, at 4. However, this argument goes to the merits of the plaintiff's claim against the individual defendants, which is not the issue before this court. The fact that plaintiff may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand. Rather, this court may only consider whether the plaintiff has the possibility of stating a valid cause of action against the non-diverse defendants. *Triggs*, 154 F.3d at 1287. The individual defendants admit that they promoted Redux to physicians based on information provided to them by Wyeth. *See e.g.*, Affidavit

---

[3]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

4

of defendant Wurm, ¶ 5, 7. Because the court need only find one possible valid cause of action against the non-diverse defendants, the court considers only the plaintiff's claim of fraud, misrepresentation and suppression (Count VI), which the plaintiff has pleaded against all defendants.[3]

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove (1) a false representation, (2) that the false representation concerned an existing material fact, (3) that the plaintiff relied on the false representation, and (4) that the plaintiff was damaged as a proximate result of the reliance. *Chase v. Kawasaki Motors Corp*, 140 F.Supp.2d 1280, 1291 (M.D.Ala.2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala.1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F.Supp.2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the

---

[3]The court has not considered whether Counts I-V state possibly valid causes of action against the individual defendants. Rather, as only one stated cause of action must have a possibility of validity to destroy diversity jurisdiction, the court makes no judgment as to any cause of action stated in the complaint other than the count for misrepresentation.

misrepresentation"). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F.Supp.2d 1168, 1174 (M.D.Ala.1999) (quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So.2d 390, 396 (Ala.1989).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, the drug representatives should have reasonably foreseen that the physicians' reliance on their representations would cause the prescription by the physicians of the products they promote to the physicians' patients for their consumption. There can be no other purpose to promote said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F.Supp.2d at 1293, citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934). *See also Ex parte Grand Manor Inc.*, 778 So.2d 173, 182 (Ala.2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff

6

is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff"); 37 Am. Jur. 2d § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them"). The court is therefore of the opinion that the plaintiff has stated a cause of action for misrepresentation against the non-diverse defendants.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud is such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App.1979).

Having reviewed the allegations set forth in Count VI of the plaintiff's complaint, the court finds such allegations do state a possible cause of action against the resident defendants. The plaintiff need not have a winning case against the

7

allegedly fraudulent defendant; she need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

DONE this the ___ day of February, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

8

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 04 FEB 27  AM 8: 30
MIDDLE DIVISION

U.S. DISTRICT COURT
N D OF ALABAMA

RHONDA P. BRADFORD, et al.,          )
                                     )
        Plaintiffs;                  )
                                     )     Case No.:  CV 03-P-3157-M
                                     )
v.                                   )
                                     )     **ENTERED**
WYETH, et al.,                       )
                                     )     FEB 27 2004
        Defendants.                  )

## ORDER

Pending before the court are several motions including Plaintiffs' Motion to Remand (Doc. #10) filed on December 22, 2003, and Plaintiffs' Motion for Emergency Hearing and/or Ruling (Doc. #34) filed on February 25, 2004.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, Judge Wm. Terrell Hodges, sent a letter to all judges, including the undersigned, involved with MDL-1203—*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*. In this notice, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on pending motions and in particular, motions to remand.

With this directive from the Judicial Panel in mind and based upon the analysis set forth in recent related remand decisions by other judges of this court, Plaintiffs' Motion to Remand is GRANTED, and this case is REMANDED to the Circuit Court of Etowah County. *See, e.g., Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-

36

TMP-29&-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Morshal, et al. v. Wyeth, Inc.. et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

  Accordingly, Plaintiffs' Motion for Emergency Hearing and/or Ruling (Doc. #34) is GRANTED IN PART as to the request for a ruling and DENIED IN PART as to the request for an emergency hearing. Plaintiffs' Motion for Sanctions (Doc. #10) is DENIED. Defendants' Motion to Stay (Doc. #23) filed on January 21, 2004, is DENIED. The various pending motions to strike (Docs. #24, #27, #29, #32) are MOOT. Defendants' Motion to Amend Answer (Doc. #16) filed on January 13, 2004, remains pending and will be transferred back with the court file to the Circuit Court of Etowah County.

  DONE and ORDERED this ___26-th___ day of February, 2004.

           _R. David Proctor_ (signature)
           R. DAVID PROCTOR
           UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
04 FEB 27 PH 3: 26
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN W. SMITH, )
)
    Plaintiff, )
)
v. )
)
WYETH, et al., )
)
    Defendants. )

Case No.: CV 04-P-226-M

**ENTERED**

FEB 2 7 2004

**ORDER**

On February 16, 2004, the court entered an Order staying this litigation pending action by the Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine (Dexfenfluramine) Products Liability Litigation*, MDL-1203. (Doc. #11). Based upon the analysis set forth in recent related remand decisions by other judges of this court, the stay is LIFTED, Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is GRANTED, and this case is REMANDED to the Circuit Court of DeKalb County. *See, e.g., Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth. et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 25, 2004 (Doc. #11); *Jevenari Marshal. et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #8) is DENIED.

DONE and ORDERED this ___27th___ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

04 FEB 27 AM 10: 28

| | |
|---|---|
| BOUDREAUX, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| WYETH, et al., | ) |
| | ) |
| Defendants. | ) |

Case No.: CV 04-P-227-M

**ENTERED**

FEB 27 2004

## ORDER

On February 18, 2004, the court entered an Order staying this litigation pending action by the Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine /Dexfenfluramine) Products Liability Litigation*, MDL-1203. (Doc. #11). Based upon the analysis set forth in recent related remand decisions by other judges of this court, the stay is LIFTED, Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is GRANTED, and this case is REMANDED to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #8) is DENIED.

COPY

| | Steve | | Lisa |
|---|---|---|---|
| | Tia | | Sheree |
| | Josh | | Kim |
| | Jimmy | | Robert |
| | Joel | | Meredith |
| | Lori | | Ashley |

02/27/2004 13:23 FAX 2052833638          R Stephen Jackson PC                    ☒004

DONE and ORDERED this _____27th_____ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
04 MAR -2 PH 3:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

MILDRED BRIDGES,           )
                          )
        Plaintiff,        )
                          )     CIVIL ACTION NO.
v.                        )     04-AR-0297-J
                          )
WYETH, et al.,            )
                          )
        Defendants.    :   )

ENTERED
MAR 02 2004

ORDER OF REMAND

For the separate and several reasons articulated by Honorable
Inge Johnson of this court in *Davis v. Wyeth, et al*, CV-03-J-3167-
J, and by other judges of this court in similar cases, this court
finds that it lacks subject-matter jurisdiction over the above-
entitled removed case. The court is not prepared to express the
belief that there is no reasonable possibility that Alabama courts
will allow the joinder of an agent of a manufacturer as a defendant
in an Alabama Extended Manufacturer's Liability Doctrine (AEMLD)
case. See the muddy water stirred by *Tillman v. R. J. Reynolds
Tobacco Co.*, ____ So. 2d ____, 2003 WL 21489707 (Ala.).
Accordingly, the motion to remand filed by plaintiff, Mildred
Bridges, is GRANTED, pursuant to 28 U.S.C. §1447(c), and the above-
entitled case is hereby REMANDED to the Circuit Court of Walker
County, Alabama, from which it was improvidently removed.

Defendant, Wyeth, has, in the alternative, requested a
certification for interlocutory appeal to the Eleventh Circuit
pursuant to 28 U.S.C. § 1292(b). Upon reflection, the court is

just as unwilling attempt to pass off to the Eleventh Circuit this serious question of Alabama law as it is to pass it off to the Multi-District Panel.

The Clerk is DIRECTED to effectuate this order.

The parties shall bear their own respective costs in this court.

DONE this ___ day of March, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

04 MAR -5 PH 2:02

U.S. DISTRICT COURT
N.D. OF ALABAMA

DEBRA HOUGH, et al.,                    )

    PLAINTIFF,                      )

                              )       CV-04-H-393-S

VS.                                     )

WYETH, et al.,            :            )       ENTERED

    DEFENDANTS.                     )       MAR 0 5 2004

ORDER OF REMAND

    The court has before it plaintiffs' emergency motion to remand filed March 2, 2004 and the response thereto of Wyeth filed on March 4, 2004 titled "Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding." Wyeth's motion includes a memo addressing the merits of a possible stay, and in paragraph one of Wyeth's motion counsel discusses a number of cases out of the three district courts in Alabama confronted with the same or a related issue with which this court is confronted. It is interesting to note that none of the ten very recent orders of Judges Clemon, Johnson, Bowdre, Proctor, and Acker, and Magistrate Judges Putnam and Armstrong of the Northern District of Alabama listed in footnote 3, *infra*, are included in the otherwise exhaustive list of relevant cases. The court also

has before it plaintiffs' opposition to Wyeth's motion to stay.[1]

It is clear to the undersigned that jurisdictional issues in a removed case should be decided as quickly as possible. The failure to do so may allow an improperly removed case to languish for many, many months before being remanded to state court.[2] Where a motion to remand is founded only on a claim of fraudulent joinder as is the circumstance before this court,[3] the motion can be resolved quickly. The court is to consider whether the removing party has met the onerous burden[4] of showing that "there

---

[1] Interestingly, plaintiff's opposition was filed on March 2, 2004 in "anticipation" of defendant's March 4, 2004 motion.

[2] It is not irrelevant that on February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, District Judge Wm. Terrell Hodges, sent a letter to all judges involved with MDL-1203 - In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation. In this letter, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on pending motions and in particular, motions to remand.

[3] Plaintiff's emergency motion to remand is based on the same issue recently addressed by the following judges in this district: Chief Judge U.W. Clemon (CV-03-C-2564-M), Judge William Acker (CV-04-AR-0297-J), Judge Karon Bowdre (CV-03-BE-2876-S and CV-04-BE-27-E), Judge Inge Johnson (CV-03-J-3167-J), Judge David Proctor (CV-03-P-3157-M and CV-04-P-226-M), Magistrate Judge Robert Armstrong (CV-03-RRA-3378-E), and Magistrate Judge Michael Putnam (CV-04-TMP-179-S and CV-04-TMP-295-S). All of these judges have entered remand orders in factually similar cases to the one with which this court is presented. However, the application of the law pertinent to removal and fraudulent joinder is particularly well stated in Judge Putnam's orders of remand, and therefore it is Magistrate Putnam's orders to remand which this court follows most closely.

[4] The standard facing the removing party is an onerous one because absent fraudulent joinder, plaintiffs have the absolute right to choose their forum.

is no possibility that the plaintiff can establish a cause of action against the resident defendant." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The merits of the claim against a diversity destroying defendant must not be weighed by the federal court; rather the task for the court is merely to determine whether the claim against a non-diverse defendant is a possible one under applicable state law. See id. The court must find joinder proper and remand to state court if there is any possibility that, on the facts as pled, the complaint states a cause of action against any non-diverse defendant. See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis added).

For the foregoing reasons, Wyeth's motion to stay is DENIED. And upon review of the record, the court is persuaded that under Alabama law the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry.

---

5 The removing party may also succeed in a claim for fraudulent joinder by proving that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe, 113 F.3d at 1538. Defendant Wyeth does not attempt to show fraudulent joinder by use of this second method.

6 Lavender and Cherry have given affidavits stating that they never advertised, assembled, created, designed, detailed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, sterilized, supplied, tested, or warranted the drug Pondimin. They also state that they never assembled, created, designed, distributed, labeled, made, manufactured, packaged, sold, sterilized, supplied, tested, or warranted the drug Redux. They assert that they were not aware of any alleged association between Pondimin and Redux and/or valvular heart disease until the time such an allegation was publicized.

Therefore, plaintiff's emergency motion to remand is GRANTED and this case is REMANDED to the Circuit Court of Blount County, Alabama for all further proceedings.

DONE this 5ᵗʰ day of March, 2004.

James H. Hancock
SENIOR UNITED STATES DISTRICT JUDGE

---

Nevertheless, Lavender and Cherry's alleged innocent misrepresentations understating the risks associated with the use of the combination of drugs for weight loss constitutes a possible cause of action under Alabama law.  See Ala. Code § 6-5-101 (Michie 1993); see also Ala. Pattern Jury Instructions Civil, 2d., APJI 18.03 (1993).

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MAR 8 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

JOAN REEDER,                    )
                                )
        Plaintiff,              )
                                )
        v.                      )        CIVIL ACTION NO.
                                )        04-T-066-N
WYETH, a corporation,           )
et al.,                         )
                                )
        Defendants.             )

-ORDER-

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiff's motion to remand. The court agrees with
plaintiff that this case should be remanded to state court.
First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiff has colorable claims
against such a defendant), see Coker v. Amoco Oil Co., 709
F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard
Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second,
there has not been fraudulent misjoinder of any resident

EOD  3/8/04

defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motions to remand, filed on January 30, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Elmore County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION    FILED

MAR  8 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

EARLENE BROGDEN, et al.,       )
                               )
        Plaintiffs,            )
                               )
    v.                         )    CIVIL ACTION NO.
                               )    04-T-068-S
WYETH, a corporation,          )
et al.,                        )
                               )
        Defendants.            )

ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.  The court agrees with
plaintiffs that this case should be remanded to state
court.  First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).
Second, there has not been fraudulent misjoinder of any

EOD  3-8-04

21

resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 30, 2004 (doc. no. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
04 MAR -9 AM 8: 29
U.S. DISTRICT COURT
N D OF ALABAMA

WILMA SUE EATON, et al.,      )
                             )
        Plaintiffs,          )
                             )      Case No.: CV 04-P-380-M
v.                         :  )
                             )
WYETH, et al.,               )      ENTERED
                             )
        Defendants.          )      MAR - 9 2004

ORDER

This case is before the court on Plaintiffs' Emergency Motion to Remand (Doc. # 9) filed on February 27, 2004; Defendant Wyeth's Motion for Entry of Briefing Schedule (Doc. # 10) filed March 2, 2004; and Defendant Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding (Doc. # 11) filed on March 4, 2004. Plaintiffs' motion is GRANTED, and this case is REMANDED to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. # 17); *Ann McGowan, et al. v. Wyeth, Inc., et al*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17). Defendant Wyeth's motions for entry of briefing schedule (Doc. # 10) and motion to stay (Doc. # 11) are DENIED.



DONE and ORDERED this _____ 8th _____ day of March, 2004.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


KIM ALLEN, et al.,                )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )        CIVIL ACTION NO.
                                  )        2:04cv0238-T
WYETH,                            )
et al.,                           )
                                  )
        Defendants.               )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553,

1561 (11th Cir. 1989). Second, there has not been
fraudulent misjoinder of any resident defendant (that is,
plaintiffs have reasonably joined such a defendant with
other defendants pursuant to Rule 20 of the Federal Rules
of Civil Procedure), see Tapscott v. MS Dealer Service
Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE
of the court that plaintiffs' motion to remand, filed on
March 12, 2004 (doc. no. 7), is granted and that,
pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded
to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other outstanding
motions are denied.

The clerk of the court is DIRECTED to take
appropriate steps to effect the remand.

DONE, this the 9th day of April, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


EUNICE CHESTNUT, et al.,      )
                              )
        Plaintiffs,           )
                              )
        v.                    )       CIVIL ACTION NO.
                              )        1:04cv0295-T
WYETH,                        )
et al.,                       )
                              )
        Defendants.           )

                            ORDER

     This lawsuit, which was removed from state to

federal court based on diversity-of-citizenship

jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before

the court on plaintiffs' motion to remand.  The court

agrees with plaintiffs that this case should be remanded

to state court.  First, there has not been _fraudulent_

_joinder_ of any resident defendant (that is, plaintiffs

have colorable claims against such a defendant), _see_

_Coker v. Amoco Oil Co._, 709 F.2d 1433, 1440 (11th Cir.

1983); _Cabalceta v. Standard Fruit Co._, 883 F.2d 1553,

1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on April 1, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 3th day of May, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



03/29/2004 16:03 FAX 2052520538          K Stephen Jackson, PC          ☒ 001

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

M. REBECCA CROSS, et al.,                    )
                                              )
          Plaintiffs,                         )
                                              )
                                              )      CIVIL ACTION NO.
     v.                                       )      03-0882-BH-M
                                              )
WYETH, et al.,                                )
                                              )
          Defendants.                         )

ORDER

This action is before the Court on plaintiffs' motion (Doc. 14) to reconsider and to

lift the stay imposed on February 19, 2004 (Doc. 13), and thus to reverse the Court's prior

denial of plaintiffs' motion to remand (Docs. 6 and 7). Upon consideration of the parties'

oral arguments presented on March 15, 2004, as well as those set forth in Wyeth's

Supplemental Response (Doc. 19), and all other pertinent portions of the record, the Court

concludes that plaintiffs' motion to reconsider is due to be granted because the Court

lacked jurisdiction at the outset to enter an order denying plaintiffs' motion to remand and

in imposing a stay until the action could be transferred for consolidation with the pending

MDL-1203 case.

As recognized by other federal Courts in Alabama, the grounds upon which Wyeth

contends that the Wyeth Sales Representatives Paul Windham and John Land have been

fraudulently joined go to the merits of plaintiffs' claims against these individual resident

03/29/2004 16:03 FAX 2052523536          K Stephen Jackson PC                                    ☐ 012

defendants, which is not a proper inquiry for this Court, rather than the viability of the claims themselves.[1] *See e.g., Martha M. Davis v. Wyeth, et al.*, Civil Action No. CV 03-J-3167-J (N.D. Ala. February 25, 2004)(J. Johnson). *See also, Michael Hall, et al. v. Wyeth, et al.*, Civil Action No. CV 04-J-0434-NE (N.D. Ala. March 9, 2004)(J. Johnson); *Smith v. Wyeth et al.*, Civil Action No. CV 04-P-226-M (N.D. Ala. February 27, 2004)(J. Proctor); *Sharon C. Crittenden, et al., v. Wyeth, et al.*, Civil Action No. 03-T-920-N (M.D. Ala. November 21, 2003)(J. Thompson); *Pamela Floyd, et al., v. Wyeth, et al.*, Civil Action No. 03-C-2564-M (N.D. Ala. October 20, 2003)(J. Clemon); *Haleb v. Merck & Co., Inc., et al.*, Civil Action No. CV 03-AR-1026-M (N.D. Ala. June 26, 2003) (J. Acker). This Court cannot declare at this juncture of the litigation that "there is no possibility that the plaintiff[s] can prove a cause of action against the resident (non-diverse) defendant[s]," a prerequisite to any declaration that the resident defendants were fraudulently joined. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). *See also, Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have the possibility of stating a valid cause of action in order for the joinder to be legitimate.").

For the above stated reasons, it is ORDERED that the Orders entered by this Court on February 5, 2004 (Doc. 11) denying plaintiffs' motion to remand and February 19, 2004

---

[1]Consequently, Wyeth's reliance on such cases as *Fisher v. Comer Plantation, Inc.* 772 So.2d 455 (Ala. 2000), and *Speigner v. Howard*, 502 So.2d 367 (Ala. 1987), is misguided because they were decided on the merits on motions for summary judgment following the completion of discovery

2

03/28/2004 16:03 FAX 2052523536          K Stephen Jackson PC                              ☑003

(Doc. 13) granting Wyeth's motion to stay, be and are hereby VACATED AND SET ASIDE. In lieu thereof, it is now ORDERED that plaintiffs' motion to remand (Doc. 6) be and is hereby GRANTED. The Clerk is directed to take such steps as are necessary to transfer this case back to the Circuit Court of Dallas County, Alabama, from whence it was removed.

As a final matter, the Court acknowledges that plaintiffs' motion to remand also contained a motion for sanctions against Wyeth. The Court concludes, however, that sufficient questions existed concerning the appropriateness of removal, as evidenced by this Court's initial decision to deny remand, to preclude the requisite finding that the removal in this case was not only improvident but done in bad faith. It is therefore ORDERED that plaintiffs' motion for sanctions be and is hereby DENIED.

DONE this 29th day of March, 2004.

s/ W. B. Hand
SENIOR DISTRICT JUDGE

3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

JERRY BRADEN, et al.,          )
                               )
        Plaintiffs,            )
                               )
    v.                       : )      CIVIL ACTION NO.
                               )        1:04cv0384-T
                               )
WYETH, etc.,                   )
et al.,                        )
                               )
        Defendants.            )

ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.    The court agrees with
plaintiffs that this case should be remanded to state court.
First, there has not been fraudulent joinder of any resident
defendant (that is, plaintiffs have colorable claims against
such a defendant), see Coker v. Amoco Oil Co., 709 F.2d
1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit
Co., 883 F.2d 1553, 1561 (11th Cir. 1989).    Second, there
has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on April 27, 2004 (doc. no. 9), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Coffee County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA CULPEPPER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:04cv0411-T |
| | ) | |
| WYETH, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.   The court agrees with
plaintiffs that this case should be remanded to state court.
First, there has not been fraudulent joinder of any resident
defendant (that is, plaintiffs have colorable claims against
such a defendant), see Coker v. Amoco Oil Co., 709 F.2d
1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit
Co., 883 F.2d 1553, 1561 (11th Cir. 1989).   Second, there
has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 10), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| LONNE KING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:04cv0409-T |
| WYETH, INC., etc., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This lawsuit, which was removed from state to federal

court based on diversity-of-citizenship jurisdiction, 28

U.S.C.A. §§ 1332, 1441, is now before the court on

plaintiffs' motion to remand.  The court agrees with

plaintiffs that this case should be remanded to state court.

First, there has not been fraudulent joinder of any resident

defendant (that is, plaintiffs have colorable claims against

such a defendant), see Coker v. Amoco Oil Co., 709 F.2d

1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit

Co., 883 F.2d 1553, 1561 (11th Cir. 1989).  Second, there

has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 1), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| VICTORIA BENNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:04cv0416-T |
| WYETH, INC., etc., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant

with other defendants pursuant to Rule 20 of the Federal

Rules of Civil Procedure), see Tapscott v. MS Dealer Service

Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of

the court that plaintiffs' motion to remand, filed on May

4, 2004 (doc. no. 9), is granted and that, pursuant to 28

U.S.C.A. § 1447(c), this cause is remanded to the Circuit

Court of Crenshaw County, Alabama.

It is further ORDERED that all other outstanding

motions are denied.

The clerk of the court is DIRECTED to take appropriate

steps to effect the remand.

DONE, this the 2nd day of June, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



**VIOXX®**
(rofecoxib)



"I am concerned with the potential edema that occurs with Vioxx."

FILED

JAN 3 0 2006

RUSTY NICHOLS, CLERK
Marengo County, Alabama

Confidential—Disclosure to
Unauthorized Persons forbidden
by Order of the United States District
Court of Southern District of Illinois



PLAINTIFF'S
EXHIBIT
"E"

LEH 0115297



## VIOXX® (rofecoxib)



OBSTACLE 1

"I am concerned about the
cardiovascular effects of Vioxx?"

Confidential—Disclosure to
Unauthorized Persons forbidden
by Order of the United States District
Court of Southern District of Illinois

LEH 0115300





"The competition has been in my
office telling me that the incidence
of heart attacks is greater with
Vioxx than Celebrex."

Confidential—Disclosure to
Unauthorized Persons forbidden
by Order of the United States District
Court of Southern District of Illinois

LEH 0115301

 **MERCK**

MEMO

TO:      All Field Personnel with Responsibility for VIOXX

FROM:      Market Integration Team for VIOXX

SUBJECT:      Top Ten Obstacle Handlers

Enclosed is the complete Obstacle Handling Guide for VIOXX. This Guide includes all obstacle responses issued since the launch of VIOXX. Though it is important for you to be familiar with all of the obstacle handlers, the following Top Ten Obstacle Handlers are the most important obstacle handlers at this time as they center around current issues in the field.

## Cardiovascular Events

Obstacle Response #7- "Can VIOXX be used in patients using low dose aspirin?"

Obstacle Response #23- "I am concerned about the cardiovascular effects of VIOXX."

Obstacle Response #38- "The competition has been in my office telling me that the incidence of heart attacks (or cardiovascular events) is greater with VIOXX than Celebrex." OR "I just read (or heard) a news story stating that VIOXX has a higher incidence of heart attacks than Celebrex."

## Renal Effects

Obstacle Response #4- "I am concerned about the potential edema that occurs with VIOXX."

Obstacle Response #20- "Can I use VIOXX with Ace Inhibitors?"

Obstacle Response #31- "I am concerned about dose-related increases in hypertension with VIOXX."

## VIOXX 50mg Tablet

Obstacle Responses #9 and 9a- "Why wasn't VIOXX 50mg studied for longer than five days in acute pain?" OR "VIOXX cannot be used for longer than five days when treating patients for acute pain."

Obstacle Response #30- "Searle/Pfizer just presented me with new data which showed that Celebrex 800mg daily did not exhibit dose dependent increases in side effects compared to the OA and RA doses, and that VIOXX exhibited dose dependent increases in side effects with the 50mg dose."

## General

Obstacle Response #26- "I use Celebrex. I'm concerned about the safety profile of VIOXX."

Obstacle Response #34- "I understand the new COX-2 agent, MOBIC, was just approved."

FILED

JAN 3 0 2006

RUSTY NICHOLS, CLERK
Marengo County, Alabama

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER III
ABRUSLEY V. MERCK, et al
(02-0196 W D. La.)



MRK-ABR 0017647



23. "I am concerned about the cardiovascular effects of VIOXX."

24. "Your PI states that VIOXX provided a significant reduction in OA pain after one to two weeks. Why should I use VIOXX when Celebrex states OA patients achieved significant reduction in pain within 24-48 hours after initiation of dosing?"

25. "Do I have to discontinue VIOXX pre or post-operatively?"

26. "I use Celebrex. I'm concerned about the safety profile of VIOXX. (Cumulative vs. Additive clarification)

27. "Why are you telling me <u>not</u> to prescribe Celebrex for sulfa-allergic patients when Hyzaar has the same contraindication?"

28. "The two recent JAMA articles showed that Celebrex provided greater reductions in events than VIOXX." OR "It looks like there are still a lot of PUB's in the VIOXX group; why is the reduction only 50% and not 100%?"

29. "I understand Celebrex just received an FDA approval for prevention of cancer. Is VIOXX receiving a similar indication soon?"

30. "Searle/Pfizer just presented me with new data which showed that Celebrex 800mg daily did not exhibit dose dependent increases in side effects compared to the OA and RA doses, and that VIOXX exhibited dose dependant increases in side effects with the 50mg dose."

31. "I am concerned with dose-related increases in hypertension with VIOXX."

32. "Celebrex must be a safer agent  Unlike VIOXX, Celebrex outcomes data did not show any increases in myocardial infarctions or stroke."

33. "Why didn't VIOXX report the p-values for its' OUTCOMES STUDY?" DELETED

34 "I understand the new COX-2 agent, Mobic, was just approved."

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER IN
ABRUSLEY V MERCK, et al.
(02-0196 W.D La )

4

MRK-ABR 0017651



Clarify:
What is your specific concern?

The physician may respond:
(A) "I am hesitant to use VIOXX in my patients because it may worsen CHF," or
(B) "VIOXX has the potential to increase the risk of MI."

Response to (A) "I am hesitant to use VIOXX in my patients because it may worsen CHF."
Doctor, as you know, there are precautions you should take when prescribing any NSAID for your patients with CHF. Because once daily VIOXX® is an NSAID, you should consider taking these same precautions when considering the use of once daily VIOXX® for this specific patient population.

Clinical trials with once daily VIOXX® 12.5 mg and 25 mg have shown renal effects such as hypertension and lower extremity edema similar to those observed with comparator NSAIDs. VIOXX® should be used with caution and should be introduced at the lowest recommended dose in patients with fluid retention, hypertension, or edema.

(NOTE: If the physician asks about concomitant use with ACEIs, refer to Obstacle Response No. 20.)

Transition back to the HI COXIB or HI NSAID messages for VIOXX.

Reference:
VIOXX PI ⇒ Precautions ⇒ Renal Effects (V33)
VIOXX PI ⇒ Precautions ⇒ Fluid Retention and Edema  (V35)

Response to (B) "VIOXX increases the risk of MI."

MRK-ABR 0017685

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER IN
ABRUSLEY V MERCK, et al
(02-0196 W D. La)

Doctor, once daily VIOXX has no effect on platelet aggregation, and therefore would not be expected to demonstrate reductions in MI or other CV events.  Agents such as low-dose aspirin are routinely prescribed for CV patients for their effect on the inhibition of platelet aggregation.  Therefore, once daily VIOXX® is not a substitute for aspirin for cardiovascular prophylaxis.  However, once daily VIOXX 50 mg had no effect on the anti-platelet activity of low dose (81 mg daily) aspirin when the two were given together.

(Refer to Obstacle Response No. 7.)

If probed further:
Offer to submit a PIR.

Transition back to the HI COXIB or HI NSAID messages for VIOXX.


Reference:
VIOXX PI ⇒ Precautions ⇒ Aspirin (V41)

CONFIDENTIAL -- SUBJECT TO
PROTECTIVE ORDER IN
ABRUSLEY V MERCK, et al.
(02-0196 W.D La )

MRK-ABR 0017686

COPY

[redacted]

Doctor, there are no head-to-head studies comparing the cardiovascular profile of the two drugs. As a result, you cannot compare the drugs and conclude that one drug had fewer events than the other. What you may be referring to is press reports of the incidence rates in two separate studies. In the VIOXX GI Outcomes Trial (VIGOR), the incidence of MI was 0.4% with VIOXX and 0.1% with naproxen. Upon further analysis, four percent of patients in the VIOXX GI Outcomes Study had experienced a cardiac event such as a heart attack or stroke before entering the study and thus met the established criteria for the use of aspirin for secondary CV prophylaxis. In the remaining 96% of patients for whom aspirin was not indicated for secondary CV prophylaxis, the incidence of MI was lower—0.2% for VIOXX and 0.1% for naproxen. This difference was not statistically significant.

In a separate GI outcomes trial of Celebrex, the CLASS study, Searle has reported that the incidence of MI was 0.5% with Celebrex, 0 3% with diclofenac, and 0.5% with ibuprofen. They also presented data for patients who were not prescribed aspirin. In this group, the incidence of MI was 0.2% for Celebrex and 0.1% for the comparator NSAIDs Again, doctor, I want to emphasize that the results of two different studies can't be compared, and that's particularly true here when you have studies of differing duration and in different patient populations.

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER IN
ABRUSLEY V. MERCK, et al
(02-0196 W.D La.)

If needed, continue to address the physicians concerns with the cardiovascular effects of VIOXX by guiding them through the Cardiovascular Card as outlined in Roadmap for the CV Card.

Transition back to the HI COXIB or HI NSAID messages for VIOXX

NOTE: There will be an additional PIR to address these issues available shortly.

If the doctor asks you further for the incidence of MI from the OA studies presented in the package insert for VIOXX tell them,

In the clinical OA trials for VIOXX reported in our package insert, the incidence of MI was less than 0.1% with VIOXX.

If needed, continue to address the physicians concerns with the cardiovascular effects of VIOXX by guiding them through the Cardiovascular Card as outlined in Roadmap for the CV Card.

Transition back to the HI COXIB or HI NSAID messages for VIOXX.

Remember to provide appropriate balancing information as part of all product discussions.

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER IN
ABRUSLEY V. MERCK, et al
(02-0195 W.D. La.)

No. COX 01-007
Feb 09, 2001



**Bulletin for VIOXX®:**
**FDA Arthritis Advisory Committee Meeting for VIOXX®**

<u>TO</u>:

All field personnel with responsibility for VIOXX®            Action Required
National Account Executives                                            Background Information
and Customer Managers (All Segments)

*DO NOT INITIATE DISCUSSIONS ON THE FDA ARTHRITIS ADVISORY*
*COMMITTEE (ADVISORY COMMITTEE) REVIEW OR THE RESULTS OF THE*
*VIOXX® GI OUTCOMES RESEARCH (VIGOR) STUDY. YOU MAY RESPOND TO*
*CUSTOMER INQUIRIES ONLY AS OUTLINED BELOW.*

<u>Introduction</u>:

As previously communicated in June 2000, Merck submitted a supplemental NDA for
VIOXX based upon the VIOXX GI Outcomes Research study (VIGOR). In this study,
VIOXX 50mg daily significantly reduced the risk of serious gastrointestinal side effects
by 54% vs. naproxen 1000mg daily. On Thursday, Feb 8, Merck and the FDA reviewed
the study with the FDA's Arthritis Advisory Committee.

The purpose of this bulletin is to provide you with important, updated background
information based on the results of this meeting and actions required by you.

<u>Action Required</u>:

1.  Stay focused on the EFFICACY messages for VIOXX
2.  Utilize the PIR system to respond to unsolicited physician inquiries
3   Review the updated background Q&A
4.  Review the updated obstacles and responses for your physicians
5.  Do not initiate discussions or respond to questions, except as outlined below

<u>Stay Focused on Efficacy</u>

It is critical that we remain focused on the 1S HI NSAID and HI COXIB messages for
VIOXX with our targeted physicians   As discussed at your 1S District Meetings, <u>both</u> the
OA efficacy data and the new acute pain narcotic efficacy data for VIOXX will continue to
solidify the efficacy perception of VIOXX. Use the new core visual aid for VIOXX and the

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER IN
ABRUSLEY V. MERCK, et al.
(02-0195 W.D. La )



EXHIBIT
"G"

MRK-ABR 0017219

OA Efficacy Stock Bottle Challenge program to challenge physicians to gain experience with the 24 hour efficacy of VIOXX.

---

Physician Inquiries:

In response to unsolicited requests for information regarding VIGOR, Medical Services will make a personalized, faxable PIR available for your customers within 24 hours  In addition, for those customers who request additional information, a separate, more comprehensive PIR packet can be Federal Expressed within 2 days.

Medical Services has made arrangements to extend the hours for the PIR hotline. Representatives should submit unsolicited PIR requests by either telephone or fax options from 2/9 through 2/23 by calling the PIR hotline 800MERCK66 (800-637-2566) during extended hours of 8:30 am to 6:30pm ET.  During these hours, a staff member will verbally request the following information from you to process the PIR request from the HCP  [After this time, the usual method options of INSIGHT, PIR hotline (800MERCK 66 -- hours: 8:30 -- 4:30pm ET) and fax can be followed].

Faxable PIR Instructions:

- Your name, field title and RDT
- The requesting HCP's full name and professional degree
- HCP's full mailing address
- HCP's phone number
- HCP's FAX number
- Provide the question(s) asked by the HCP.

PIR Requests may also be sent to Medical Services from 4:30 pm -- 8:30am ET by leaving a voice message at 800MERCK66.  The information as listed above should be provided in your voice message to Medical Services staff. Additionally, PIR requests may be submitted to Medical Services in writing by sending a fax to 800MERCK66.  The information listed above should be included on your fax to Medical Services.

In Summary:

- If requested, a summary of the PIR will be faxed within 24 hours of receiving the request.
- If the physician requests more comprehensive information on the VIGOR study, you may request the comprehensive PIR.  This will be sent via Fed'EX within 2 days.
- Transition your discussion to the current strategy and messages for VIOXX®
- Do not proactively discuss the Advisory Committee Meeting or VIGOR.  Respond to questions about the study by requesting a PIR and in accordance with the obstacle-handling guide.

Updated Q&A Guide:

This is background information only

---

CONFIDENTIAL -- SUBJECT TO
PROTECTIVE ORDER IN
ABRUSLEY V. MERCK, et al
(02-0196 W.D. La.)

MRK-ABR 0017220