IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROSEMARY LEVERETT, Individually and as Executrix of the Estate of HUGH ROBERT LEVERETT, deceased,<br><br>   Plaintiff,<br>v.<br><br>MERCK & CO., Inc., et al.,<br><br>   Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*  CASE NO. 2:06cv476<br>*<br>* |

### SUPPLEMENT TO PLAINTIFF'S MOTION TO REMAND AND SUPPORTING BRIEF

**COMES NOW** the Plaintiff, Rosemary Leverett, by and through her counsel of record, and supplements her previously filed motion to remand and supporting brief by submitting the recent opinion of the Eleventh Circuit Court of Appeals: <u>Henderson v. Washington National Insurance</u>, ___ F. 3d ___ (11th Cir. 2006), attached hereto for the Court's convenience.

In the decision, the Court wrote:

> Our task is not to gauge the sufficiency of the pleadings in his case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient to invoke <u>Ala.Code § 6-2-3</u>. Henderson's patchy allegations may ultimately prove insufficient, but we are unable to say there is no possibility she has asserted a colorable claim for tolling under <u>Ala.Code § 6-2-3</u>, whether or not pleading fraudulent concealment is required.
>
> Because we believe that there exists a sufficiently substantial question as to whether Henderson has successfully pled fraudulent concealment under Alabama law, we hold that the district court erred in finding fraudulent joinder and denying Henderson's remand motion. In this case, the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state

1

judiciaries that our federal system demands. *Cf. Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109-09, 61 S.Ct.868, 872, 85 L.Ed. 1214 (1941). We therefore reverse the district court's denial of the motion to remand.

The Eleventh Circuit Court of Appeals has again reiterated that federal district courts should defer issues regarding state court jurisdiction, especially when that jurisdiction is based upon diversity issues, to the state courts, and the Court noted that the burden of the defendant is a great one which cannot be overcome by simply claiming fraudulent joinder.

**WHEREFORE,** the Plaintiff respectfully requests this Court to remand this cause to the Circuit Court of Tallapoosa County without further delay.

Respectfully submitted this 24th day of July, 2006.

/s/ Benjamin L. Locklar
**ANDY D. BIRCHFIELD, JR. (BIR006)**
**J. PAUL SIZEMORE (SIZ004)**
**BENJAMIN L. LOCKLAR (LOC009)**
**W. ROGER SMITH, III (SMI257)**
**Attorneys for Plaintiff**

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 24th day of June, 2006.

Alan T. Hargrove, Jr.
Mike Brock
F. Chadwick Morriss
**RUSHTON, STAKELY, JOHNSTON
 & GARRETT, P.A.**
Post Office Box 270
Montgomery, Alabama  36101-0270

                                                        /s/ Benjamin L. Locklar
                                                        **OF COUNSEL**

Westlaw.

2006 WL 1867353                                                                                                    Page 1
--- F.3d ----, 2006 WL 1867353 (11th Cir.(Ala.)), 19 Fla. L. Weekly Fed. C 743
(Cite as: 2006 WL 1867353 (11th Cir.(Ala.)))

**Briefs and Other Related Documents**

United States Court of Appeals,
Eleventh Circuit.
Jacqueline D. HENDERSON, Plaintiff-Appellant,
v.
WASHINGTON NATIONAL INSURANCE
COMPANY, Conseco Services LLC, et al.,
Defendants-Appellees.
No. 05-15639.

July 7, 2006.

**Background:** Insured, an Alabama resident, filed suit in state court against insurer, an Illinois corporation, another Indiana corporation, and another Alabama resident, alleging fraud. The two corporate defendants removed the case, alleging fraudulent joinder of the defendant who was an Alabama resident, and moved to dismiss for failure to state a claim. Insured moved to remand. The United States District Court for the Northern District of Alabama, No. 04- 02433-CV-B-S, Sharon Lovelace Blackburn, J., denied motion to remand, and granted corporate defendants' motion to dismiss. Insured appealed.

**Holding:** The Court of Appeals, Goldberg, Judge of the United States Court of International Trade sitting by designation, held that insured presented substantial question regarding whether she sufficiently pled fraudulent concealment under Alabama law, and therefore, remand was warranted.
Reversed in part, vacated in part, and remanded.

[1] Removal of Cases ⚜107(9)

334k107(9) Most Cited Cases
Court of Appeals reviews the district court's denial of a motion to remand following removal de novo.

[2] Federal Courts ⚜776
170Bk776 Most Cited Cases

[2] Federal Courts ⚜794
170Bk794 Most Cited Cases
Court of Appeals reviews the district court's grant of defendants' motion to dismiss for failure to state a claim de novo, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

[3] Removal of Cases ⚜36
334k36 Most Cited Cases

[3] Removal of Cases ⚜102
334k102 Most Cited Cases
When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court; the plaintiff is said to have effectuated a "fraudulent joinder," and the court may appropriately assert its removal diversity jurisdiction over the case. 28 U.S.C.A. § 1441(b).

[4] Removal of Cases ⚜36
334k36 Most Cited Cases

[4] Removal of Cases ⚜107(7)
334k107(7) Most Cited Cases
A defendant seeking to prove that a co-defendant was fraudulently joined to defeat removal to federal court on diversity grounds must demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court; the defendant must make such a showing by clear and convincing evidence. 28 U.S.C.A. § 1441(b).

[5] Removal of Cases ⚜102
334k102 Most Cited Cases
Ordinarily, where the viability of a plaintiff's claim under Alabama law against a non-diverse defendant depends on whether Alabama's savings clause to the statute of limitations applies, the case should be remanded summarily to state court if it has been removed; such a question is emphatically a matter for the state courts to decide. Ala.Code 1975, § 6-2-3.

[6] Removal of Cases ⚜36
334k36 Most Cited Cases

[6] Removal of Cases ⚜102
334k102 Most Cited Cases
Allegations by insured, an Alabama resident, that insurer and other defendants, including a non-diverse Alabama resident, fraudulently suppressed and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:06-cv-00476-MHT-SRW    Document 13    Filed 07/24/2006    Page 5 of 9

2006 WL 1867353
--- F.3d ----, 2006 WL 1867353 (11th Cir.(Ala.)), 19 Fla. L. Weekly Fed. C 743
(Cite as: 2006 WL 1867353 (11th Cir.(Ala.)))

Page 2

concealed actual basis for premium increases in insured's group policy, and that defendants made affirmative misrepresentations after the fact of such fraud in order to conceal the truth from insured, presented substantial question regarding whether insured sufficiently pled fraudulent concealment under Alabama law, as required to toll statute of limitations on insured's state law fraud claims, and therefore, remand of case to state court was warranted, following removal on diversity grounds and claim of fraudulent joinder of non-diverse defendant. Ala.Code 1975, § 6-2-3; Ala.Rules Civ.Proc., Rule 9(b).

[7] Pleading ⚷18
302k18 Most Cited Cases
Under Alabama law, a plaintiff must use more than generalized or conclusionary statements when setting out the allegations of fraud. Ala.Rules Civ.Proc., Rule 9(b).

[8] Pleading ⚷18
302k18 Most Cited Cases
The purpose of the requirement under Alabama law that fraud must be pleaded with particularity is to give fair notice to a defendant of the substance of the charges. Ala.Rules Civ.Proc., Rule 9(b).
Michael A. Youngpeter, Steve Olen, Stephen Russell Copeland, Olen, Nicholas & Copeland, P.C., Mobile, AL, for Henderson.

Paul P. Bolus, Christian Watson Hancock, Jason A. Walters, Gary L. Howard, Francis Asbury Flowers, III, Burr & Forman, LLP, Charles D. Stewart, Spain & Gillon, LLC, Birmingham, AL, for Defendants-Appellees.

Appeal from the United States District Court for the Northern District of Alabama.

Before HULL and WILSON, Circuit Judges, and GOLDBERG [FN*], Judge.

GOLDBERG, Judge:

*1 In this case, appellant Jacqueline D. Henderson ("Henderson"), an Alabama resident, brought a fraud case in Alabama state court against appellees **Washington National** Insurance Company and Conseco Services, LLC (together, "the diverse defendants") [FN1]. Henderson also named Thomas B. Haney ("Haney"), an Alabama resident, as a defendant in the case. [FN2] The diverse defendants removed the case to the district court, alleging that Haney had been fraudulently joined, and moved to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Henderson moved to remand the case back to Alabama state court. The district court denied Henderson's motion to remand and later granted the diverse defendants' motion to dismiss. Henderson now appeals both of those rulings. In deciding not to remand, the district court held that there was no possibility that Henderson could maintain a cause of action against the domestic defendant Haney. Because we believe there exists at least *some* possibility that Henderson's claim against Haney is viable under applicable Alabama state law, we reverse and remand.

I. *BACKGROUND*
Henderson filed her complaint against the defendants in the Alabama Circuit Court of Jefferson County on June 28, 2004. The complaint alleged that the defendants engaged in fraud by concealing the true nature of a group insurance policy Henderson purchased in 1995. Henderson claimed that the defendants misrepresented the method according to which the group premiums were assessed. Specifically, instead of spreading the premium costs over all policyholders as with a typical group policy, the defendants allegedly placed the policyholders who had experienced illness or injury in a separate "group" and calculated their premiums on a separate basis, resulting in higher premiums. Henderson's complaint alleged that her premiums increased dramatically as the years went on. In addition, she claimed her discovery of the fraud was hindered by the "continuing nature" of the fraud that involved the defendants' marketing, sale, and servicing of the policies. Henderson further alleged that during their correspondence with Henderson during the period of increasing premiums, the defendants concealed the nature of the fraud by insisting that the increases were based on the group coverages. The complaint also contained contract claims, but only against the diverse defendants. Of all the named defendants, only Haney was a citizen of Alabama.

On August 6, 2004, the diverse defendants filed a notice of removal with the U.S. District Court for the Northern District of Alabama. The notice of removal claimed that Haney had been fraudulently joined to defeat otherwise valid diversity jurisdiction. A week later, both Haney and the diverse defendants moved to dismiss the case, claiming that Alabama's two-year statute of limitations for fraud cases, see Ala.Code § 6-2-38(*l*), rendered Henderson's claims time-barred. On September 7, 2004, Henderson moved to remand the case back to state court. On March 23, 2005, the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:06-cv-00476-MHT-SRW   Document 13   Filed 07/24/2006   Page 6 of 9

2006 WL 1867353
--- F.3d ----, 2006 WL 1867353 (11th Cir.(Ala.)), 19 Fla. L. Weekly Fed. C 743
(Cite as: 2006 WL 1867353 (11th Cir.(Ala.)))

Page 3

district court denied Henderson's motion to remand on the grounds that Haney was fraudulently joined. The district court found that Ala.Code § 6-2-38(*l*), and the inapplicability of the tolling statute, *see* Ala.Code § 6-2-3, precluded any possibility that Henderson could prevail against the in-state defendant Haney, which thus ensured complete diversity of citizenship. On the same day, the district court granted Haney's motion to dismiss and dismissed Henderson's claims against Haney with prejudice. On September 12, 2005, the district court dismissed the remaining claims against the diverse defendants as similarly untimely under Ala.Code § 6-2-38(*l*).

II. *DISCUSSION*
A. *Standard of Review*

*2 [1][2] We review the district court's denial of Henderson's motion to remand *de novo*. *See Pacheco de Perez v. AT&T Corp.*, 139 F.3d 1368, 1373 (11th Cir.1998). We review the district court's grant of defendants' motion to dismiss for failure to state a claim *de novo* as well, and we must accept all factual allegations in the complaint as true and "construe them in the light most favorable to the plaintiff." *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004) (quotation marks omitted).

B. *Motion to Remand*

An action in state court may be removed to federal court when the federal courts have diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche*, --- U.S. ----, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005) (citing 28 U.S.C. § 1441(b)). Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship.

[3][4] When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* The defendant must make such a showing by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962). [FN3]

In this case, the defendants do not allege that Henderson has fraudulently pled facts; instead, they claim that there is no possibility that Henderson could maintain a cause of action against Haney, the non-diverse defendant. The district court agreed with the defendants, holding that any claim against Haney must fail as a matter of law as time-barred under Alabama's two-year statute of limitations for fraud claims, *see* Ala.Code § 6-2-38(*l*). Therefore, the district court was correct to deny the motion to remand only if there was *no possibility* that Henderson could have maintained a cause of action against Haney in Alabama state court.

*3 [5] The prima facie untimeliness of Henderson's claim is undisputed. The events giving rise to the claim occurred in 1995, but Henderson did not file her complaint until June 2004, well beyond the two-year statute of limitations. Instead, the dispute centers around the availability *vel non* of tolling under the savings clause of Ala.Code § 6-2-3. That statute provides that in fraud cases, the cause of action does not accrue until "the discovery by the aggrieved party of the fact constituting the fraud." Ala.Code § 6-2-3. Ordinarily, where the viability of a plaintiff's claim against a non-diverse defendant depends on whether section 6-2-3's savings clause applies, the case should be remanded summarily; such a question is emphatically a matter for the state courts to decide. *Cf. Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] all doubts about jurisdiction should be resolved in favor of remand to state court.").

However, in this case the district court held that *as a matter of law* Henderson's complaint could not succeed against Haney. [FN4] Essentially, the district court made, successively, a legal determination and a factual determination: first, it held that pleading fraudulent concealment was a necessary element of an Ala.Code § 6-2-3 tolling claim in a fraud case; and second, it claimed that Henderson's complaint

2006 WL 1867353
--- F.3d ----, 2006 WL 1867353 (11th Cir.(Ala.)), 19 Fla. L. Weekly Fed. C 743
(Cite as: 2006 WL 1867353 (11th Cir.(Ala.)))

Page 4

did not, in fact, plead fraudulent concealment. In light of those two findings, the district court found that any court would be compelled to deny the applicability of tolling on these facts.

We will first examine the district court's legal determination that there exists a fraudulent concealment pleading requirement. The defendants point to a line of Alabama Supreme Court cases that require a plaintiff seeking to toll a statute of limitations to plead that the defendant fraudulently concealed the nature of the fraud. It is uncontroversial that fraudulent concealment must be pled in order to toll the statute of limitations in non-fraud cases. [FN5] See, e.g., Garrett v. Raytheon Co., 368 So.2d 516, 519 (Ala.1979); see also Sellers v. A.H. Robins Co., Inc., 715 F.2d 1559, 1561 n. ** (11th Cir.1983); Barton v. Am. Red Cross, 804 F.Supp. 1455, 1460 (M.D.Ala.1992). At issue before the district court was whether such a requirement exists in fraud cases as well.

Because the explicit terms of Ala.Code § 6-2-3 run the statute automatically from the "discovery ... of the fact constituting the fraud[,]" a strict textual reading of the statute may suggest that a plaintiff need not plead fraudulent concealment to toll the statute in fraud cases. Over the years, though, Alabama state courts have at times applied the pleading requirement to fraud cases as well. While the state of the fraudulent concealment pleading requirement in the context of Alabama fraud cases has often been difficult to discern [FN6], a recent fraud decision, Smith v. Nat'l Sec. Ins. Co., 860 So.2d 343 (Ala.2003), seems to be the clearest statement on the issue.

*4 In Smith, the plaintiff alleged an insurance fraud similar to the underlying fraud in this case. The complaint was filed nearly four years after the events alleged therein took place. The plaintiff claimed tolling was appropriate because the fraud was "of a continuing nature," id. at 346, and because she did not begin investigating until the period had elapsed, when she "first heard in her community that there may [have been] something wrong with her insurance policy," id. at 345-46. The Alabama Supreme Court held that tolling was not sufficiently pled because "[plaintiff's] complaint 'fails to allege any of the facts or circumstances by which the appellees concealed the cause of action or injury' and 'fails to allege what prevented [Smith] from discovering facts surrounding the [fraud].' " Id. at 347 (quoting Miller v. Mobile County Bd. of Health, 409 So.2d 420, 422 (Ala.1981)) (alteration in original). The implication of the Alabama Supreme Court's language is clear: because the plaintiff did not plead fraudulent concealment, she may not invoke Ala.Code § 6-2-3 in a fraud case.

[6] However, we need not reach a definitive pronouncement on the state of the fraudulent concealment pleading requirement in Alabama fraud cases. On the facts of this case, the precise contours of the pleading requirements are not dispositive. As noted above, the district court found that Henderson's complaint did not, in fact, plead fraudulent concealment. Recalling the standard for our review of a motion to remand a case on fraudulent joinder grounds, we may deny the motion only if the defendants have proven by clear and convincing evidence, see Parks, 308 F.2d at 478, that there is "no possibility" that Henderson "can establish a cause of action against the resident defendant [Haney,]" Crowe, 113 F.3d at 1538 (emphasis added). After examining Henderson's complaint, and even assuming arguendo a fraudulent concealment requirement exists, we are unable to say that there is "no possibility" that the Alabama state court would find that Henderson has sufficiently pled a case for tolling.

[7][8] Alabama court rules, like the Federal Rules of Civil Procedure, require that fraud be averred with particularity. See Ala. R. Civ. P. 9(b). In the context of Ala.Code § 6-2-3, Rule 9(b) requires that a plaintiff aver the circumstances and events constituting the fraudulent concealment. See Mixon v. Cason, 622 So.2d 918, 920 (Ala.1993). A plaintiff must "use more than generalized or conclusionary statements when setting out the allegations of fraud." Lyde v. United Ins. Co., 628 So.2d 665, 670 (Ala.1993). The purpose of the particularity requirement is to give fair notice to a defendant of the substance of the charges. See Caron v. Teagle, 345 So.2d 1331, 1333 (Ala.1977). Thus, Henderson's assertion, standing alone, that "the fraud and other wrongs perpetrated upon Plaintiff were of a continuing nature," Compl. ¶ 19, falls short of the strictures of Rule 9(b).

*5 However, other paragraphs of the complaint contain a more particularized and detailed description of events. For instance, Henderson avers that the "Defendants fraudulently suppressed and concealed the actual basis for their premium increases, which was, among other things, to impose such a financial burden and strain upon Plaintiff as to force her to cancel said policies." Id. ¶ 16. Moreover, she claims that the defendants "serviced the 'group' policy

Case 3:06-cv-00476-MHT-SRW   Document 13   Filed 07/24/2006   Page 8 of 9

2006 WL 1867353
--- F.3d ----, 2006 WL 1867353 (11th Cir.(Ala.)), 19 Fla. L. Weekly Fed. C 743
(Cite as: 2006 WL 1867353 (11th Cir.(Ala.)))

Page 5

purchased by Plaintiff so as to actively conceal or suppress the true nature of the policy and how premium increases were calculated." Id. ¶ 20. Here, Henderson has perhaps alleged active suppression of the fraud in the servicing of the policy. Clearly, this averment is not highly detailed, but it provides more specificity than the "generalized and conclusionary" allegations, Lyde, 628 So.2d at 670, that provide no fair notice at all.

Finally, Henderson maintains that "[i]n addition to making affirmative representations to Plaintiff, the Defendants wrongfully concealed and suppressed from Plaintiff the true nature and pattern and practice in which the Defendants were engaged .... the Defendants specifically concealed and suppressed from Plaintiff the wrongful acts and/or material facts described [in the complaint]." Compl. ¶ 30. Here, it appears that Henderson has alleged affirmative representations, after the fact of the fraud, that operated to conceal the truth from her.

Our task is not to gauge the sufficiency of the pleadings in this case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient to invoke Ala.Code § 6-2-3. Henderson's patchy allegations may ultimately prove insufficient, but we are unable to say there is no possibility she has asserted a colorable claim for tolling under Ala.Code § 6-2-3, whether or not pleading fraudulent concealment is required.

Because we believe that there exists a sufficiently substantial question as to whether Henderson has successfully pled fraudulent concealment under Alabama law, we hold that the district court erred in finding fraudulent joinder and denying Henderson's remand motion. In this case, the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands. Cf. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). We therefore reverse the district court's denial of the motion to remand.

C. *Motion to Dismiss*

\*6 Because we reverse the district court's denial of the motion to remand, there is no basis for federal jurisdiction and the district court's dismissal for failure to state a claim must be vacated.

III. *CONCLUSIONS*

For the foregoing reasons, the district court's denial of Henderson's remand motion is REVERSED. Also, the district court's grant of the defendants' motion to dismiss is VACATED. We therefore REMAND to the district court with instructions to remand further to the Alabama Circuit Court of Jefferson County.

REVERSED IN PART; VACATED IN PART; and REMANDED.

> FN\* Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.
>
> FN1. Washington National Insurance Company is incorporated in Illinois, where it also has its principal place of business. Conseco Services, LLC is incorporated in Indiana, where it also has its principal place of business.
>
> FN2. We refer to Haney and the diverse defendants together as "the defendants."
>
> FN3. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.
>
> FN4. During the proceedings before the district court, Henderson argued that because Haney's defense applied equally to the other defendants, it was inappropriate for the federal court to decide the question. Since dismissal for one meant dismissal for all, Henderson contended that the question should become a merits determination for the state court to decide. The district court rejected that argument because there were contract claims, not barred by the same statute of limitations, that Henderson had asserted against the diverse defendants. Henderson's argument draws on a century-old Supreme Court case, *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914) that was resurrected by the Third and Fifth Circuits in the past decades. See *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574-76 (5th Cir.2004); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 112-13 (3d Cir.1990).

2006 WL 1867353            Page 6
--- F.3d ----, 2006 WL 1867353 (11th Cir.(Ala.)), 19 Fla. L. Weekly Fed. C 743
(Cite as: 2006 WL 1867353 (11th Cir.(Ala.)))

> Because we reverse the district court's finding that Haney was fraudulently joined, we need not reach this issue.
>
> FN5. Alabama courts have applied Ala.Code § 6-2-3 to non-fraud cases as well. *See Tonsmeire v. Tonsmeire,* 285 Ala. 454, 233 So.2d 465, 467 (Ala.1970) (noting that despite its express limitation to fraud cases, the precursor to Ala.Code § 6-2-3 "has been applied to other torts not arising in fraud in appropriate cases, and applies to a fraudulent concealment of the existence of a cause of action"). It may therefore be more precise to say that it is uncontroversial that in certain non-fraud cases, failure to plead fraudulent concealment will bar a plaintiff's access to Ala.Code § 6-2-3.
>
> FN6. Past Alabama Supreme Court cases reiterated the statute's plain statement that the cause of action accrues from the date of discovery, actual or constructive, of the fraud. Nearly all of those cases omit the mention of any independent requirement that the discovery have been delayed by fraudulent concealment on the part of the defendant. *See, e.g., Gilmore v. M&B Realty Co., L.L.C.,* 895 So.2d 200, 209 (Ala.2004); *Potter v. First Real Estate Co.,* 844 So.2d 540, 545 (Ala.2002); *Woodall v. Alfa Mut. Ins. Co.,* 658 So.2d 369, 375 (Ala.1995); *Baker v. Bennett,* 603 So.2d 928, 933 (Ala.1992). However, other cases suggest that Ala.Code § 6-2-3 is only available when the plaintiff's discovery of the fraud is inhibited by the defendant's fraudulent concealment. *See, e.g., Parsons Steel, Inc. v. Beasley,* 522 So.2d 253, 256 (Ala.1988); *Miller,* 409 So.2d at 422.

--- F.3d ----, 2006 WL 1867353 (11th Cir.(Ala.)), 19 Fla. L. Weekly Fed. C 743

**Briefs and Other Related Documents (Back to top)**

• 05-15639 (Docket) (Oct. 13, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.