IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREG GOUGE,

    Plaintiff,

v.                                     Case No. 3:05CV345/RV

MERCK & CO., INC., TAFFANY
SHIPP, HANK FILLINGIM, TOM
KIERNAN, SARAH PACCHETTI,
and SHANA HOLMAN,

    Defendants.

_____

### ORDER

    This case was originally filed in the Circuit Court of Escambia County, Florida, against Merck & Co., Inc. ("Merck"), Taffany Shipp, Hank Fillingim, Tom Kiernan, Sarah Pacchetti, and Shana Holman, alleging claims based on injuries related to the drug Vioxx. The case was removed to this court by the Defendants on September 12, 2005. On September 16, 2005, Merck filed a motion to stay the proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("MDL"). (Doc. 5) On October 7, 2005, the Plaintiffs filed a motion to remand, arguing that the court lacked jurisdiction over the case. (Doc. 8) An order granting Merck's motion to stay was entered on October 12, 2005. (Doc. 11) On October 21, 2005, the MDL conditionally transferred the case, as anticipated in the stay order, to the Eastern District of Louisiana. Plaintiff's motion to reconsider this court's order on the motion to stay is now pending. (Doc. 13)



## I. DISCUSSION

Plaintiff argues that his motion to remand should take precedence over the stay of proceedings because it involves issues specific to Florida state law. While a stay pending a transfer decision by the MDL is generally appropriate, a district court may rule on a motion that raises issues unique to the particular case. Manual for Complex Litigation (Third) § 31.131 (1995). Plaintiff's motion to remand turns on the potential liability of the individual defendants in this case, who were pharmaceutical sales representatives for Merck. The individual defendants are Florida residents, and their presence as parties in this case will serve to defeat diversity jurisdiction, unless Merck can show that they were fraudulently joined. To prove fraudulent joinder, Merck would have to show by clear and convincing evidence that there is no possibility that the Plaintiffs can recover damages from the non-diverse individual defendants. Triggs v. John Crump Toyota, 154 F.3d 1284 (11th Cir. 1998).

Other district courts have not reached any uniform conclusion as to whether a motion to remand based on this issue should take precedence over a stay pending transfer. Compare Lloyd v. Cabell Huntington Hospital, 58 F. Supp. 2d 694 (S.D. W. Va. 1999) (court should rule on motion to remand before granting stay) with Weinke v. Microsoft, 84 F. Supp. 2d 989 (E.D. La. 2000) (stay takes precedence over motion to remand). However, a high percentage of the Vioxx cases that have been transferred to the Eastern District of Louisiana have been transferred with pending motions to remand. See Walker v. Merck, 2005 WL 1565839 (S.D. Ill. 2005)(70 such cases as of June 2005). The issue of potential sales representative liability raised by the Plaintiff's motion is, therefore, one that the transferee court will almost certainly have to decide for a large number of similar cases.

Given that the central issue involved in Plaintiff's motion to remand is not unique to this case or to Florida law, I find that a continued stay is appropriate.

*Case No: 3:04cv283/RV*

*Page 3 of 3*

Staying the motion to remand serves the interest of judicial economy, and lowers the risk of inconsistent rulings on the sales representatives' potential liability issue by allowing it to be decided by the single court handling all of the federal cases. Further, given that a conditional transfer order has already been entered in this case, Plaintiff will not be subjected to any significant delay based on the imposition of this stay.

### III.  CONCLUSION

For the above reasons, the Plaintiff's motion to reconsider (Doc. 13) is DENIED. DONE AND ORDERED this 28th day of October, 2005.

/s/ Roger Vinson
**ROGER VINSON**
**Senior United States District Judge**

*Case No: 3:04cv283/RV*