IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGUERITE WOODS, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 05-0425-CG-M |
| MERCK & CO., INC., et al., | ) |
| Defendants. | ) |

### ORDER

This matter is before the court on motion of defendant, Merck & Co., Inc. ("Merck"), to stay to allow transfer to the MDL (Doc. 3), plaintiff's response (Doc. 15), and plaintiff's motion to remand and for expedited hearing (Doc. 14). For reasons discussed below, the court finds that a stay is appropriate.

Merck removed this case to this court claiming diversity jurisdiction in that the resident defendants were fraudulently joined. Plaintiff contends that Merck has not demonstrated that plaintiff has failed to establish a colorable claim against the resident defendants. As a result, plaintiff asserts that the action should be remanded. Plaintiff cites similar cases in this district as well as other districts in Alabama which have concluded that remand was appropriate. However, the court notes that this court has also found it appropriate to stay such actions in the past. For instance, this court stayed the proceedings in Faith Beverly et al. v. Wyeth, et al., 03-cv-0866-CB-C (S.D. Ala.) stating the following:

> A district has the authority to stay proceedings in cases pending before it. Landis v. North American Co., 299 U.S. 248 (1936); CTI-Container Leasing Corp. v. Uiterwyk, 685 F.2d 1284 (11th Cir. 1982). "[T]he power to stay proceedings is



incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 166. This authority extends to cases in which a transfer decision by the MDL Panel is pending. [Footnote: The existence of a conditional transfer order does not divest the transferor court of jurisdiction, 18 U.S.C. § 1407; JPML Rule 1.5.] See, e.g., Hertz Corp. v. The Gator Corp., 250 F.Supp.2d 421, 424 (D.N.J. 2003). The existence of jurisdictional objections do not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action. Moore v. Wyeth-Ayerst Laboratories, 236 F.Supp.2d 509, 512 (D. Md. 2002).

A stay of proceedings in potential MDL cases is appropriate when it promotes judicial economy and efficiency. Rivers v. Walt Disney Co., 908 F.Supp. 1358, 1360 (C.D. Cal. 1997). When jurisdictional issues are raised that may arise "in hundreds or even thousands of cases throughout the nation. . . consistency as well as economy [are]. . . served" by having those issues decided by a single court. In re Ivy, 901 F.2d 7, 9 (2nd Cir. 1990); accord In re Air Crash Disaster at Florida Everglades, 368 F.Supp. 812 (J.P.M.L. 1973). Consequently, a stay is proper where the motion to remand raises issues that have been or are likely to be decided by the transferee court. See, e.g., Gonzalez v. American Home Products Corp., 223 F.Supp.2d 803 (S.D. Tex. 2002) (granting motion to stay despite pending motion to remand because dispositive issue was probably common to other related MDL cases); Moore, 236 F.Supp.2d at 510-11 (granting motion to stay where transferee court had already decided similar motions to remand); Medical Society of State of New York v. Connecticut General Corp., 187 F.Supp.2d 89 (S.D.N.Y. 2001) (same); but see Shields v. Bridgestone/Firestone, Inc., 232 F.Supp.2d 715 (E.D. Tex. 2002) (denying motion to stay and deciding motion to remand in case pending MDL transfer); Good v. Prudential Ins. Co. of America, 5 F.Supp.2d 804 (N.D. Cal. 1998) (same).

The jurisdictional issue in this case is whether the individual defendants, who are current or former sales representatives for Wyeth, were fraudulently joined to defeat federal subject matter jurisdiction. Motions to remand involving fraudulent joinder have been addressed numerous times by the transferee court. See, e.g., In re Diet Drugs Liability Litigation, ___ F.Supp.2d ___, 2003 WL 22931359 (E.D. Pa. July 30, 2003); id., 2003 WL 21973329 (E.D. Pa. June 12, 2003) (applying Alabama law to case removed from Alabama state court); id. 220 F.Supp.2d 414 (E.D. Pa. 2002); id. 2000 WL 1886594 (E.D. Pa. Dec. 7, 2000); id. 2000 WL 217509 (E.D. Pa. Feb. 15, 2000); id. 1999 WL 554584 (E.D. Pa. July 16, 1999) (applying Alabama law to case removed from Alabama state court); id. 1999 WL 554608 (E.D. Pa. June 29, 1999); id. 1198 WL 254967 (E.D. Pa. Apr. 16, 1998). In fact, one of the transferee court's orders denying remand addressed the alleged fraudulent joinder of a pharmaceutical sales representative in a case removed from Alabama state court. In re Diet Drugs Liability Litigation, 2003 W. 21973329 (E.D. Pa June 12, 2003).

> In the interest of judicial economy and to avoid inconsistent results, the motion to stay is hereby GRANTED. This stay will remain in effect until the Court is notified of the MDL Panel's decision as to whether to transfer this action.

Id. at Doc. 12, Order dated February 13, 2004. The undersigned judge agrees with the reasoning of the above quoted order and finds the analysis applicable to the instant case. Thus, the court finds it appropriate to stay this case.

## CONCLUSION

For the above stated reasons, defendant's motion to stay (Doc. 3) is **GRANTED** and this case is hereby **STAYED**. This stay will remain in effect until the court is notified of the MDL Panel's decision as to whether to transfer this action.

**DONE and ORDERED** this 17th day of August, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE